United States District Court
Western District of New York

---

United States of America,

                    *Plaintiff*

vs

Joseph Bongiovanni

                    *Defendant*

NOTICE OF MOTION

19-CR-227

---

PLEASE TAKE NOTICE that upon the affirmation of James P. Harrington, Esq., attorney for the Joseph Bongiovanni, the Defendant in the above-captioned matter, a motion is made to the Hon. Michael J. Roemer, United States Magistrate Judge, at a date and time designated by the Court to modify Mr. Bongiovanni's release conditions to remove the requirement of electronic monitoring and a curfew.

Dated: December 11, 2020

/s/ James P. Harrington

James P. Harrington
harrington Λ mahoney
Attorneys for Defendant
70 Niagara Street - Third Floor
Buffalo, NY  14202-3407
*Tele:* (716) 853-3700
*Facs:* (716) 853-3710
*jph@harringtonmahoney.com*

TO:    United States Attorney
        138 Delaware Avenue
        Buffalo, New York 14202
        Attention:    Joseph Tripi, Esq.
                        Assistant United States Attorney

United States District Court
Western District of New York

---

United States of America,
                    *Plaintiff*

      vs

Joseph Bongiovanni,
                  *Defendant*

AFFIRMATION

19-CR-227

---

    JAMES P. HARRINGTON, ESQ., affirms under the penalty of perjury:

    1.    I am an attorney and represent the defendant, Joseph Bongiovanni, in this case.

    2.    On November 5, 2019, as part of Mr. Bongiovanni's release conditions, he is required to wear an ankle bracelet for electronic monitoring [Dkt. 8].

    3.    I request on Mr. Bongiovanni's behalf that this condition be removed for several reasons.

    4.    Mr. Bongiovanni has been on pretrial release in this case since November, 2019. *See* [Dkt. 5], the day of his arraignment. In the following 13 months, he has complied with all release conditions in every respect. He has had no contact with any witnesses or co-defendants in this case.

    5.    Neither the initial indictment nor the superseding one have alleged that Mr. Bongiovanni has ever harmed or threatened to harm anyone. He has no criminal background and no history of violence. There is no evidence that he poses a risk of harm to the community if he were relieved of the electronic monitoring or curfew requirements. All other monitoring and reporting requirements would remain in place, giving assurance that Mr. Bongiovanni will still be monitored by U.S. Pretrial Services.

6. There is also nothing in this case that indicates that Mr. Bongiovanni would be a flight risk if not subject to electronic monitoring and a curfew. He owns a home with his wife in the Town of Tonawanda. His elderly parents live in the City of Buffalo and are in poor health. Mr. Bongiovanni is responsible for taking care of them. He is retired and has limited financial resources. He has every incentive to remain in the area. He is also a former law enforcement officer. Notwithstanding the government's allegations in this case and the potential penalties if he should be convicted, he is law-abiding and understands the potential additional penalties for flight or failure to appear.

7. Because of their failing health, Mr. Bongiovanni's parents have become increasingly reliant on him for assistance. Since being on bail conditions, he has taken his father to the emergency room at Millard Fillmore Suburban Hospital in the late night/early and had to make other after curfew trips to his parents' home. This was stressful for Mr. Bongiovanni given the time and the nature of the emergencies. While he was able to successfully contact his supervising probation officer, he initially feared being forced to choose between taking care of his father in an emergency and being accused of a violation had he not been able to notify his officer before leaving home in the middle of the night. His father remains in precarious health. Mr. Bongiovanni wishes to be able to respond quickly to his parents' needs.

8. Mr. Bongiovanni's parents are also terrified about the Covid 19 virus because of their ages and other health problems. This has increased their dependency on him emotionally and for all of their needs including food, medicine and health care visits. While these can be taken care of during the day, his devotion to their care highlights his lack of risk of flight.

9. I have contacted Assistant United States Attorney Joseph Tripi, who advises that he opposes this request.

10.     I have also contacted Mr. Bongiovanni's pretrial services supervisor, Michael Macaluso with U.S. Pretrial Services, who advises that he will advise the Court of his position when requested by the Court.

Wherefore, it is respectfully requested that the Court schedule a hearing to consider the modification of bail conditions at its earliest convenience.

Dated: December 11, 2020          /s/ James P. Harrington

James P. Harrington
harrington A mahoney
Attorneys for Joseph Bongiovanni
70 Niagara Street - Third Floor
Buffalo, NY  14202-3407
*Tele:* (716) 853-3700
*Facs:* (716) 853-3710
*jph@harringtonmahoney.com*

4