United States District Court
Western District of New York

---

United States of America,

*Plaintiff*

vs

Joseph Bongiovanni

*Defendant*

MOTION FOR PRETRIAL
DISCLOSURE

19-cr-227

---

PLEASE TAKE NOTICE that upon the annexed affidavit of James P. Harrington, Esq., duly sworn to on the 31ˢᵗ day of May, 2021, and the declaration of Joseph Bongiovanni, a motion is made to Hon. Michael Roemer, United States Magistrate Judge, at the United States Courthouse, Buffalo, New York, at a date and time to be set by the Court, for an order to unseal the search warrant applications referred to in the annexed affidavit and directing the prosecution to provide copies to the defense.

Dated: June 1, 2021

/s/ James P. Harrington

James P. Harrington
harrington A mahoney
70 Niagara Street - Third Floor
Buffalo, New York 14202-3407
*Tele:* (716) 853-3700
*Facs:* (716) 853-3710
*jph@harringtonmahoney.com*
Attorneys for Defendant, Joseph Bongiovanni

TO:    Joseph M. Tripi, Esq.
       Brendan T. Cullinane, Esq.
       Assistant United States Attorneys
       138 Delaware Avenue
       Buffalo, New York 14202

United States District Court
Western District of New York

---

United States of America,

　　　　　　　　　　*Plaintiff*

　　　*vs*

Joseph Bongiovanni

　　　　　*Defendant*

AFFIRMATION

19-cr-227

---

JAMES P. HARRINGTON, being duly sworn, deposes and says:

1.　　　I am an attorney at law and represent Joseph Bongiovanni in the above federal indictment.

2.　　　I make this affidavit in support of a motion for the unsealing of search warrant applications for Mr. Bongiovanni's person, personal residence, 85 Alder Place, Kenmore, New York, and electronic devices.

3.　　　Attached are copies of the search warrants to which these applications apply. (Exhibit A, Case No.19-M-5154; Exhibit B, Case No.19-mj-1056; and Exhibit C, Case No. 19-M-1065).

4.　　　Exhibits A and B relate to a search of Mr. Bongiovanni at his home on 85 Alder Place, Kenmore, New York on June 6, 2019. Exhibit C relates to a search of electronic devices which were seized from Mr. Bongiovanni and his home that same day.

5.　　　Obviously, these applications are necessary to determine whether there are

pretrial motions which should be filed on Mr. Bongiovanni's behalf. Our investigation in this case requires an examination of the search warrant applications, not only to review them, but to determine whether they are in any way the product of earlier government misconduct in its investigation of Mr. Bongiovanni.

6.      I have communicated with Assistant United States Attorney Joseph Tripi who advises me that he will not consent to Mr. Bongiovanni's standing to be provide the defense with the search warrant applications without an affidavit of standing. (Exhibit D)

7.      I am sure that the applications for these search warrants represent to the issuing Magistrate Judges (Roemer, McCarthy, and Foschio) that 85 Alder Place, Kenmore, New York was and is Mr. Bongiovanni's personal residence and is owned by him. Mr. Tripi knows that Mr. Bongiovanni has standing to challenge the search of his residence, but will not even concede that Mr. Bongiovanni has standing to request the applications without an affidavit of him affirming that fact.

8.      Attached to my affirmation is Mr. Bongiovanni's declaration confirming his standing to request these search warrant applications. (Exhibit E)

9.      Mr. Tripi also alleges that he will oppose the unsealing of the search warrant applications because of ". . . there are issues related to witnesses and continuing law enforcement investigation." (Exhibit D)  Obviously, I cannot respond to this representation because I do not know who or what he is referring to.  I have advised Mr. Tripi that I will work with him for a protective order, if necessary.

10.      The Court however should not let this representation, now made in almost all federal prosecutions in this district, to deny Mr. Bongiovanni his 5th Amendment of the

United States Constitution due process right to a fair trial and his 6th Amendment right to present a defense.

WHEREFORE, I respectfully request that the Court unseal the search warrant applications and direct the government to provide the defense with copies of them.

