United States District Court
Western District of New York
_____

United States of America

       *Plaintiff*

   *vs*.

Joseph Bongiovanni,

       *Defendant*
_____

---

**Defendant Joseph Bongiovanni's
Reply to Government's Response to Objections to
Order [138] denying Search Warrant Application Unsealing,
and to Order [173] denying Motion for Clarification**

**19-CR-227-S**

---

Dated: September 20, 2021

       James P. Harrington, Esq.
       Jesse C. Pyle, Esq.

       harrington A mahoney

       70 Niagara Street - Third Floor
       Buffalo, New York 14202-3407
       *Tele:* (716) 853-3700
       *Facs:* (716) 853-3710
       *jph@harringtonmahoney.com*
       *Attorneys for Joseph Bongiovanni*

# TABLE OF CONTENTS

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.     The circumstances warrant disclosure . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     B.     The Magistrate Judge's decision was clearly erroneous because it made deficient factual findings not supported by the record . . . . . . . . . . . . . . . . . . 2

            1.    *The magistrate did not review the whole record and drew inferences about documents he had not seen* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            2.    *Unsworn proffers about the contents of the applications should not be sufficient to keep them sealed* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# Introduction

The government has submitted a response [194] to defendant Joseph Bongiovanni's motion for reconsideration [180] of the Magistrate Judge's decision and order denying our application to unseal the search warrant applications for his home and phone.

The government's response fails to address compelling reasons for disclosure. It tries to shield the Magistrate Judge's decision with the "highly deferential" abuse-of-discretion standard while failing to acknowledge the clear errors that the Magistrate Judge made in his decision. For these reasons, the government's response is unpersuasive.

# Argument

## A.   The circumstances warrant disclosure

The defense observed that there is a qualified common-law right to disclosure of a warrant application. [180] at 10. The government claims in response that the defense seeks an "unabridged" right, [194] at 7, but this Court will find neither that word nor that argument in the defense's submissions. In fact, the government's own cases about the need to balance "competing considerations against access," *id.*, reinforce the defense's arguments. This is because the Magistrate Judge's decision failed to actually conduct such a weighing, relying on bare representations by government counsel and review of only one of the three warrant applications in question. [180] at 15-17.

1

As co-defendant Peter Gerace has noted in his submissions on the same issue (cf. [196] at 1-2), there is no reason aside from witness safety to justify the continued sealing; in fact, courts have occasionally required the *government*, not the defense, to offer a compelling justification for continued sealing. *See In Re Search Warrant for 2934 Anderson Morris Road, Niles, Ohio 44406*, 48 F.Supp.2d 1082, 1083 (N.D.Ohio, 1999).

The government's entire argument hinges here on its representations about witness safety. As we have argued before and reiterate now, that claim, as adopted by Magistrate Judge Roemer, is an insufficient basis for the Magistrate Judge's decision.

## B. The Magistrate Judge's decision was clearly erroneous because it made deficient factual findings not supported by the record

### 1. The magistrate did not review the whole record and drew inferences about documents he had not seen

A decision resting on judicial discretion may be entitled to high deference, but this standard does not insulate a judge's findings from errors of logic or from inferences that rely on information not contained in the record.

While a court need not spell out every fact on which there is reliance, for every conclusion, "there must be findings in such detail and exactness as the nature of case permits of the subsidiary facts on which ultimate conclusion can rationally be predicated." *B. F.*

*Goodrich Co. v. Rubber Latex Prods., Inc.*, 400 F.2d 401 (6th Cir. 1968). The Second Circuit in particular has found a district court's factual findings to be clearly erroneous where the court has, "failed to synthesize the evidence in a manner that accounts for conflicting evidence or the gaps in a party's evidentiary presentation" *Doe v. Menefee*, 391 F.3d 147, 164 (2d Cir. 2004), or where the judge incorrectly assessed the probative value of various pieces of evidence, leading it to rely on speculation, *e.g. United States v. Rizzo*, 349 F.3d 94, 100-02 (2d Cir. 2003), and where the court failed to weigh all of the relevant evidence before making its factual findings, *e.g. Ortega v. Duncan*, 333 F.3d 102, 107 (2d Cir.2003). *See also Jiminez v. Mary Washington College*, 57 F.3d 369, 380-81 (4th Cir. 1995); *Hayes v. Invesco, Inc.*, 907 F.2d 853, 856-57 (8th Cir. 1990) (fact findings were clearly erroneous where the district court misinterpreted some evidence and failed to consider some testimony).

