UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                                            19-CR-227 (JLS) (MJR)

JOSEPH BONGIOVANNI and
PETER GERACE, JR.,

        Defendants.

_____

# DECISION AND ORDER

      Defendants Joseph Bongiovanni and Peter Gerace, Jr. are charged in the eighteen-count second superseding indictment with offenses related to defrauding the United States, bribery, distributing controlled substances, obstruction of justice, making false statements,[1] and sex trafficking.[2] Dkt. 89. Each Defendant filed numerous pre-trial motions—both dispositive and non-dispositive—described in more detail below.

      United States Magistrate Judge Michael J. Roemer was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 4; Dkt. 92. On August 5, 2022, Judge Roemer issued two Reports, Recommendations and Orders ("RR&O"s)—one as to Defendant Gerace (Dkt. 291), and one as to Defendant Bongiovanni (Dkt. 292)—addressing each Defendant's pre-trial motions. Each Defendant objected, to varying degrees, and the Government

---

[1] The obstruction of justice and false statements counts charge only Bongiovanni.

[2] The conspiracy to commit sex trafficking count charges only Gerace.

responded in opposition. This Court heard oral argument on Defendants' objections and reserved decision. This decision and order resolves both Defendants' objections.[3]

## DISCUSSION

### I. Standards of Review

Defendants object to certain of Judge Roemer's recommendations on dispositive motions, and to his orders on non-dispositive motions. Different standards of review apply to each type of objection.

On dispositive motions, a district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). But a district court need not review the recommendation of a magistrate judge to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

On the other hand, a district court may reverse a magistrate judge's decision and order on a non-dispositive motion that is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous only if 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (citations omitted). A magistrate judge's ruling is "contrary to law" if it fails to apply or misapplies relevant

---

[3] This decision and order also resolves Gerace's renewed motion to strike prejudicial surplusage from the second superseding indictment. *See infra* Section III.B.

2

statutes, case law, or rules of procedure. *See, e.g.*, *In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citations omitted).

The Court applies these standards of review, as applicable, to Defendants' objections.

## II. Defendant Bongiovanni

Bongiovanni moved: (1) to suppress evidence obtained from the April 23, 2019 border search of his cell phone at the Baltimore airport; (2) to suppress statements and evidence obtained from the June 6, 2019 search of his residence; (3) to dismiss the second superseding indictment for selective prosecution; (4) to dismiss Count 18 of the second superseding indictment, which charges him with making false statements to an agency of the United States; (5) for discovery under Federal Rule of Criminal Procedure 16 and for expert discovery; (6) for a bill of particulars; (7) for disclosure of material under 18 U.S.C. § 3500; (8) for disclosure of *Brady* material; (9) for disclosure of evidence under Federal Rule of Evidence 404(b) and impeachment evidence; (10) for severance as to Counts 7 (maintaining a drug-involved premises) and 9 (conspiracy to commit sex trafficking), which charge only Gerace; and (11) to join in Gerace's motions. *See* Dkt. 81; Dkt. 177.

### A. Motion to Suppress Evidence Obtained from Border Search

Judge Roemer recommended denying the motion to suppress evidence obtained from the April 23, 2019 border search of Bongiovanni's cell phone at the Baltimore airport. *See* Dkt. 292, at 6–14, 19–35. In particular, Judge Roemer concluded that the search was a non-routine border search, for which agents did not have reasonable suspicion, and the search therefore violated Bongiovanni's Fourth Amendment rights.

3

*See id.* at 19–32. But Judge Roemer concluded that the good-faith exception applies because "it [could not] be said that officers were acting contrary to binding appellate precedent when they conducted the search of Bongiovanni's phone." *Id.* at 34.

Bongiovanni objected to the recommendation that this Court deny his motion to suppress, challenging only Judge Roemer's conclusion that the good-faith exception applies. *See* Dkt. 298. The Government responded in opposition. Dkt. 306. The Government did not object to Judge Roemer's conclusion that the search violated Bongiovanni's Fourth Amendment rights, but asks this Court to reconsider that conclusion, if it were to disagree with Judge Roemer's conclusion that the good-faith exception applies. *See id.*

*De novo* review applies to this objection. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). This Court carefully reviewed Judge Roemer's recommendation to deny Bongiovanni's motion to suppress, the objection and response, and the relevant record. Based on the current state of the case law that binds this Court,[4] the search of Bongiovanni's phone does not appear to violate the Fourth Amendment—notwithstanding the gravitational pull that *Riley v. California*, 573 U.S. 373 (2014),

---

[4] *See, e.g., United States v. Flores-Montano*, 541 U.S. 149, 150, 152 (border search of vehicle fuel tank did not require reasonable suspicion because "the reasons that might support a requirement of some level of suspicion in the case of highly intrusive searches of the person—dignity and privacy interests of the person being searched—simply do not carry over to vehicles"); *United States v. Levy*, 803 F.3d 120, 123 n.3 (2d Cir. 2015) ("We question whether a Customs official's inspection, copying, and subsequent return of a document in a traveler's luggage at the border can be so 'intrusive' that it becomes a 'non-routine' search requiring reasonable suspicion."); *United States v. Irving*, 452 F.3d 110, 123–24 (2d Cir. 2006) (describing Second Circuit standard for distinguishing routine and non-routine border searches, as well as the reasonable suspicion standard in this context).

