UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

19-CR-227 (JLS) (MJR)

JOSEPH BONGIOVANNI and
PETER GERACE, JR.,

Defendants.

---

### ORDER

The Court again[1] carefully reviewed the search warrant application signed by United States Magistrate Judge Michael J. Roemer on May 31, 2019, and supporting affidavit (Case No. 19-M-5154), which the Government submitted to the Court—along with proposed redactions to the affidavit—for *in camera* review on December 16, 2022. *See* Dkt. 333 (unredacted application); Dkt. 334 (redacted application). On December 22, 2022, the Court conducted an *ex parte* proceeding with counsel for the Government, at which the Court questioned the Government about the proposed redactions, including the reasons for withholding those portions of the supporting affidavit from disclosure. *See* Dkt. 335.

As a result, the Court concludes that:

1. the affidavit in support of the search warrant application in Case No. 19-M-5154 consists of 109 sequentially-numbered paragraphs;

---

[1] The Court initially reviewed this search warrant application—and others—*in camera* in connection with Defendants' motions to unseal the applications. *See* Dkt. 208, at 9 ("[T]his Court has conducted its own *in camera* review of all of the warrant affidavits and application materials.").

2. the Government proposed redactions to part of paragraph 3, paragraphs 7 through 19 in their entirety, and paragraph 107 in its entirety;

3. the information the Government seeks to redact is not information the Government must disclose under Rule 16 of the Federal Rules of Criminal Procedure;

4. the information the Government seeks to redact does not appear—at this time—to relate to the expected subject matter of the affiant's trial testimony, *see* 18 U.S.C. § 3500(c); and

5. if the information the Government seeks to redact is later determined to relate to the subject matter of the affiant's trial testimony, disclosure of the redacted information after the witness testifies on direct examination will not unreasonably delay the trial.

**NOW, IT IS HEREBY ORDERED** that the Court permits these proposed redactions to the affidavit in support of the search warrant application in Case. No. 19-M-5154; and it is further

**ORDERED** that the Government shall disclose the redacted search warrant application and supporting affidavit in Case No. 19-M-5154 (Dkt. 334) pursuant to the provisions of the protective order signed and entered on January 9, 2023 (Dkt. 347).

Dated:   January 9, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

2