UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.

19-CR-227 (JLS) (MJR)

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

        Defendants.

UNITED STATES OF AMERICA,

        v.

23-CR-37 (JLS) (MJR)

PETER GERACE, JR.,

        Defendant.

## <u>AMENDED PRETRIAL ORDER</u>

This order supplements and amends, as necessary, the pretrial order issued on November 30, 2022 (Dkt. 325). Together, these orders will govern the conduct of the trial in this case. All dates set forth in this order will control.

I.  **SCHEDULE**

The jury trial is scheduled to begin on **August 14, 2023, at 9:30 a.m.**, at the United States Courthouse, 2 Niagara Square, Buffalo, New York, with respect to Defendants Joseph Bongiovanni and Peter Gerace, Jr.  **This is a date-certain trial that will not be adjourned.**  Jury selection will begin at that time and will continue until a jury has been selected.  The trial will proceed each following day, beginning at approximately 9:00 a.m. and continuing until approximately 5:00 p.m. Counsel and the parties should plan on this schedule, but we will discuss the schedule in more detail at the final pretrial conference.  The Court intends to circulate a tentative schedule of dates that the trial will be down in the coming weeks.

Counsel must notify the Court immediately if the parties reach a pretrial resolution.  The Court encourages the Government to set a deadline for disposition of the case by plea.  This will allow for orderly disposition of cases and avoid unnecessary effort and expense of counsel and the Court.

A final pretrial conference is scheduled for **July 20, 2023, at 9:30 a.m.**, at the United States Courthouse, 2 Niagara Square, Buffalo, New York.  A final status conference is scheduled for **August 10, 2023, at 1:30 p.m.**, at the United States Courthouse, 2 Niagara Square, Buffalo, New York.  The attorneys who will try the case, any paralegal who will be present in the courtroom during the trial, and Defendants must be present at the final pretrial conference and the final status conference.

II.    **PRETRIAL SUBMISSIONS**

Unless otherwise indicated below, the following pretrial submissions must be filed and served via CM/ECF by **July 3, 2023**:

A.    ***Voir Dire* Preparation**

All parties must submit—on a separate page—the name, firm (if applicable), and business address of each attorney who will try the case, as well as the names of any paralegals or other assistants who will be in court and seated at counsel's table.

Each Defendant must submit—on a separate page—his full name and address (city/town/village and state).

The Government must submit a list of its prospective witnesses.[1]

Each Defendant must submit a list of his prospective witnesses.

For proper identification to the jury, the parties' witness lists should include the following:

1.    The witness's full name;

2.    The witness's occupational association (*e.g.*, FBI, Erie County Sheriff's Department, victim bank teller. etc.);

3.    The witness's address (city/town/village and state): and

4.    A brief statement of the general subject matter the party expects the witness to cover (*e.g.*, John Doe, chemist who analyzed drugs; Mary Smith, victim teller at bank, etc.).

---

[1] The Court's resolution of the Government's first motion *in limine* related to Protected Witnesses may alter this witness list requirement as to the designated Protected Witnesses only.

The Court will conduct *voir dire* by asking the panel a standard list of questions.  The parties may file, by the date above, proposed questions that they would like the Court to ask the panel.  A party's failure to file a list of proposed questions waives that party's right to request additional questions.  In addition to filing their *voir dire* materials, the parties shall send them to the Court, via email to sinatra@nywd.uscourts.gov, **in Microsoft Word format**.

The parties also shall discuss and work to agree on a concise statement of the case for the Court to use with the jury venire.  They shall submit the agreed-upon statement of the case **in Microsoft Word format** to the Court, via email to sinatra@nywd.uscourts.gov, by **July 7, 2023**.  The parties need not file this joint statement of the case.

Any proposed—or joint proposed—questionnaire for prospective jurors is due for the Court's consideration by **June 21, 2023**.

