IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                        19-CR-227-LJV

JOSEPH BONGIOVANNI,

Defendant.

## GOVERNMENT'S SUBMISSION CONCERNING DETERMINATION OF FORFEITURE MONEY JUDGMENT

The Government hereby advises, as set forth in the First Forfeiture Allegation of the Second Superseding Indictment, in the event that the defendant, JOSEPH BONGIOVANNI, is convicted of any or all of the offenses set forth in Counts 1, 4 and 5 of the Second Superseding Indictment, the government will seek entry of a money judgment pursuant to the applicable forfeiture statutes. The government respectfully submits that the Court can determine the amount of the money judgment without submitting the issue to the jury for its determination.

The Supreme Court has made clear in *Libretti v. United States*, 516 U.S. 29, 48-49 (1995), there is no Sixth Amendment constitutional right to have a jury determination in a criminal forfeiture proceeding. *See United States v. Stevenson*, 834 F.3d 80, 85 (2d Cir. 2016) (citing *Libretti*); *United States v. Pastore*, No. 18-2482, 2022 WL 2068434, at *5 (2d Cir. June 8, 2022) (same).

Rule 32.2(b)(5)(B) of the Federal Rules of Criminal Procedure permits either party to timely request a jury determination as to whether "the requisite nexus between the property

and the offense committed by the defendant" has been established. Where the government seeks only a forfeiture money judgment, however, forfeiture is to be determined by the Court. As Rule 32.2(b)(1)(A) states, "if the government seeks a personal money judgment [against the defendant], the court must determine the amount of money that the defendant will be ordered to pay."

Within the Second Circuit, district courts have held that Rule 32.2(b)(5) does not give either party the right to have the jury determine the amount of a money judgment. *See United States v. Perkins*, 994 F.Supp.2d 272, 275 (E.D.N.Y. 2014) (Rule 32.2(b)(5) makes it clear that the right to a jury applies only when the Government is seeking forfeiture of specific assets); *United States v. Watts*, 934 F.Supp.2d 451, 493 (E.D.N.Y. 2013) (in the event that the defendant is convicted and the government elects to pursue a forfeiture money judgment, Rule 32.2(b)(1)(A) states that the judgment amount shall be decided by the court); *United States v. Peters*, 257 F.R.D. 377, 380 (W.D.N.Y. 2009) (no constitutional right to have forfeiture determined by a jury); *United States v. Roberts*, 631 F.Supp.2d 223, 226 (E.D.N.Y. 2009) (there is no right to a jury under Rule 32.2(b)(4) where the Government is seeking only a money judgment); *United States v. Bourne*, 2012 WL 526721, *1 (E.D.N.Y. Feb. 15, 2012) (same); *United States v. Galestro*, 2008 WL 2783360, *11 (E.D.N.Y. July 15, 2008) (there is no right to a jury trial if the Government is seeking only a money judgment; therefore there is no need to provide the defendant with a bill of particulars stating the amount the Government is seeking to forfeit).

Other circuits agree. *See United States v. Christensen*, 828 F.3d 763, 821–22 (9th Cir. Aug. 25, 2015) (Defendant has no right to a jury determination of forfeiture where, as here,

2

and the offense committed by the defendant" has been established. Where the government seeks only a forfeiture money judgment, however, forfeiture is to be determined by the Court. As Rule 32.2(b)(1)(A) states, "if the government seeks a personal money judgment [against the defendant], the court must determine the amount of money that the defendant will be ordered to pay."

Within the Second Circuit, district courts have held that Rule 32.2(b)(5) does not give either party the right to have the jury determine the amount of a money judgment. *See United States v. Perkins*, 994 F.Supp.2d 272, 275 (E.D.N.Y. 2014) (Rule 32.2(b)(5) makes it clear that the right to a jury applies only when the Government is seeking forfeiture of specific assets); *United States v. Watts*, 934 F.Supp.2d 451, 493 (E.D.N.Y. 2013) (in the event that the defendant is convicted and the government elects to pursue a forfeiture money judgment, Rule 32.2(b)(1)(A) states that the judgment amount shall be decided by the court); *United States v. Peters*, 257 F.R.D. 377, 380 (W.D.N.Y. 2009) (no constitutional right to have forfeiture determined by a jury); *United States v. Roberts*, 631 F.Supp.2d 223, 226 (E.D.N.Y. 2009) (there is no right to a jury under Rule 32.2(b)(4) where the Government is seeking only a money judgment); *United States v. Bourne*, 2012 WL 526721, *1 (E.D.N.Y. Feb. 15, 2012) (same); *United States v. Galestro*, 2008 WL 2783360, *11 (E.D.N.Y. July 15, 2008) (there is no right to a jury trial if the Government is seeking only a money judgment; therefore there is no need to provide the defendant with a bill of particulars stating the amount the Government is seeking to forfeit).

