IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                           19-CR-227-JLV

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

          Defendants.

UNITED STATES OF AMERICA,

      v.                                                         23-CR-37-LJV-MJR

PETER GERACE, JR.,

          Defendant

## NOTICE AND NOTICE OF MOTION FOR AN IMMEDIATE STAY OF THE DISCLOSURE PROVISIONS OF THE CURRENT PROTECTIVE ORDER (ECF No. 347), AND MOTION TO MODIFY THE PROTECTIVE ORDER

**PLEASE TAKE NOTICE** that the Protective Order (*see* ECF No. 347) permits the government to delay disclosure of 3500 materials with respect to Category 4 and 5 witnesses "as it deems necessary as permitted by law." *Id.* at 3. Category 4 witnesses include witnesses whose disclosure may "impact ongoing investigations," and Category 5 witnesses are identified as "sensitive witnesses" and include "victims, witnesses who have expressed fear or reluctance to the Government to testify publicly, and current of former confidential sources and/or informants, if applicable, and/or any witnesses designated by the Government as Protected Witnesses."

Accordingly, due to ongoing witness tampering concerns, acts of witness tampering, and a breach of the Protective Order, which will be detailed in a separate sealed *ex parte* submission and provided to the Court as **Exhibit A**, the Government hereby provides notice that it will delay disclosure of all 3500 materials and the identities of **Protected Witnesses 1 through 14** inclusive, as permitted by law and by the express terms of the Protected Order. *Id.* at 3.

Pursuant to 18 U.S.C. § 3500, no statement or report in the possession of the United States that was made by a Government witness or prospective Government witness shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case. Additionally, the Jencks Act prohibits a district court from ordering pre-trial disclosure of witness statements. *See United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001). Notwithstanding the settled law and despite several defense-induced delays of the trial, in an effort to aid attorney preparation the government has provided 3500 materials for well-over 100 witnesses since January 2023. The government's voluntary production of 3500 material to the defense has included redacted grand jury transcripts for the Protected Witnesses who previously testified before a Federal Grand Jury.

However, due to acts of witness tampering and a breach of the Protective Order, as detailed in *ex parte* and sealed **Exhibit A**, the government will not provide any additional 3500 disclosures of its Protective Witnesses until 48 hours before the witness testifies at trial, and will delay disclosure of all other 3500 material until further notice.

The congressional concern that led to the passage of the Jencks Act was "insuring that witnesses in organized crime cases are produced alive and unintimidated before grand juries and at trial." *In re U.S.*, 834 F.2d 283, 287 (2d Cir. 1987) (citations omitted).  Where, as here, there are: (i) legitimate and ongoing witness tampering concerns; (ii) prior documented acts of witness tampering and intimidation; and, (iii) a documented breach of the current Protective Order, the government's routine practice of producing 3500 materials early must give way to ensuring witnesses are available to testify before trial unintimidated.

For these reasons, and as further detailed in *ex parte* sealed **Exhibit A**, the government further requests that the Court issue an Order:

(1) Immediately staying any and all witness disclosure provisions contained in the current Protective Order (*see* ECF No. 347), including the provision that would permit defense counsel to disclose the substance of 3500 materials to the defendants 42 days prior to the start of the trial; and[1]

(2) Requiring the defendants to produce for the Court's *in camera* review a list of each person who has been permitted to review the 3500 materials and witness lists previously disclosed by the government;

(3) Disclosing to the government any such information the Court receives *in camera* that bears upon potential violations of the Protective Order;

(4) Modifying the Protective Order to prohibit review of 3500 materials and witness lists previously disclosed by the government by anyone other than the current attorneys of record;

(5) Prohibiting the defendants from learning the names of government witnesses until jury selection is completed;

(6) Finding that **Exhibit A** shall appropriately be filed *ex parte* and under seal pursuant to FED. R. CRIM. P. 6(e)(6) and 16(d); and

---

[1] The current Protective Order prohibits defendants from having *any* copies of any 3500 materials. *Id*. at 4.

(7)     Any additional and further relief as the Court deems just and proper.

DATED: Buffalo, New York, November 26, 2023.

            TRINI E. ROSS
            United States Attorney

     BY:  s/JOSEPH M. TRIPI
            Assistant United States Attorney
            United States Attorney's Office
            Western District of New York
            138 Delaware Avenue
            Buffalo, New York  14202
            716/843-5839
            Joseph.Tripi@usdoj.gov