UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   - vs. -                                         Case No. 19-CR-227-LJV

JOSEPH BONGIOVANNI,

      *Defendant*.

## DECLARATION

**PARKER R. MacKAY, ESQ.**, under penalty of perjury and in accordance with 28 U.S.C. § 1746, states and declares that the following is true and correct:

1. Robert C. Singer, Esq. and I are assigned from the Criminal Justice Act panel to represent Defendant JOSEPH BONGIOVANNI in the above-captioned matter.

2. I make this declaration in support of Mr. Bongiovanni's motion to sever all counts for trial and hereby incorporate all prior severance filings referenced below.

3. Mr. Bongiovanni stands charged in the Second Superseding Indictment with fifteen (15) counts: two (2) counts of conspiracy to defraud the United States, two (2) counts of conspiracy to distribute controlled substances, two (2) counts of a public official accepting a bribe, seven (7) counts of obstruction of justice, and two (2) counts of false statements to an agency of the United States.  ECF No. 46.  His co-defendant, Peter Gerace, Jr., is charged with five (5) counts altogether but is specifically charged with Mr. Bongiovanni only in Counts 2 (conspiracy to defraud) and 8 (conspiracy to distribute controlled substances).  *Id*.

4. Mr. Bongiovanni previously moved for severance, which was denied by decision and order of the Hon. John L. Sinatra, Jr. on April 23, 2023.  ECF Nos. 343, 442.

5. Mr. Bongiovanni moved for severance again through present counsel on August 10, 2023, and that motion was denied by oral decision on August 18, 2023.  *See* ECF Nos. 586,

612 (minute entry). That new severance motion was occasioned by delays beginning in late July arising from the intended exit of one of Mr. Gerace's prior attorneys, Steven Cohen. The withdrawal of attorney Steven Cohen was not resolved fully until September 6, 2023, at which time attorney Eric Soehnlein re-entered the case after having previously moved to withdraw. *See* ECF No. 622 (minute entry). These delays caused the trial date to be reset from October 23, 2023 to January 8, 2024.[1] *See id.*

6. Immediately before the Thanksgiving holiday break, the government, through a series of *ex parte* and sealed filings, began to make the Court and parties aware that an issue had arisen regarding Mr. Gerace and/or his counsel. ECF Nos. 666, 669. Disclosure under the pretrial protective order was stayed, ECF No. 675, and several status conferences have been held regarding this issue, one of which necessitated an in-chambers conference. *See* ECF Nos. 678, 686, 687.

7. The government has revealed on the record that the purported issue concerning Gerace and his counsel involves neither Mr. Bongiovanni nor his attorneys. Nevertheless, in furtherance of resolving the question of attorney disqualification, the Court cancelled previous pretrial deadlines and ultimately put in place a briefing schedule for submissions from Gerace (and one of his attorney's ethics counsel) that necessitated adjourning the current trial date insofar as the parties will not even return for oral argument on that issue until January 26, 2024.

8. At the last status conference on December 14, 2023, undersigned counsel objected to a Speedy Trial Act time exclusion on the grounds that all recent delay had been attributable to the government's decision to pursue certain action as to Gerace and his counsel separate and

---

[1] Additionally, in early September, the government filed a motion for intra-district transfer of the case to Rochester for trial that was not resolved until October 31, 2023. *See* ECF Nos. 619, 656 (minute entry).

apart from anything concerning Mr. Bongiovanni. Counsel also raised Sixth Amendment speedy trial concerns and noted that a motion to sever would be forthcoming, as none was before the Court at that time but that the point in time had finally come where the trial was definitively delayed.

9. Following the court appearance, AUSA Joseph Tripi approached undersigned counsel and stated that he would consent to any motion to sever Mr. Bongiovanni might file. Further discussions were held to determine the contours of agreement, and counsel discussed a generalized understanding that the Bongiovanni team wanted severance with a trial date reflecting the forty-two (42) day protective order disclosure window being moved so as to start after the holidays. To that end, the government expressed no objection to severance conditioned on trial starting the week of February 5, 2024.[2]

10. Following from all prior in-court representations of an intent to sever, and re-incorporating all prior severance motion filings, Mr. Bongiovanni now again moves to sever and asks the Court to commence his trial no later than February 12, 2024.

11. As stated above, the events that have transpired since late July 2023, and more specifically since the Thanksgiving holiday, make clear that the current situation involving Mr. Gerace and his counsel will preclude the timely start of Mr. Bongiovanni's trial once again and

---

[2] That date amounts to forty-two days from December 26, 2023, the day after the Christmas holiday. At today's status conference, undersigned counsel indicated no general objection to the February 5th start date, but that a preference existed for beginning the forty-two day protective order window after "the holidays," i.e. the first of the year—and following full resolution of the severance motion, which was projected to go into the new year. The Court calculated backward from an expected motion resolution date of January 3, 2024 to arrive at a proposed trial date of February 12, 2024. The government confirmed agreement with that trial date.

that the timeframe for resolution of these issues concerning Mr. Gerace and his counsel is both uncertain and contingent on matters having nothing to do with Mr. Bongiovanni.

12. Mr. Bongiovanni has both Sixth Amendment and statutory speedy trial interests in seeing his case proceed to trial expeditiously, as he has been indicted since October 31, 2019. In contrast, his co-defendant only entered this case via the Second Superseding Indictment filed on February 25, 2021. At this point, if Mr. Bongiovanni continues to be joined for trial with Mr. Gerace, his trial will be significantly delayed due to events beyond his control and through no fault of his own.

13. Although Mr. Bongiovanni previously moved for severance alternatively under both Federal Criminal Rules of Procedure 8 (misjoinder) and 14 (prejudicial relief from joinder), *see* ECF No. 586 at 7-8, it is clear the prejudicial effects contemplated in Rule 14(a) now take center stage following the multitude of delays attributable solely to co-defendant Gerace or the government's actions regarding co-defendant Gerace. The prejudice to Mr. Bongiovanni's specific Sixth Amendment right to a speedy trial from these actions has now risen to a level that "justice requires" severance. FED. R. CRIM. P. 14(a).

**WHEREFORE**, Mr. Bongiovanni requests the following:

a. Severance for trial of all counts in the Second Superseding Indictment;

b. A trial date no later than February 12, 2024;

c. Modification of the protective order, ECF No. 347, to permit counsel to share materials with the defendant by a date commensurate with the originally-contemplated timeframes therein;

d. Such other and further relief as the Court deems just and proper.

Executed on December 19, 2023

                                                                      s/Parker R. MacKay
                                                                      PARKER R. MacKAY