IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        v.                                    19-CR-227-JLS
                                                **(filed under seal)**

JOSEPH BONGIOVANNI,

               Defendant

## <u>GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE DEFENDANT BONGIOVANNI'S PROPOSED FINANCIAL EXPERT</u>

The defendant, JOSEPH BONGIOVANNI, through his attorneys, filed a witness list that includes one forensic accountant, Thomas Devereaux, a consultant who may testify "to rebut the proof and testimony introduced in the government's case-in chief." Def.'s Third Am. Witness List, (dated Feb. 11, 2024). However, during Mr. Bongiovanni's opening statement on February 15, 2024, counsel referred to Mr. Devereaux as an "expert" witness and made comments indicating the witness will testify. Accordingly, to the extent the defendant intends to call this "expert" witness, The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Corey R. Amundson, Chief of the Public Integrity Section, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, and Jordan Dickson, Trial Attorney, Public Integrity Section, of counsel, hereby moves to exclude any expert opinion testimony regarding the defendant's finances, as such notice is untimely under Federal Rule of Criminal Procedure 16.

## FACTUAL BACKGROUND

Mr. Bongiovanni is charged via Second Superseding Indictment with violations of Title 18, United States Code, Section 371 (Conspiracy to Defraud the United States), Title 21, United States Code, Section 846 (Conspiracy to Distribute Controlled Substances), Title 18, United States Code, Section 201(b)(2)(C) (Public Official Accepting a Bribe), Title 21, United States Code, Section 846 (Conspiracy to Distribute Controlled Substances), Title 18, United States Code, Section 1519 (Obstruction of Justice), and Title 18, United States Code, Section 1001(a)(2) (False Statements). The charges stem from Mr. Bongiovanni's receipt of bribes in exchange for providing protection and law enforcement information to individuals involved in narcotics offenses, and Mr. Bongiovanni's attempts throughout and after his scheme to obstruct justice and lie to avoid detection and responsibility for his actions.

On February 11, 2024, Mr. Bongiovanni filed his third amended witness list. The witness list included the following witness:

> **Thomas Devereaux, CPA, CFE (Forensic Accountant)**, Buffalo, NY. The defense has retained the services of Thomas Devereaux of FreedMaxick LLP, to advise the defense at trial regarding the expected testimony of a government witness (and purported expert) on the subject of Mr. Bongiovanni's finances, if such expert testimony is admitted. At this time, Mr. Devereaux is a defense consultant who will assist the defense with its cross-examination of the government's witness. In the event the defense expects to call Mr. Devereaux to testify to rebut the proof and testimony introduced in the government's case-in-chief, then the defense will make that fact known to the government following the government's witness' testimony. (90 minutes)

Def.'s Third Am. Witness List at 1.

## LEGAL FRAMEWORK

To the extent the defendant intends to offer expert testimony, Federal Rule of Criminal Procedure 16(b)(1)(C)(ii) dictates that defendants disclose expert testimony "sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence." Additionally, expert disclosures "must contain . . . a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications . . . ; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert." FED. R. CRIM. P. 16(b)(1)(C)(iii). These rules, in turn, serve "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." FED. R. CRIM. P. 16, Advisory Committee's Note to 1993 Amendments.

## ARGUMENT

The Court should preclude Mr. Bongiovanni from introducing any expert opinion testimony from Mr. Devereaux due to his failure to comply with the Federal Rules' notice and disclosure requirements.[1] Alternatively, the Court should require a more detailed offer of proof from the defendant, set clear guardrails for any testimony, and make it clear that their unnoticed "expert" will not be permitted to offer expert testimony within the purview of Rule 703 of the Federal Rules of Evidence. Indeed, the defense opening statement proffered the

---

[1] The lack of notice and disclosure inhibits the government from objecting on other grounds, too, including relevance. Because the government cannot meaningfully engage with those other grounds, the instant motion should not be construed as an exhaustive accounting of the government's objections.

witness as an expert—claiming that the witness will opine that the government's Forensic Accountant made certain "assumptions" in her financial review.  There is no "non-expert" theory of admissibility that would permit the type of testimony outlined by the defense opening, because only an expert witness is permitted to offer the types of opinions proffered by the defense opening statement.

Mr. Bongiovanni's Third Amended Witness List does not identify Mr. Devereaux as an expert witness.  Likewise, at no point during pre-trial proceedings did Mr. Bongiovanni refer to Mr. Deveraux as an expert witness.  Moreover, Mr. Bongiovanni has neither disclosed "a complete statement" of any opinion Mr. Devereaux intends to offer nor the "bases and reasons for them."  FED. R. CRIM. P. 16(b)(1)(C)(iii).  While Mr. Devereaux could have completed a financial analysis and summary of records for the defense, and it could have been admissible without reliance upon expert testimony, *see United States v. Rigas*, 490 F.3d 208, 222-224 (2d Cir. 2007), that is not what the defense did and that is not the type of testimony the defense intends to offer.

And now that trial has begun, the government cannot possibly prepare to rebut any expert opinion testimony Mr. Bongiovanni might seek to notice in the near future (particularly where the testimony is merely to impugn the analysis conducted by the government's Forensic Accountant).  *See United States v. Petrie*, 302 F.3d 1280, 1288 (11th Cir. 2002) (finding that district court properly excluded expert testimony "[a]s a sanction for . . . untimely disclosure" because defendant "waited until Friday afternoon prior to the commencement of trial on Monday . . . to disclose his expert to the government."); *United States v. Foley*, 111 F. App'x.

840, 840–41 (6th Cir. 2004) (finding that district court did not abuse its discretion in precluding expert testimony due to untimely and insufficient disclosure of summary statement pursuant to Rule 16(b)(1)(C)); *United States v. Mahaffy*, No. 05CR613(S-3)(ILG), 2007 WL 1213738, at *3 (E.D.N.Y. Apr. 24, 2007) (precluding defendant from presenting expert testimony where defendant "waited until the day the trial commenced to produce the summary statement").   Accordingly, the Court should preclude Mr. Bongiovanni from introducing any financial expert opinion testimony.

## MOTION TO SEAL

Mr. Bongiovanni's witness list was filed under seal.  Because the government's motion references witnesses included on the Mr. Bongiovanni's witness list, the government respectfully moves this Court to permit this motion to be filed under seal.

## CONCLUSION

The government respectfully urges the Court to grant its motion.

DATED:  Buffalo, New York, February 18, 2024.


COREY R. AMUNDSON                    TRINI E. ROSS
Chief                                United States Attorney


BY:    s/JORDAN DICKSON        BY:        s/JOSEPH M. TRIPI
Trial Attorney                       Assistant United States Attorney
Public Integrity Section             Western District of New York
U.S. Department of Justice           138 Delaware Avenue
Criminal Division                    Buffalo, New York 14202
1301 New York Ave. NW, Suite 1000    716-843-5839
Washington, D.C. 20530               Joseph.Tripi@usdoj.gov
202-597-0508
Jordan.Dickson@usdoj.gov

BY:   s/ NICHOLAS T. COOPER

Assistant United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5830
Nicholas.Cooper@usdoj.gov

BY:   s/CASEY L. CHALBECK
Assistant United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5881
Casey.Chalbeck@usdoj.gov