UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- vs. -

Case No. 19-CR-227-1-LJV

JOSEPH BONGIOVANNI,

Defendant.

# DEFENDANT JOSEPH BONGIOVANNI'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR PRECLUSION OF POSSIBLE EXPERT TESTIMONY OF THOMAS DEVEREAUX, CPA, CFE

Defendant Joseph Bongiovanni, by and through undersigned counsel, hereby responds in opposition to the government's motion to preclude possible expert testimony of Thomas Devereaux, CPA, CFE.  *See* ECF 767.

### A.  Pertinent Facts.

In May 2023, the current defense team of Robert Singer, Esq. and Parker MacKay, Esq., were appointed by District Judge Sinatra to represent Mr. Bongiovanni pursuant to the Criminal Justice Act.  Judge Sinatra thereafter set a trial for August 2023 and set deadlines for trial submissions.  Upon our review of the evidence, the defense team became aware that the government had used the services of Stephanie Bifano, a forensic accountant employed by the FBI.  According to government disclosures, Ms. Bifano performed an in-depth financial analysis of Mr. Bongiovanni and his wife, Lindsay.  Ms. Bifano was identified as a person holding a Bachelor's degree in Business Administration & Accounting.  Ms. Bifano

also was identified as a licensed Certified Public Accountant ("CPA") and Certified Fraud Examiner ("CFE"). The government couched Ms. Bifano's testimony in non-expert terms, but also stated that Ms. Bifano would testify regarding her review of the Bongiovannis' accounts, taxes, borrowing behaviors, credit card activities, and debt-to-income ratio, for the purpose of establishing that, during the years she analyzed, the Bongiovannis were heavily leveraged and their debt was increasing.

When this became known to the defense, the defense took steps to search for and retain a forensic accountant to act as a defense consultant and, if later became necessary, to testify as a defense expert. The defense first notified the government of its intent to retain such expert services in its first witness list filed on June 20, 2023:

> 3. **TBD (Forensic Accountant)**, Buffalo, NY. The defense expects to retain the services of an expert to advise the defense at trial regarding the expected testimony of a government expert on this subject, if admitted. It is anticipated that this expert may testify to rebut proof and testimony introduced in the government's case-in-chief. When an expert is retained, he/she will be identified and in the event that testimony is required, the defense will file an expert witness list and his/her Curriculum Vitae. (90 minutes)

Prior to the August 2023 trial date, Judge Sinatra recused himself and this case was transferred to this Court. The August 2023 trial date was adjourned until October 2023, due to co-defendant Gerace's desire to retain new attorneys. In Fall 2023, Mr. Gerace retained new counsel and the Court scheduled this matter for trial in January 2024. The Court ordered trial witness lists to be disclosed in November 2023. On November 17, 2023, the defense filed an amended witness list which identified Mr. Devereaux as an expert retained by the defense as a consultant to act as a forensic accountant and, if necessary, to testify for the defense at trial:

> 3. **Thomas Devereaux, CPA, CFE (Forensic Accountant)**, Buffalo, NY. The defense has retained the services of Thomas Devereaux of FreedMaxick LLP, to advise the defense at trial regarding the expected testimony of a government witness (and purported expert) on the subject of Mr. Bongiovanni's finances, if such expert testimony is admitted. At this time, Mr. Devereaux is a defense consultant who will assist the defense with its cross-examination of the government's witness. In the event the defense expects to call Mr. Devereaux to testify to rebut the proof and testimony introduced in the government's case-in-chief, then the defense will make that fact known to the government following the government's witness' testimony. (90 minutes)

At this time, Mr. Devereaux was retained and he and his firm, FreedMaxick LLP began their analysis of the Bongiovanni's finances. The defense also disclosed to Mr. Devereaux and his team drafts of financial accounting reports prepared by Ms. Bifano and disclosed to the defense as part of discovery.

In December 2023, the government offered the defense and its accountant consultants an opportunity to attend a reverse proffer wherein Ms. Bifano presented parts of her financial analysis and conclusions. In that meeting, the government advised the defense that Ms. Bifano's financial analysis would be cabined to Mr. Bongiovanni's finances only and that she would not testify regarding her review of Lindsay Bongiovanni's accounts. The government also stated that Ms. Bifano would not testify as an expert witness, but, instead, testify to her review of the accounts and the arithmetic of such reviews only. Notwithstanding this proffer, the defense continued to have concerns that Ms. Bifano would testify to certain conclusions she made regarding the Bongiovanni's finances, taxes, and financial position.