Dated: June 1, 2021

/s/ James P. Harrington
_____

James P. Harrington
harrington A mahoney
70 Niagara Street - Third Floor
Buffalo, New York 14202-3407
*Tele:* (716) 853-3700
*Facs:* (716) 853-3710
*jph@harringtonmahoney.com*
Attorneys for Defendant, Joseph Bongiovanni

# EXHIBIT A

AO 93 (Rev. 11/13) Search and Seizure Warrant

# United States District Court
## for the
## Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

85 Alder Place, Kenmore, New York including curtilage

Case No. 19-M-5154

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*:

**85 Alder Place, Kenmore, New York including curtilage, which is more fully described and pictured in Attachment A, attached hereto and incorporated by reference herein.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**Evidence as more fully set forth in Attachment B, attached hereto and incorporated by reference herein.**

All of which are evidence, fruits, and instrumentalities of a violations of Title 18, United States Code, Sections 1962(c), 1962(d), 1503, 1001, 201(b)(2)(C), 922(g)(3), 4, 3, and 2, and Title 21, United States Code, Sections 844, 856(a)(1), 846. [and all of which are more particularly described in the application for this warrant which is incorporated herein by reference].

**YOU ARE COMMANDED** to execute this warrant on or before _June 14, 2019_
                                                                  *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Sufficient cause has been established to justify entry without compliance with the knock and announcement requirement.

Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _Hon. Michael J. Roemer_ .
                                                                                    *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for _____ days *(not to exceed 30)*.     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _May 31, 2019_
                        _11:30 am_

City and State:  _Buffalo, New York_____

_(signature)_ /Judge's signature

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and Title*

## ATTACHMENT A

## DESCRIPTION OF PREMISES TO BE SEARCHED

The subject premises to be searched is a single-family residence located at 85 Alder Place, Tonawanda, New York. The structure is a split-level residence with tan siding, tan brick, brown shudders, a brown roof, a brown garage door, and white trim. The number "85" is visible to the right of the front door.



ATTACHMENT B

SCHEDULE OF ITEMS TO BE SEIZED

a.   Controlled substances, including cocaine and marijuana, and scales, plastic bags, cutting agents, and utensils;

b.   Firearms and ammunition;

c.   Books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the transportation, ordering, sale and distribution, and possession of controlled substances, including cocaine;

d.   Documents, publications, literature, audio recordings (in digital and traditional form), videotapes (in digital and traditional form), photographs, and other audio, visual, and physical evidence of membership or association with organized crime, including IOC and the Buffalo LCN Family;

e.   Surveillance and recording equipment to include cameras, laptops, computers, electronic storage devices, and monitors;

f.   Bank account records, wire transfer receipts and records, Automated Teller Machine (ATM) receipts, bank statements, safety deposit box keys and records, financial records and foreign currency;

g.   Mobile telephones, smart phones, and other communication devices;

h.   Computers, routers, and any devices capable of connecting to the internet;

i.   Photographs and any devices capable of taking a photograph;

j.   Notes and ledgers relating to association, and illegal activities of members or associates of organized crime, including IOC and the Buffalo LCN Family;

k.   Personal telephone and address books and lists, photographs, videotapes, letters, cables, telegrams, personal notes and other items reflecting names, addresses, telephone numbers, communications, association, and illegal activities of members or associates of organized crime, including IOC and the Buffalo LCN Family;

l.   Quantities of cash;

GOV-00017985

m.   Documents, records and items of personal property that tend to demonstrate the ownership and/or possession of the searched premises;

n.   Financial instruments, keys to safe deposit boxes, precious metals, jewelry, and other items of value, proceeds of cocaine transactions, records and documents of financial transactions and/or banking records and statements relating to obtaining, transferring, secreting or spending of sums of money made from unlawful activity.

o.   Records of telephone calls contained in billing statements, addresses and telephone numbers in books and papers which reflect names, addresses, and telephone numbers and photographs;

p.   Paraphernalia for the packaging, diluting, cutting, weighing, processing and distributing of cocaine and marijuana, including scales, plastic bags, cutting agents and utensils, baking soda, and materials used to process cocaine; and,

q.   During the course of the search, photographs and/or video recordings of the searched premises may also be taken to record the condition thereof and/or the location of items therein.