Magistrate Judge Roemer denied the defendants' request to unseal the warrant applications out of concern for informant and witness safety. This is because the government proffered that the applications contained a glut of sensitive sources *and* that it could not disclose the warrant applications without jeopardizing them. Judge Roemer had seen and approved *one* of the three warrant applications in question. But he did not see the other two, including the first warrant application for Mr. Bongiovanni's house granted by Magistrate Judge McCarthy that had preceded the one Judge Roemer had personally granted.

While government counsel claimed that the first warrant application had been "incorporated by reference" into the other applications (Tr. of Arg., Jun. 29, 2021, at 19), this

3

does not establish that the identities of the government's sources were given or named in the first or third warrants. Nor does it establish that even if they had been, these applications could not have been sanitized and disclosed to the defense.

So, when Judge Roemer concluded that all of the warrants contained information that would prevent their disclosure, *and* that there was no way to sanitize the documents to make them safe for disclosure, he was making an assumption that he had no factual basis to make. In other words, he accepted the government's proffer without conducting a sufficient inquiry and drew inferences from unsupported claims made by government counsel. It is not in any judge's discretion to make conclusions about evidence that he or she has not actually reviewed.

### 2. *Unsworn proffers about the contents of the applications should not be sufficient to keep them sealed*

The government has a strong interest in not disclosing the warrant applications for two compelling reasons. First, the government alleges, based on nothing in the record, that there is concern for witness safety. This is a fundamentally non-violent case and there has been no evidence presented that suggests that Mr. Bongiovanni or anyone else pose a risk to the safety of the government's witnesses.[1] But, second, disclosure could help the defense. The

---

[1] The government even claims, in its response to Mr. Bongiovanni's pretrial motions, that he can "reasonably infer" from discovery provided, notwithstanding redaction, who some of the witnesses against him are. [87] at 5, fn. 1.

4

government has every reason, therefore, to lean on representations of witness safety to foil the defense. Where, as here, the defense makes legitimate, good-faith arguments for disclosure of information adjacent to witness identities, but without seeking sensitive information about the witnesses, the government has the rhetorical advantage of making it look as though the defense is threatening witness safety by seeking the warrant applications. The government has done that here, insinuating that we endangered witness identities in oral argument over what had been a trivial and harmless mistake in our pretrial submissions.

The Court should recognize that the government has everything to gain and little to lose by using witness safety as a talisman against the defense in situations like this. The defense is sensitive to the need to protect witness safety. No effort has been made by the defense to disclose witness identities. So, because witness safety is indeed important, but because the government can gain an unfair advantage over the defense by harping on the need to protect witnesses, the Court should at least require the government to disclose all of the warrant applications for *in camera* review, whether by this Court or by the Magistrate Judge, so that decisions like the one below are not premised on essentially cost-free representations by government counsel.

The underlying issue is rooted in Mr. Bongiovanni's constitutional rights under the Fourth Amendment to the U.S. Constitution. Judge Roemer's cursory review and blanket acceptance of the government's representations are a serious infringement on those rights, and they set a dangerous precedent.

# Conclusion

For the reasons above, the Court should granted the requested relief.

Dated: September 20, 2021

/s/ James P. Harrington

James P. Harrington, Esq.
Jesse C. Pyle, Esq.
harrington A mahoney
70 Niagara Street - Third Floor
Buffalo, New York 14202-3407
*Tele:* (716) 853-3700
*Facs:* (716) 853-3710
*jph@harringtonmahoney.com*
*Attorneys for Joseph Bongiovanni*