4

exerts on the issue. Upon its *de novo* review, therefore, the Court accepts and adopts Judge Roemer's recommendation to apply the good-faith exception and deny Bongiovanni's motion to suppress evidence obtained from the border search of his cell phone.

## B. Remaining Dispositive Motions

Judge Roemer recommended denying Bongiovanni's motions to suppress statements and evidence obtained from the June 6, 2019 search of his residence,[5] to dismiss the second superseding indictment for selective prosecution,[6] and to dismiss Count 18 of the second superseding indictment. *See* Dkt. 292, at 37–41. Neither party objected to those recommendations.

Though not required to do so, this Court reviewed Judge Roemer's recommendations and the relevant record. Based on that review, and absent any objections, the Court accepts and adopts Judge Roemer's recommendations to deny those motions.

---

[5] In his findings of fact regarding Bongiovanni's motion to suppress based on the search of Bongiovanni's residence, Judge Roemer discussed testimony about Agent Ryan's interview with Bongiovanni on the day of the search, including questions Agent Ryan asked about Bongiovanni's relationship and contacts with a certain Michael Sinatra. *See* Dkt. 292, at 16. The undersigned has no relationship to that individual. *See* Dkt. 20.

[6] Judge Roemer recommended denying this motion to dismiss, without prejudice to renewal after Bongiovanni receives and reviews all 3500 materials. *See* Dkt. 292, at 39 n.24.

### C. Remaining Motions

Judge Roemer decided Bongiovanni's discovery-related motions and motion for a bill particulars, as set forth in the RR&O. *See* Dkt. 292, at 41–49. Because neither party objected to those orders, this Court does not address them.

Judge Roemer denied Bongiovanni's severance motion, without prejudice to renewing that motion before this Court. *See id.* at 49–50. Bongiovanni did not renew that motion, but stated at oral argument that he may. The Court set a briefing schedule for severance motions, and will decide any such motions after they are fully briefed. *See* Dkt. 313.

Finally, Judge Roemer granted Bongiovanni's motion to join in Gerace's motions. *See* Dkt. 292, at 49. At oral argument before this Court, Bongiovanni joined in Gerace's objections as well. To the extent Gerace's objections apply to Bongiovanni, the Court resolves them as set forth below.

### III. <u>Defendant Gerace</u>

Gerace moved: (1) to suppress evidence obtained from the search of his cell phone; (2) to suppress evidence obtained from the searches of his residence and Pharaoh's; (3) to dismiss Counts 7 and 9 of the second superseding indictment, which charge him with maintaining drug-involved premises and conspiracy to commit sex trafficking, respectively; (4) to strike references to Italian Organized Crime and IOC from the second superseding indictment; (5) for disclosure and *in camera* review of grand jury transcripts; (6) for a bill of particulars; (7) for disclosure of *Brady* material; (8) to preserve rough notes; (9) for notice of statements the Government intends to offer under Federal Rule of Evidence 807; (10) for disclosure of impeachment evidence

and information related to hearsay declarants; (11) to join in Bongiovanni's motions; (12) to sever the counts in the second superseding indictment involving him from those involving Bongiovanni; and (13) for leave to supplement his motions and file additional motions. Dkt. 147; Dkt 148.

**A. Dispositive Motions**

Judge Roemer recommended denying the motion to suppress evidence obtained from the search of Gerace's cell phone. *See* Dkt. 291, at 6–14. Gerace objected, the Government responded in opposition, and Gerace replied in further support. Dkt. 296; Dkt. 305; Dkt. 310.[7] *De novo* review applies to Gerace's objection. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). This Court carefully reviewed Judge Roemer's recommendation to deny this motion to suppress, the objection and responses, and the relevant record. Based on that review, the Court accepts and adopts Judge Roemer's recommendation to deny this motion to suppress.

Judge Roemer also recommended denying the motion to suppress evidence obtained from searches of Gerace's residence and Pharaoh's. *See* Dkt. 291, at 14–16. Neither party objected to that recommendation. Though not required to do so, this Court reviewed Judge Roemer's recommendation and the relevant record. Based on that review, and absent any objections, the Court accepts and adopts Judge Roemer's recommendation to deny this motion to suppress.

---

[7] The parties addressed all of Gerace's objections in the submissions cited here. The Court will not cite these submissions each time it addresses an objection, but considered them, in full, in reaching the conclusions in this decision and order.

7

Next, Judge Roemer recommended denying Gerace's motion to dismiss Counts 7 and 9 of the second superseding indictment. *See id.* at 16–19. Gerace objected. *De novo* review applies to Gerace's objection.[8] *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). This Court carefully reviewed Judge Roemer's recommendation to deny the motion to dismiss, the objection and responses, and the relevant record. Based on that review, the Court accepts and adopts Judge Roemer's recommendation to deny the motion to dismiss.