**B.    <u>Exhibit Lists and Exhibits</u>**

The Government must file an exhibit list on the form attached at the end of this order, which briefly describes each proposed exhibit.  This list must include **all exhibits** that the Government intends to use during its case-in-chief.  Each Defendant also must file an exhibit list containing those exhibits that he expects to introduce in his case-in-chief.

The parties also shall include on their exhibit lists exhibits that they reasonably anticipate they will use during cross-examination for impeachment, to refresh a witness's recollection, or otherwise.

4

All exhibits shall be denominated by number, and all sub-exhibits shall be designated alphabetically. All exhibits on the exhibit list must be physically tagged and marked with the appropriate stickers before trial begins. To the extent that there are joint exhibits, those exhibits shall be listed on the Government's exhibit list only.

Counsel shall confer before submitting exhibit lists, and must identify the exhibits for which admissibility is not contested and the exhibits that they will stipulate into evidence. Counsel should be prepared to discuss stipulating exhibits into evidence at the final pretrial conference. Notwithstanding any agreements reached by counsel, **all exhibits (including joint exhibits) must be formally moved into evidence at the appropriate time during trial.**

By **July 10, 2023**, counsel for the other side shall specify the exhibits to which they will object and the grounds.

At the final pretrial conference, each party must provide the Court and opposing counsel with courtesy copies of the exhibits, bound in three-ring binders with tabs for each exhibit. Each party also must provide the Court with a second, complete set of documentary exhibits in electronic format (*e.g.*, CD or flash drive).

At the close of trial, counsel for each party shall submit a final exhibit list, specifying the date an exhibit was marked and admitted into evidence, which the Court shall file as a court exhibit.

C.    **Witness Lists**

By **June 16, 2023**, the parties shall file a list of names and addresses (city/town/village and state) of all prospective witnesses.[2]  For each witness, the parties shall provide a brief summary of the anticipated testimony, including anticipated date and length of testimony (in hours and minutes).  The parties should include expected rebuttal witnesses on their lists but need not summarize those witnesses' anticipated testimony.  Failure to meet these requirements with respect to any witness may result in preclusion of testimony by that witness.  These lists are in addition to those required in Section II.A for use at *voir dire*.

D.    **Government Motion to Stay and/or Modify the Protective Order**

The stay of the provisions of the protective order allowing for dissemination of witness names and/or 3500 materials to Defendants issued by the Court on May 10, 2023 (Dkt. 458) remains in effect until **July 3, 2023**.  The stay expires on July 3, 2023, and defense counsel may disclose witness names and/or 3500 materials to Defendants—consistent with the terms of the Protective Order (Dkt. 347)—on that date.

---

[2] The Court recognizes that the Government's first motion *in limine*, related to certain Protected Witnesses, may alter this witness list requirement as to the designated Protected Witnesses only.  Depending on the outcome of the Government's first motion *in limine*, the Court may require the Government to amend the witness list to specify these Protected Witnesses' identities and city/town/village, if necessary.

E.    **Stipulations**

The parties should consider appropriate stipulations concerning undisputed facts or testimony—especially stipulations that would relieve custodians of business records and chain-of-custody witnesses from appearing at trial.

If the Government wishes to present proof by stipulation, it must submit to opposing counsel proposed stipulations of fact or testimony by **July 7, 2023**, with a request that Defendants agree to the stipulations.  Defendants shall notify the Government as soon as possible, but not later than **July 14, 2023**, whether they will agree to the proposed stipulations.

The parties need not file proposed stipulations with the Court as part of their pretrial submissions.  The Court will discuss the proposed—and any agreed-upon—stipulations with the parties at the pretrial conference to prepare a list of uncontroverted facts to which the parties will stipulate.

F.    **Impeachment of Witnesses under Federal Rules of Evidence 608 and 609**

Both the Government and each Defendant must file a notice if they intend to impeach any witness—including a Defendant, should he choose to testify—by evidence of his or her character or specific instances of conduct under Federal Rule of Evidence 608, or by evidence of a prior conviction under Federal Rule of Evidence 609.