Other circuits agree. *See United States v. Christensen*, 828 F.3d 763, 821–22 (9th Cir. Aug. 25, 2015) (Defendant has no right to a jury determination of forfeiture where, as here,

and the offense committed by the defendant" has been established. Where the government seeks only a forfeiture money judgment, however, forfeiture is to be determined by the Court. As Rule 32.2(b)(1)(A) states, "if the government seeks a personal money judgment [against the defendant], the court must determine the amount of money that the defendant will be ordered to pay."

Within the Second Circuit, district courts have held that Rule 32.2(b)(5) does not give either party the right to have the jury determine the amount of a money judgment. *See United States v. Perkins*, 994 F.Supp.2d 272, 275 (E.D.N.Y. 2014) (Rule 32.2(b)(5) makes it clear that the right to a jury applies only when the Government is seeking forfeiture of specific assets); *United States v. Watts*, 934 F.Supp.2d 451, 493 (E.D.N.Y. 2013) (in the event that the defendant is convicted and the government elects to pursue a forfeiture money judgment, Rule 32.2(b)(1)(A) states that the judgment amount shall be decided by the court); *United States v. Peters*, 257 F.R.D. 377, 380 (W.D.N.Y. 2009) (no constitutional right to have forfeiture determined by a jury); *United States v. Roberts*, 631 F.Supp.2d 223, 226 (E.D.N.Y. 2009) (there is no right to a jury under Rule 32.2(b)(4) where the Government is seeking only a money judgment); *United States v. Bourne*, 2012 WL 526721, *1 (E.D.N.Y. Feb. 15, 2012) (same); *United States v. Galestro*, 2008 WL 2783360, *11 (E.D.N.Y. July 15, 2008) (there is no right to a jury trial if the Government is seeking only a money judgment; therefore there is no need to provide the defendant with a bill of particulars stating the amount the Government is seeking to forfeit).

Other circuits agree. *See United States v. Christensen*, 828 F.3d 763, 821–22 (9th Cir. Aug. 25, 2015) (Defendant has no right to a jury determination of forfeiture where, as here,

the government seeks a personal money judgment for forfeiture); *United States v. Curbelo*, 726 F.3d 1260, 1277–78 n. 10 (11th Cir. 2013) (the right to a jury under Rule 32.2(b)(5) applies only to specific property, not to the amount of a money judgment; the rule does not infringe on defendant's Sixth Amendment rights because there is no right to a jury under *Libretti*); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (there is no right to a jury if the Government announces that it is abandoning its request to forfeit specific assets and is seeking only a money judgment); *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (the defendant's right under Rule 32.2(b)(4) is to have the jury determine if the Government has established the required nexus between the property and his crime; the rule does not give the defendant the right to have the jury determine the amount of a money judgment); *United States v. Warshak*, 631 F.3d 266, 330 (6th Cir. 2010) (noting without discussion that defendant invoked his right to have the jury retained to determine if there was a nexus between the offense and 33 specific assets, but the court held a separate hearing to determine the amount of the money judgment).

In the instant case, in the event of conviction of defendant JOSEPH BONGIOVANNI, of any or all of the offenses set forth in Counts 1, 2 and 5, for violations of Title 18, United States Code, Section 371 (Conspiracy to Defraud the United States) and Title 18, United States Code, Sections 201(b)(2)(A) and 201(b)(2)(C) (Public Official Accepting a Bribe), the amount of the money judgment must be determined by the Court.

The government has determined that, if convicted, a monetary judgment in the amount of $250,000 should be issued against defendant, JOSEPH BONGIOVANNI. A

Motion for a Preliminary and Final Order of Forfeiture will be submitted, if appropriate, after the jury returns a verdict.

DATED:   Buffalo, New York
         July 10, 2023

                                                      TRINI E. ROSS
                                                      United States Attorney

By:     /s/
          ELIZABETH M. PALMA
          Assistant United States Attorney
          United States Attorney's Office
          Western District of New York
          138 Delaware Ave
          Buffalo, New York 14202
          (716) 843-5860
          elizabeth.palma@usdoj.gov