Since that meeting, Mr. Bongiovanni was severed from Mr. Gerace and his trial was scheduled for February 12, 2024. The defense filed a Second Amended Witness List on February 9, 2024 and a Third Amended Witness List on February

11, 2024, but neither of these filings changed or amended the description of Mr. Deveraux's role as a defense consultant or possible expert witness differently than what was disclosed to the government in November 2023. The defense disclosed Mr. Devereaux's resume to the government on February 10, 2024.

During its opening statement, the government indicated that Ms. Bifano would offer testimony about the finances of Mr. Bongiovanni as well as Lindsay Bongiovanni. This was a change in the government's stated intent. Defense counsel asked the government after openings to confirm whether Ms. Bifano's expected testimony and analysis had expanded since the December 2023 proffer. Thereafter, the government confirmed that consideration of Lindsay Bongiovanni's finances was now going to be included in the analysis at trial.

### B. Mr. Devereaux's current status.

Just as the defense has consistently indicated to the government since its November 17, 2023 witness list (and before that in its June 20, 2023 list prior to Mr. Deveraux's retention), Mr. Deveraux is acting as a defense consultant at this time only. He is retained to assist the defense with an independent review of the Bongiovannis' finances, to review the evidence and analysis marshaled by Ms. Bifano, and to advise the defense regarding Ms. Bifano's testimony and cross-examination.

Mr. Devereaux is acting as a consultant at this time because, as this Court knows, the defense is under no obligation at this trial to call any witnesses or present evidence. The government has the burden of proof at this trial. And if

cross-examination of Ms. Bifano is effective, then it is possible that the defense may not call Mr. Devereaux at all.

As the defense advised the government, if the defense plans to call Mr. Devereaux as a witness, then it will make that disclosure known as soon as possible. The defense also will disclose to the government all applicable exhibits and *Jenks* material. The only reason this has not been done, to date, is because Ms. Bifano is not expected to testify until the very end of the government's case-in-chief and the defense is uncertain of what Ms. Bifano will testify to at trial other than the information learned during the reverse proffer (and the substance of that information has changed somewhat since openings were delivered).

### C.  Rule 16 and Mr. Devereaux.

Federal Rule of Criminal Procedure 16 governs expert disclosures of the defendant. Pursuant to Rule 16(b)(1)(C)(i), "at the government's request, the defendant must disclose to the government, in writing, the information required by [Rule 16(b)(1)(C)](iii) for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 during the defendant's case-in-chief at trial, if . . . the defendant requests disclosure under (a)(1)(G) and the government complies." If Rule 16(b)(1)(C)(i) is triggered, then Rule(b)(1)(C)(ii) requires defendants to disclose defense expert testimony "sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence." The rule requires an expert disclosure "contain . . . a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications . . . ; and a list of all other cases in

which, during the previous 4 years, the witness has testified as an expert." Fed. R. Crim. P. 16(b)(1)(C)(iii).

Preliminarily, it is important to note that the government has not requested disclosure of defense expert witness information until the instant filing. As reflected in prior filings, prior counsel for Mr. Bongiovanni made a request for government disclosure pursuant to Rule 16(a)(g)(1) in January 2021. *See* ECF 81. As a result, the triggering mechanism for reciprocal discovery was invoked under 16(b)(1)(C). However, disclosure under Rule 16(b)(1)(C) is not self-executing. Pursuant to Rule 16(b)(1)(C)(i), a duty to disclose information exists only when the government affirmatively requests such information. *See* 16(b)(1)(C)(i) ("Duty to Disclose. *At the government's request*, the defendant must disclose to the government [information regarding expert testimony]") (emphasis added). In its prior reciprocal discovery request, the government requested disclosure of material covered by Rule 16(b)(1)(A) and (b)(1)(B), but not material covered by Rule (b)(1)(C). *See* ECF 87 at 66 (requesting "books, papers, documents, photographs, tangible objects, or copies of portions thereof which are within the possession, custody or control of the defendant in which the defendant intends to introduce as evidence-in-chief at the trial" (Rule 16(b)(1)(A) material) and "results or reports of physical or mental examinations and/or of scientific tests or experiments made in connection with this case within the possession or control of the defendant which the defendant intends to introduce as evidence-in-chief at the trial or which was prepared by a witness whom the defendant intends to call at the trial when the results or reports

relate to that witness's testimony" (Rule 16(b)(1)(B) material)).  As such, the government did not request defense expert testimony information prior to trial.