GOV-00017986

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE:

85 Alder Place, Kenmore, New York
including curtilage

19-M- 5154

### O R D E R

Pursuant to Rule 41(d) of the Local Rules of Criminal Procedure for the Western

District of New York, and for good cause shown, the Search Warrant, Search Warrant

Application and Search Warrant Affidavit, and inventory return shall remain under seal until

further order of the Court.

NOW, upon the request of the government it is hereby

ORDERED, that this matter will remain sealed until further order of the Court.

DATED:    Buffalo, New York, May 31, 2019.


HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE

GOV-00017987

# EXHIBIT B

AO 93 (Rev. 11/13) Search and Seizure Warrant

# United States District Court
### for the
### Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

JOSEPH BONGIOVANNI

Case No. 19-mj-1056

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*:

JOSEPH BONGIOVANNI (see Attachment A attached hereto and incorporated herein by reference)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B attached hereto and incorporated herein by reference

All of which are evidence, fruits, and instrumentalities of a violations of Title 18, United States Code, Sections 1962(c), 1962(d), 1503, 1001, 201(b)(2)(C), 922(g)(3), 4, 3, and 2, and Title 21, United States Code, Sections 844, 856(a)(1), 846. and all of which are more particularly described in the application for this warrant which is incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____

*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Hon. Jeremiah J. McCarthy_____.

*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)*.      ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __6/4/19   4:05 PM__

City and State:  _Buffalo, New York_____

_____
*Judge's signature*

HONORABLE JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and Title*

GOV-00017974

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.:  19-mj-1056 | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of:

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

GOV-00017975

## ATTACHMENT A

## DESCRIPTION OF JOSEPH BONGIOVANNI

JOSEPH BONGIOVANNI is a former DEA Special Agent known to reside at 85 Alder Place, Kenmore, New York, which is pictured below. BONGIOVANNI's date of birth is xx/xx/1964, and he is 54 years old. A photograph of BONGIOVANNI is also set forth below.





## ATTACHMENT B

## SCHEDULE OF ITEMS TO BE SEIZED

a.   Controlled substances, including cocaine and marijuana, and scales, plastic bags, cutting agents, and utensils;

b.   Firearms and ammunition;

c.   Books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the transportation, ordering, sale and distribution, and possession of controlled substances, including cocaine;

d.   Documents, publications, literature, audio recordings (in digital and traditional form), videotapes (in digital and traditional form), photographs, and other audio, visual, and physical evidence of membership or association with organized crime, including IOC and the Buffalo LCN Family;

e.   Surveillance and recording equipment to include cameras, laptops, computers, electronic storage devices, and monitors;

f.   Bank account records, wire transfer receipts and records, Automated Teller Machine (ATM) receipts, bank statements, safety deposit box keys and records, financial records and foreign currency;

g.   Mobile telephones, smart phones, and other communication devices;

h.   Computers, routers, and any devices capable of connecting to the internet;

i.   Photographs and any devices capable of taking a photograph;

j.   Notes and ledgers relating to association, and illegal activities of members or associates of organized crime, including IOC and the Buffalo LCN Family;

k.   Personal telephone and address books and lists, photographs, videotapes, letters, cables, telegrams, personal notes and other items reflecting names, addresses, telephone numbers, communications, association, and illegal activities of members or associates of organized crime, including IOC and the Buffalo LCN Family;

l.   Quantities of cash;

m.  Documents, records and items of personal property that tend to demonstrate the ownership and/or possession of the searched premises;

n.  Financial instruments, keys to safe deposit boxes, precious metals, jewelry, and other items of value, proceeds of cocaine transactions, records and documents of financial transactions and/or banking records and statements relating to obtaining, transferring, secreting or spending of sums of money made from unlawful activity.

o.  Records of telephone calls contained in billing statements, addresses and telephone numbers in books and papers which reflect names, addresses, and telephone numbers and photographs;

p.  Paraphernalia for the packaging, diluting, cutting, weighing, processing and distributing of cocaine and marijuana, including scales, plastic bags, cutting agents and utensils, baking soda, and materials used to process cocaine; and,

q.  During the course of the search, photographs and/or video recordings of the searched premises may also be taken to record the condition thereof and/or the location of items therein.