## B. Remaining Motions

Judge Roemer denied Defendant Gerace's motions for disclosure and *in camera* review of grand jury transcripts (*see* Dkt. 291, at 22–26), and for a bill of particulars (*see id.* at 27–30). Gerace objected. After reviewing Judge Roemer's orders on these non-dispositive motions, the objections, and the relevant record, the Court concludes that the denials were not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court therefore affirms Judge Roemer's orders on these motions.

The Court closely studied the cases Gerace cited in support of his grand jury disclosure motion. Those cases involve prosecutorial misconduct in front of the grand jury. *See, e.g., United States v. Williams*, 504 U.S. 36, 46–47 & n.6 (1992) (holding that courts may exercise supervisory power to dismiss indictment where misconduct before the grand jury violates certain "clear rules" set by Congress and approved by

---

[8] Gerace does not specify his objection but, rather, "reiterates the position set forth in his omnibus motion and supporting memorandum of law" and "requests that [those] submissions . . . be reviewed *de novo*." Dkt. 296, at 12. This Court assumes, without deciding, that this statement by Gerace constitutes an objection and reviewed the recommendation *de novo*.

8

the Supreme Court); *United States v. Hogan*, 712 F.2d 757, 760–62 (2d Cir. 1983) (multiple "flagrant and unconscionable" incidents by government in front of grand jury, including: referring to defendant as a "hoodlum" who should be indicted as "a matter of equity"; becoming an unsworn witness about gambling allegations in a newspaper; introducing testimony that defendant was a suspect in two unrelated and uncharged murders; and introducing agents' false testimony); *United States v. Estepa* 471 F.2d 1132, 1134–37 (2d Cir. 1972) (government misled grand jury to believe law enforcement witness with limited knowledge of certain events instead testified as an eyewitness with personal knowledge); *United States v. Acquest Dev., LLC*, 932 F. Supp. 2d 453, 456–58 (W.D.N.Y. 2013) (grand jury could not have functioned independently, where government read court order compelling attorney to testify, which explicitly referenced conclusion that targets may have committed crimes government sought to indict).

Here, by contrast, there is no indication that the Government acted to undermine the grand jury's independence. As Judge Roemer explained in detail, the testimony underlying Gerace's motion was "relevant to the allegations and evidence presented against Bongiovanni, Gerace, and their co-conspirators." Dkt. 291, at 23.

Next, Judge Roemer denied Gerace's motion to strike references to Italian Organized Crime and IOC from the second superseding indictment, without prejudice to renewal before this Court at the time of trial. *See id.* at 20–22. Gerace renewed that motion in his objections and, alternatively, requested severance from Bongiovanni. After reviewing Judge Roemer's analysis and order on this issue, the

9

renewed motion and opposition, and the relevant record,[9] the Court denies Gerace's motion for the same reasons discussed in Judge Roemer's RR&O. *See* Dkt. 291, at 20–22. The Court informed the parties that its usual practice is not to provide the indictment to the jury or read from the indictment during jury selection. And as discussed at length during oral argument, the Court expects to decide whether—and to what extent—the Government may present evidence related to "Italian Organized Crime" and similar issues through motions *in limine.*

Judge Roemer decided Gerace's remaining discovery-related motions, as set forth in the RR&O. *See id.* at 30–33. Because neither party objected to those orders, this Court does not address them.

As with Bongiovanni, Judge Roemer denied Gerace's severance motion, without prejudice to renewing that motion before this Court. *See id.* at 33. Gerace did so (*see* Dkt. 296, at 11–12), but indicated at oral argument that he intends to supplement that motion. The Court will resolve Gerace's severance motion after it is fully briefed. *See* Dkt. 313.

Judge Roemer granted Gerace's motion to join in Bongiovanni's motions. *See* Dkt. 291, at 33. To the extent Bongiovanni's objections apply to Gerace, the Court resolves them as set forth above.

---

[9] The Court also studied the cases Gerace and the Government cited in their supplemental submissions regarding the motion to strike. Dkt. 317; Dkt. 318.

## CONCLUSION

For the reasons above and in the RR&Os, the Court:

- Accepts and adopts[10] the recommendations in the RR&Os (Dkt. 291; Dkt. 292);

- Affirms the orders in the RR&Os;

- Denies Gerace's renewed motion to strike prejudicial surplusage from the second superseding indictment; and

- Resolves Defendants' motions (Dkt. 81; Dkt. 147; Dkt. 149), as set forth above.

The parties—and all counsel who will be involved in the trial of this case—shall appear on November 30, 2022, at 10:00 a.m. for a status conference to set a trial date.

SO ORDERED.

Dated:   November 22, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[10] The Court adopts the analysis in the RR&Os, except as to the constitutionality of the border search of Bongiovanni's cell phone. *See supra* Section II.A. Nevertheless, as explained above, the Court accepts the recommendation to deny Bongiovanni's motion to suppress because the good-faith exception applies. *See id.*

11