The notice shall include the specific nature of the proposed impeachment evidence, including the dates of the prior acts or convictions, and citation to case law that may assist the Court in determining admissibility. A party who files such a notice shall attach copies of any relevant exhibits that it seeks to introduce.

G.    **Evidence of Other Crimes, Wrongs, or Acts under Federal Rule of Evidence 404(b)**

The Government must file a notice if it intends to introduce evidence of other crimes, wrongs, or acts under Federal Rule of Evidence 404(b), whether in its case-in-chief or as rebuttal evidence.

The notice shall include the specific nature of any such evidence, including: the dates of the prior crimes, wrongs, or other acts; the specific purpose(s) under Federal Rule of Evidence 404(b) for which the evidence will be introduced; and citation to any case law that may assist the Court in determining admissibility. The Government shall attach to the notice copies of any relevant exhibits that it seeks to introduce.

H.    **Tapes and Transcripts**

The Government must submit to the Court and to opposing counsel the final version of any transcripts of tapes of electronic eavesdropping or monitoring that it intends to introduce to the jury. Transcripts need not be filed with pretrial submissions.

Each Defendant must file any objection to the transcripts or move against them by following the procedures set forth in paragraph K, below.

8

I.      Expert Testimony

The parties shall provide the Court and opposing counsel with the identity, address (city/town/village and state) of any expert witness and a brief summary of his or her qualifications and expected testimony, **including anticipated date and length of testimony (in hours and minutes)**.

The Court encourages counsel to stipulate to each expert witness's qualifications before the final pretrial conference.  Failure to include an expert witness on the expert witness list may result in preclusion of that witness's testimony.

J.      **Motions *in limine* Related to Admissibility of Organized Crime Evidence and to Protected Witnesses**

Any motion *in limine* from Defendant Bongiovanni related to the admissibility of organized crime-related evidence, and any related arguments, is due by **June 7, 2023**.  The Government's response to all Defendants' motions *in limine* related to this issue is due by **June 16, 2023**.

Defendant Bongiovanni's response, if any, to the Government's first motion *in limine* related to Protected Witnesses is due by **June 14, 2023**.

The Court will hear oral argument on the two issues referenced in this subsection on **June 21, 2021, at 9:30 a.m.**

### K.   Trial Memoranda and Motions *in Limine*

Defendant Bongiovanni has leave to file a trial memorandum outlining the facts he expects to prove at trial and addressing any legal issues, including any evidentiary issues, that he expects to arise at trial by **June 21, 2023**. His trial memorandum should note the facts that he deems uncontroverted and that are the subject of a proposed stipulation. By **July 7, 2023**, the Government may file a response to Defendant Bongiovanni's trial memorandum that supplements or contests the facts outlined in his trial memorandum and addresses any additional legal or evidentiary issues expected to arise at trial. If any party has agreed to proposed stipulations regarding any uncontroverted facts, it should note those facts in its response.

Defendants shall file any additional motions *in limine* concerning any potential evidentiary proof or procedural issues that may arise during the trial by **June 21, 2023**. The Government shall respond to such motions by **July 7, 2023**. All motions *in limine* must be accompanied by memoranda of law that include citations to relevant case law, to assist the Court in resolving the issues. The Court will hear argument on these motions *in limine*—as well as any outstanding, previously filed motions *in limine*—as necessary, at the final pretrial conference.

It is in everyone's interest that the Court is aware of potential issues in advance so it may carefully consider the parties' positions before making a decision. Not all issues can be anticipated, but many evidentiary issues can be—*e.g.*, (1) the possibility that witnesses assert their Fifth Amendment rights; (2) impeachment of witnesses or a Defendant by character evidence, specific instances of conduct, or evidence of prior conviction; (3) admissibility of other crimes, wrongs, or acts to prove intent, motive, etc. under Federal Rule of Evidence 404(b); (4) authentication of tapes and voice identification; (5) obvious hearsay problems; (6) prior inconsistent statements; and (7) objections to expert testimony.