Secondarily, it is the expectation of the defense that Mr. Devereaux will not testify as an expert witness.  In openings, upon information and belief, Mr. MacKay stated to the jury that the defense may call an "expert" who may discuss the Bongiovannis' finances to counter the government's expert, Ms. Bifano.  To the extent that Mr. MacKay referred to an "expert" during the opening statement, that word choice was somewhat erroneous.  At this time, the defense expects that if it does call Mr. Devereaux as a witness, then his testimony will revolve around his own analysis of the Bongiovannis' finances.  Such testimony, like Ms. Bifano's expected testimony, does not require expert opinions delivered under FRE 702.  However, during the financial proffer, Ms. Bifano indicated that she made certain assumptions, particularly regarding the Bongiovannis' tax returns, and that those assumptions factored into her analysis.  If Ms. Bifano were to testify similarly at this trial, such assumptions regarding the tax returns may not fall into accordance with general practices used by forensic financial examiners.  As such, to the extent that Ms. Bifano testifies inconsistently with such principles, the defense may seek to qualify Mr. Devereaux as an expert to explain why such assumptions are not in accordance with the practices used by CPAs and CFEs.  This is expected to be the only line of expert testimony solicited from Mr. Devereaux.

This situation is somewhat unique because Ms. Bifano is not being called as an expert for the government.  Thus, this is not a classic situation where

the government has placed the defense on notice of its intent to solicit expert testimony from a government witness and, in turn, the defense is calling a different expert to combat such evidence. Under this classic scenario, the requirements of Rule 16 are clear. But in the current situation, the situation is not as black-and-white.

Here, the problem is that the defense is not certain how Ms. Bifano will testify. For example, Ms. Bifano has not generated a written report and the financial proffer in December 2023 was not a deposition of Ms. Bifano or a preview of all of her trial testimony. At the meeting, the defense was not permitted to ask Ms. Bifano questions. And since the content of her expected testimony has changed somewhat since that meeting, the defense, at this time, is not sure what Ms. Bifano will state at trial regarding the assumptions she made in her analysis.

This is why the defense is not in a position to opine about an expert opinion Mr. Devereaux may be called upon to deliver at this time or prior to the commencement of this trial. That said, in the event that Ms. Bifano's testimony requires clarification that only an expert can provide, the defense wants to reserve its right to call an expert to confront such testimony as "good cause" would exists for a disclosure made after commencement of trial (and after the government's first and only request for Rule 16(b)(1)(C) information). In any event, whatever opinion Mr. Deveraux may be asked to testify about pursuant to FRE 702 regarding how tax returns are factored into assumptions will be short and confined, making preparation for cross-examination and/or the introduction of rebuttal evidence

uncomplicated. Finally, the defense did not disclose the names of any trials within the last four years at which Mr. Devereaux testified as an expert because he has not offered such expert testimony which falls within the time parameters of Rule 16.

## CONCLUSION

As the defense put the government on notice of last summer, it has retained a forensic accountant for the purpose of advising the defense regarding Ms. Bifano's analysis and expected testimony *and* that the defense may call this expert consultant as a witness at trial. The government met Mr. Deveraux in December 2023. It possesses his resume and credentials. It knows that Mr. Devereaux possesses similar licenses and expertise as Ms. Bifano. And if Ms. Bifano's testimony does not contain expert opinions or assumptions that violate generally accepted principles in forensic accounting, then Mr. Devereux will not be called to testify regarding any expert opinion covered by FRE 702. However, if Ms. Bifano deviates from such norms, particularly with assumptions made regarding the Bongiovannis' taxes, then the defense reserves the right to call Mr. Deveraux as an

expert witness to testify to the validity of those assumptions. For the reasons set forth above, the Court should deny the government's motion for preclusion.

Dated: March 1, 2024
      Kenmore, New York        Respectfully submitted,

          s/Parker R. MacKay
          **The Law Office of Parker R. MacKay**
          Parker R. MacKay, Esq.
          3110 Delaware Avenue
          Kenmore, NY 14217
          Ph: (716) 803-8166
          Fx: (716) 408-1651
          Em: Parker@MacKayLawOffice.com

          s/Robert C. Singer

Robert C. Singer, Esq.
80 East Spring Street
Williamsville, New York 14221
(716) 222-3288
rob@singerlegalpllc.com

*Attorneys for Joseph Bongiovanni*