2

GOV-00017978

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA                     19-mj-1056
FOR A SEARCH WARRANT FOR
JOSEPH BONGIOVANNI

## ORDER

Pursuant to Rule 41(d) of the Local Rules of Criminal Procedure for the Western

District of New York, and for good cause shown, the Search Warrant, Search Warrant

Application, Search Warrant Affidavit and inventory return shall remain under seal until

further order of the Court.

NOW, upon the request of the government, it is hereby

ORDERED that this matter will remain sealed until further order of the Court.

DATED: Buffalo, New York, June 7, 2019.

_____
HONORABLE JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT C

AO 93 (Rev. 11/13) Search and Seizure Warrant

# United States District Court
### for the
### Western District of New York

In the Matter of the Search of

ELECTRONIC DEVICES and storage media seized on June 6, 2019, from 85 Alder Place, Kenmore, New York, as described in the affidavit is support of the search warrant application and in Attachment A, which is attached hereto and incorporated herein by reference.

Case No. 19-M-_1065_

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*:
ELECTRONIC DEVICES and storage media seized on June 6, 2019, from 85 Alder Place, Kenmore, New York, as described in the affidavit is support of the search warrant application and in Attachment A, which is attached hereto and incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
See **Attachment B, attached hereto and incorporated herein by reference.**

All of which are evidence, fruits, and instrumentalities of a violations of Title 18, United States Code, Sections 1962(c), 1962(d), 1503, 1001, 201(b)(2)(C), 922(g)(3), 4, 3, and 2, and Title 21, United States Code, Sections 844, 856(a)(1), 846, and all of which are more particularly described in the application for this warrant which is incorporated herein by reference.

YOU ARE COMMANDED to execute this warrant on or before ___6/21/19___
                                                            *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Hon. Leslie G. Foschio___.
                                                                              *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ___ days *(not to exceed 30)*.   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _6/7/19  4:30 pm_

                                          _____
                                                      *Judge's signature*

City and State:  _Buffalo, New York_          HONORABLE LESLIE G. FOSCHIO
                                              UNITED STATES MAGISTRATE JUDGE
                                                      *Printed name and Title*

GOV–00018010

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 19-M- | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | | |

Inventory made in the presence of:

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

## ATTACHMENT A

The property to be searched consists of the following:

a.  Samsung Galaxy S4 cell phone;
b.  Samsung Galaxy S5 cell phone;
c.  Blackberry Bold cell phone;
d.  Two Digital Recorders and Accessories;
e.  Kodak Digital Camera;
f.  Samsung cell phone;
g.  LG My Touch cell phone;
h.  Samsung Model SMJ337T cell phone;
i.  Samsung Tablet, Model SMT520;
j.  Thumb Drive and DEA Disc;
k.  Three CDs and one Thumb Drive;
l.  Dell Laptop serial number 2JNXPF1;
m.  Samsung Tablet serial number R52G61RTJXL;
n.  Dell Inspirion 531 Tower with one thumb drive currently plugged into it; and
o.  HP Pavilion all in one PC computer, serial number 4C14510XNP, with three thumb drives currently plugged into it.

These electronic devices and storage media are currently located at the Homeland Security Investigations office, Buffalo, New York, in the Western District of New York.

This warrant authorizes the forensic examination of the electronic devices and storage media for the purpose of identifying the electronically stored information described in Attachment B.

*LGf*
*USAJ*

## ATTACHMENT B

1.      All records on the electronic devices and/or storage media described in
Attachment A that relate to violations of violations of Title 18, United States Code, Sections
1962(c), 1962(d), 1503, 1001, 201(b)(2)(C), 922(g)(3), 4, 3, and 2, and Title 21, United States
Code, Sections 844, 856(a)(1), 846 and involve JOSEPH BONGIOVANNI, including:

     a.    Any information relating to records of telephone calls, including
incoming, outgoing, and missed calls, phone contact addresses, email
addresses and telephone numbers in directories, documents and files
which reflect names, email addresses, addresses, telephone numbers and
objects related to Italian Organized Crime (IOC), the Buffalo LCN
Family, drug trafficking, and members and associates of IOC, the
Buffalo LCN Family, and drug trafficking and drug trafficking
associates, including photos, and videos stored on the electronic devices
or in any memory cards, including SD cards;

     b.    Any information, including photos, videos, notes, chats, ledgers and
other evidence relating to association with IOC, the Buffalo LCN
Family, or associates involved in drug use, possession, and importation;

     c.    Any information relating to IOC, the Buffalo LCN Family, or
individuals involved in drug use, possession, and importation including
emails, email addresses, contact lists, and email and other
communication with members and associates of IOC, the Buffalo LCN
Family, and individuals involved in drug use, possession, and
importation;

     d.    IP addresses used to access the internet;

     e.    Any information or records related to currency, items of value, banking,
and payment information, including all bank records, checks, credit
card bills, account information, and other financial records;

f.     Any information or records relating to interstate and international travel, alone and with others, and BONGIOVANNI's schedule, calendar, and/or meetings;

g.     Any information or records related to DEA files maintained by BONGIOVANNI stored on electronic devices and/or on storage media;

h.     Any information, including text messages, photos, videos, emails, chats, and social media and emails contained in the cellular telephones and SD cards related to members and associates of IOC, the Buffalo LCN Family, and drug trafficking and drug trafficking associates;

i.     Any information or internet searches related to members and associates of IOC, the Buffalo LCN Family, and drug trafficking and drug trafficking associates, and/or investigation of IOC, the Buffalo LCN Family, and drug trafficking and drug trafficking associates, and searches related to witnesses or individuals suspected of being witnesses or informants in investigations of IOC, the Buffalo LCN Family, and drug trafficking and drug trafficking associates; and

j.     Any information or records regarding the ownership, possession, and user attribution of the searched items.

2.     Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.     Records evidencing the use of the Internet Protocol addresses to communicate with Yahoo mail servers, Google mail servers, the Apple iCloud, Drug Enforcement Agency (DEA) computers or servers, including:

a.    records of Internet Protocol addresses used;

b.    records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IN RE:

                    v.                                    19-M- *1065*

ELECTRONIC DEVICES AND STORAGE
MEDIA SEIZED ON JUNE 6, 2019, FROM 85
ALDER PLACE, KENMORE, NEW YORK, AS
DESCRIBED IN THE AFFIDAVIT IS SUPPORT
OF THE SEARCH WARRANT APPLICATION
AND IN ATTACHMENT A

_____


## ORDER


Pursuant to Rule 41(d) of the Local Rules of Criminal Procedure for the Western

District of New York, and for good cause shown, the Search Warrant, Search Warrant

Application, Search Warrant Affidavit and inventory return shall remain under seal until

further order of the Court.


NOW, upon the request of the government, it is hereby


ORDERED that this matter will remain sealed until further order of the Court.


DATED:  Buffalo, New York, June 7, 2019


_____
HONORABLE LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

GOV-00018008

## ATTACHMENT A

The property to be searched consists of the following:

a.    Samsung Galaxy S4 cell phone;
b.    Samsung Galaxy S5 cell phone;
c.    Blackberry Bold cell phone;
d.    Two Digital Recorders and Accessories;
e.    Kodak Digital Camera;
f.    Samsung cell phone;
g.    LG My Touch cell phone;
h.    Samsung Model SMJ337T cell phone;
i.    Samsung Tablet, Model SMT520;
j.    Thumb Drive and DEA Disc;
k.    Three CDs and one Thumb Drive;
l.    Dell Laptop serial number 2JNXPF1;
m.    Samsung Tablet serial number R52G61RTJXL;
n.    Dell Inspirion 531 Tower with one thumb drive currently plugged into it; and
o.    HP Pavilion all in one PC computer, serial number 4C14510XNP, with three thumb drives currently plugged into it.

These electronic devices and storage media are currently located at the Homeland Security Investigations office, Buffalo, New York, in the Western District of New York.

This warrant authorizes the forensic examination of the electronic devices and storage media for the purpose of identifying the electronically stored information described in Attachment B.

# EXHIBIT D

| **From:** | "Tripi, Joseph (USANYW)" <Joseph.Tripi@usdoj.gov> |
| **To:** | "jph@harringtonmahoney.com" <jph@harringtonmahoney.com> |
| **Cc:** | "Cullinane, Brendan (USANYW)" <Brendan.Cullinane@usdoj.gov>, "jpyle@harringtonmahoney.com" <jpyle@harringtonmahoney.com>, "Dickson, Jordan (CRM)" <Jordan.Dickson@usdoj.gov> |

| **Date:** | Tuesday, May 11, 2021 04:10PM |
| **Subject:** | RE: US v Bongiovanni |

Hi Jim,

Generally, regardless of whether or not the government believes a location or phone belongs to a defendant, both the law and the government's position require a defendant to make a threshold showing of standing as it relates to search warrant application/affidavits.  If such a showing is made, the analysis does not end there because there are other factors that determine whether or not a defendant can make the necessary showing for disclosure of a search warrant affidavit/application. This issue was heavily litigated in the Kingsmen case, and in that case Judge Roemer and Judge Wolford denied defendants access to the search warrant affidavit being sought.  In Gerace, if you look at my filing at Docket 119, I consented to litigate the search warrant application/affidavit disclosure issue in advance of the motions deadline to help advance the progress of the litigation, and I will file a response in that matter.

As to the Bongiovanni search warrant affidavits, they remain under seal.  As to the basis for the sealing, and without getting into too much detail as the affidavits are not in front of me as I type this response, there are issues related to witnesses and continuing law enforcement investigation.

I suggest you file a motion and ask to be on the same schedule as Gerace.  I will review the motion and nothing prevents us from continuing to discuss the matter in the interim and if we can reach an agreement that will moot the issue.  If we cannot, then at least the issue will be resolved one way or the other before your July motions deadline.  A protective order, standing alone, will not satisfy the government's concerns.

Feel free to call anytime.

Thanks,
Joe

**From:** jph@harringtonmahoney.com <jph@harringtonmahoney.com>
**Sent:** Tuesday, May 11, 2021 3:02 PM
**To:** Tripi, Joseph (USANYW) <JTripi@usa.doj.gov>
**Cc:** Cullinane, Brendan (USANYW) <BCullinane1@usa.doj.gov>; jpyle@harringtonmahoney.com
**Subject:** US v Bongiovanni

Joe,

Please advise whether you will consent to the lifting of the sealing of the search warrant applications for Joseph Bongiovanni's home and telephone. As you know, these are essential in the preparation of suppression motions regarding the search warrants. I assume that whoever signed the applications represented to the court that Mr. Bongiovanni was the owner of the property and phone which eliminates the question of standing.

In your response to Peter Gerace's request for applications, you represented that this request should be made with the pretrial motions. That position is illogical because the suppression motions should be filed with other motions and not after a delayed discovery motion.

If your objection to the release relates to the security of witnesses, I am willing to discuss this issue with you to try to reach an accommodation regarding a protective order. If there is some other reason, please let me know what it is. In that event, I will file a necessary motion with Judge Roemer which I assume he will schedule to be heard at the same time as the Gerace motions.

Jim


James P. Harrington
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York  14202
Ph: 716-853-3700 x214
Facs: 716-853-3710
jph@harringtonmahoney.com
www.harringtonmahoney.com

# EXHIBIT E

United States District Court
Western District of New York

United States of America,

                *Plaintiff*

    *vs*

Joseph Bongiovanni

           *Defendant*

DECLARATION

19-cr-227

Joseph Bongiovanni, declares under penalty of perjury:

    1.    I am a defendant in the above indictment and make this affidavit to verify my standing to request search warrant applications for search warrants granted by United States Magistrate Judges Michael Roemer, Jeremiah McCarthy, and Leslie Foschio. (Exhibits A, B, & C)

    2.    The Search Warrants, Exhibits A and B, were executed on June 6, 2019 upon me and my home at 85 Alder Place, Kenmore, New York. On that date, I was the owner together with my wife, Lindsay Bongiovanni, of 85 Alder Place, Kenmore, New York and was present during the execution of the search warrant.

    3.    Search Warrant, Exhibit C, was granted on June 7, 2019, but executed on later unknown dates, for electronic devices seized from my home on June 6, 2019.

Joseph Bongiovanni