### L.     Jury Instructions and Verdict Forms

By **July 7, 2023**, each party shall file, and provide to opposing counsel and the Court, a **complete** set of proposed jury instructions—general and substantive—that address the general instructions to be given at the close of trial, any instructions on the specific offenses charged, and any instructions on issues particular to the case.  In addition to filing the proposed jury instructions, each party also shall provide **an electronic copy** of the proposed jury instructions **in Microsoft Word format** to the Court by the same date, via email to sinatra@nywd.uscourts.gov.

11

Each proposed instruction must be consecutively numbered and set forth on a separate page. The instructions should be arranged in a logical sequence and must include an index or a table of contents. The source or authority shall be appended to the end of each instruction. Each proposed instruction should, when appropriate, be taken from L. Sand, et al., Modern Federal Jury Instructions; otherwise, each instruction should be supported by strong legal authority. If the instruction is modified from a form instruction, the party submitting that instruction must so indicate.

Each party may file any objections to the opposing party's proposed instructions by **July 14, 2023**, following the above guidelines.

The parties shall file any other proposed instructions, based on events that occurred during trial, as soon as possible using the procedures set forth above.

The parties shall file their proposed general or special verdict forms (if applicable) by **July 7, 2023**, and also shall provide a copy of their proposed verdict forms to the Court **in Microsoft Word format**, via email to sinatra@nywd.uscourts.gov.

The parties are reminded that these submissions are intended to assist the Court in formulating the final instructions to the jury. The Court will conduct a jury charge conference with counsel—and inform counsel of the Court's intended jury charge and the general or special verdict sheet it intends to use—before closing arguments. Counsel may object to the intended instructions or request additional or alternative instructions at that time.

M.    **Other Motions and Submissions**

The parties shall file any other motions or submissions not specifically identified in this order <u>as soon as practicable</u>, so that the Court can resolve them sufficiently in advance of trial.

III.   **TRIAL PROCEDURE**

At the end of each trial day, the Court will advise counsel of its next-day schedule so they can make arrangements for witnesses and any other necessary accommodations.  Counsel are responsible for ensuring that witnesses are available as needed.

Also at the end of each trial day, counsel will inform the Court and opposing counsel which witnesses they expect to call the following day.  Counsel are expected to cooperate in scheduling witnesses.  Counsel should have witnesses ready to testify, so there are no gaps in testimony.  The Court may take witnesses out of turn to accommodate witnesses or in the interest of fairness.

The jurors' time is valuable time, and the Court will not tolerate wasting that time with bench conferences concerning matters that could be resolved before the jury is summoned, during breaks, or in the evening.  For example, if the Court recesses to 9:00 a.m., it expects that proof will begin at that time.  If counsel anticipate issues or need to see the Court, they must make arrangements to meet with the Court **before** the jury is scheduled to arrive or in the evening after the jury departs for the day.

13

Exhibits that are marked and received into evidence will remain for the duration of the trial on the counter next to the court reporter. In the evenings, each side is responsible for maintaining custody of its exhibits and returning them to court the next day, unless they make other arrangements with the Court.

The Court may set time limits for opening statements and closing arguments and expects that, if imposed, counsel will adhere to those limits. We will address these time limits—and other items, such as recesses, objections, courtroom equipment, etc.—at the final pretrial conference.

## IV.   SPEEDY TRIAL EXCLUSION

As discussed at the appearance on May 17, 2023, time is excluded for purposes of the Speedy Trial Act, to and including jury selection on **August 14, 2023**, in the interests of justice under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv). *See* Dkt. 484.


SO ORDERED.

Dated:      May 23, 2023
            Buffalo, New York

                                    *John L. Sinatra, Jr.*
                                    _____
                                    JOHN L. SINATRA, JR.
                                    UNITED STATES DISTRICT JUDGE

14

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**EXHIBIT LIST**

Case No. : _____          ____ Government
Date:        _____          ____ Defendant

| Ex. No. | DESCRIPTION | DATE | |
|---|---|---|---|
| | | Marked for Identification | In Evidence |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |