IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.                                                        19-CR-227-LJV

JOSEPH BONGIOVANNI,

          Defendant.
_____

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT EXHIBIT 99 IN REDACTED FORM AND FOR CLARIFICATION ON A PRIOR RULING

The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Corey R. Amundson, Chief of the Public Integrity Section, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, and Jordan Dickson, Trial Attorney, Public Integrity Section, of counsel, hereby moves (1) to admit, after proper foundation is laid, Government Exhibit 99 in its redacted form (as shown in Exhibit A) rather than in its unredacted form, and (2) for clarification of the Court's ruling regarding admission of the defendant's use of racial slurs.

## FACTUAL BACKGROUND

Government Exhibit 99 is a DEA memorandum authored and submitted by the defendant to DEA Buffalo Resident Agent in Charge Edward Orgon on or about January 28, 2019, a few days before the defendant retired. The government intends to introduce Exhibit 99 into evidence when Orgon testifies on Thursday, March 7, 2024.

The defendant's authoring and submitting of this false and misleading memorandum, after the commencement of administrative and criminal investigations into his conduct, is the subject of Count 11, charging the defendant with obstruction of justice. *See* Redacted Indictment, Count 11. The defendant's authoring and submitting of this false and misleading memorandum is also alleged as an overt act done in furtherance of the conspiracy to defraud the United States charged in Count 2. Redacted Indictment, Count 2 ¶ 31.

In the memorandum, the defendant included false and misleading statements regarding, for example, Special Agent Anthony Casullo's relationship with Peter Gerace. *See id*. In the memorandum, the defendant also wrote, "SA Casullo advised AUSA Tripi that SA Bongiovanni told SA Casullo approximately two years ago that **'he (Casullo) shouldn't investigate Italians, but should investigate Spics and Niggers'.**" Exhibit A (transcribed as written in original).[1] After writing a couple of sentences alleging that Casullo did not follow DEA protocol to report the defendant's racist slurs, the defendant wrote the sentence that is the subject of this motion: "SA Bongiovanni completely denies making this statement."

In the defendant's opening statement, his counsel made clear that the defendant intends to argue at trial that Casullo fabricated the conversation between the defendant and Casullo, and that the defendant never made the statement regarding Italians, black people, and Hispanic people.

---

[1] The Court previously ruled that during Casullo's testimony, Casullo is not permitted to reiterate the racial slurs used by the defendant verbatim. Rather, as the government understands it, Casullo is permitted to testify that the defendant used the "N-word" to derogatorily describe black people and the "S-word" to derogatorily describe Hispanic people.

The government intends to introduce Exhibit 99 in its redacted form as shown in Exhibit A, if permitted by the Court.

**ARGUMENT**

The Court should permit the government to introduce Exhibit 99 in its redacted form because the rule against hearsay bars the defendant from introducing the statement that is the subject of the proposed redaction, and the statement at issue is not appropriately admitted under the Rule of Completeness.

**I.     The Defendant Cannot Admit his Own Statement Because it is Hearsay.**

Hearsay is inadmissible. Fed. R. Evid. 802. Hearsay is an out of court statement offered into evidence to prove the truth of the matter asserted Fed. R. Evid. 801(c). A statement is "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a).

A statement offered against an opposing party is not hearsay. Fed. R. Evid. 801(d)(2); *see, e.g.*, *United States v. Dambruck*, 270 F. App'x 30, 34 (2d Cir. 2008) (holding that "statements made by [the defendant] were properly admitted against [the defendant] as an admission by a party opponent"). But "[a] defendant may not introduce his own prior out-of-court statements because they are 'hearsay, and . . . not admissible.'" *United States v. Kadir*, 718 F.3d 115, 124 (2d Cir. 2013) (quoting *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982)). As one court in this district explained, "[s]elf-serving, exculpatory statements, on the other hand, are hearsay, and are therefore generally not admissible, unless their exclusion would

3

unfairly distort the meaning of the declarant's non-hearsay statements that are in evidence." *United States v. Harper*, No. 05-CR-6068L, 2009 WL 140125, at *5 (W.D.N.Y. Jan. 20, 2009). Exhibit 99 is plainly a statement of a party opponent, when it is offered by the government, because the defendant is the author of the document. But the sentence that is the subject of the proposed redaction is unmistakably a self-serving, exculpatory statement. It is virtually identical to counsel's articulation in opening statement of the defendant's intended defense at trial. In other words, the defendant has made clear that he wants the jury to believe that he never made the statement regarding Italians, black people, and Hispanic people. Being permitted to put his defense in front of the jury in his own words via Exhibit 99, without subjecting himself to cross-examination, would run afoul of the hearsay rule's prohibition because the defendant would be bluntly offering that statement for the truth of the matter asserted. As such, the statement that is the subject of the proposed redaction is inadmissible hearsay.

## II.     The Statement is Not Admissible Under the Rule of Completeness.

The government anticipates that the defendant will argue that the Rule of Completeness requires admission of the statement that is the subject of the proposed redaction. If he does, the defendant will be wrong. The Court should reject the defendant's Completeness argument because the Rule of Completeness, and its underlying fairness principle, does not require admission of self-serving hearsay offered by the defendant.

### a. Legal Standard

The Rule of Completeness provides that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part--or any other statement--that in fairness ought to be considered at the same time." Fed. R. Evid. 106. "The adverse party may do so over a hearsay objection." *Id.* "[T]he completeness doctrine does not require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *United States v. Won*, 2024 WL 827774, at *3 (2d Cir. Feb. 28, 2024) (internal quotation marks omitted).

The Rule was amended in 2023 in "two respects." *Id.*; Fed. R. Evid. 106 Advisory Committee's note to 2023 amendment. First, the Rule now allows admission over a hearsay objection, because the "Committee [] determined that the rule of completeness, grounded in fairness, cannot fulfill its function if the party that creates a misimpression about the meaning of a proffered statement can then object on hearsay grounds and exclude a statement that would correct the misimpression." Fed. R. Evid. 106 Advisory Committee's note to 2023 amendment. Second, the Rule now covers "all statements, including oral statements that have not been recorded." *Id.* Further, the 2023 amendment is not "intended to limit the court's discretion to allow completion at a later point." *Id.* (citing *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 103 (2d Cir. 1995)).

The Committee cautioned, however,

> The amendment does not give a green light of admissibility to all excised portions of statements. It does not change the basic rule, which applies only to the <u>narrow circumstances</u> in which a party has created a misimpression about the statement, and the adverse party proffers a statement that in fact corrects the misimpression. <u>The mere fact that a statement is probative and contradicts a</u>

5

> statement offered by the opponent is not enough to justify completion under Rule 106. So, for example, the mere fact that a defendant denies guilt before later admitting it does not, without more, mandate the admission of his previous denial. *See United States v. Williams*, 930 F.3d 44 (2d Cir. 2019).

Fed. R. Evid. 106 Advisory Committee's note to 2023 amendment (emphasis added). The "rule of completeness does not require the admission of self-serving exculpatory statements in all circumstances." *Williams*, 930 F.3d at 61. The "defendant may not rely on the rule of completeness to put his out-of-court exculpatory statements before the jury through the testimony of another witness . . ., while at the same time maintaining his own Fifth Amendment privilege so as to avoid being cross-examined about his prior statements." *Harper*, 2009 WL 140125, at *5; *see also United States v. Elmaani*, No. 20 CR. 661 (CM), 2023 WL 2770742, at *7 (S.D.N.Y. Apr. 4, 2023) (defendant "cannot elicit his own self-serving statements from [an] interview to deny or explain away his involvement in the offense conduct").

### b. Discussion

The Court should permit the government to introduce Exhibit 99 in its redacted form and reject any Rule of Completeness arguments raised by the defendant. The fairness principle underlying the Rule of Completeness does not countenance inclusion of the redacted statement. *See* Fed. R. Evid. 106. There is no misleading impression created by excluding this statement. The meaning of the pertinent paragraph written by the defendant is not fundamentally changed by the redaction. The paragraph relays the racially charged statement and expresses the defendant's disdain for Casullo's decision to report the statement in the manner that he did. The (false) exculpatory statement included at the end of the paragraph

is an obvious attempt by the defendant to protect himself from further scrutiny. Its inclusion is not necessary to understanding the rest of the paragraph in which the defendant complains about Casullo not following DEA protocol in how Casullo reported the conversation. Nor is the (false) exculpatory statement necessary to correct any misimpression about the defendant's recounting of what he heard Casullo reported to his management and the USAO. There is nothing "incomplete, unfair, or misleading" about redacting the statement. *See United States v. Htut*, No. 22-CR-671 (NSR), 2023 WL 4399049, at *9 (S.D.N.Y. July 7, 2023). And the "statement[] do[es] not 'explain' or provide context for [the defendant's] other statements, but [is] merely [a] self-serving assertion[] of innocence, and [its] exclusion will in no way distort the meaning of the statements that the government seeks to introduce." *Harper*, No. 05-CR-6068L, 2009 WL 140125, at *5.

More importantly, even if the statement in Exhibit 99 is redacted, the defendant can still present his desired defense against the allegations related to Casullo. The defendant can testify if he chooses and assert that the conversation with Casullo never happened. Alternatively, defense counsel can cross-examine Casullo about the conversation and argue to the jury that Casullo made up the conversation. In short, Rule 106 does not allow the defendant to backdoor his own self-serving statements into evidence through a government exhibit, while avoiding cross-examination. *See id.*

## REQUEST FOR CLARIFICATION OF A PRIOR RULING

As noted above, the government recognizes that the Court has previously ordered that Casullo may not state the racist slurs used by the defendant verbatim. While the government

maintains that Casullo should be permitted to present the defendant's own words unexpurgated, the government recognizes that Exhibit 99 also includes the words with which the Court has already taken issue. The government requests clarification regarding what, if any, redaction the government is required to make on Exhibit 99 related to the racist words used by the defendant.

## **CONCLUSION**

The government respectfully requests that the Court permit the government to introduce Exhibit 99 in its redacted form and provide clarification on how the government should handle the racist words used in Exhibit 99.

DATED: Buffalo, New York, March 5, 2024.

| | |
|---|---|
| COREY R. AMUNDSON<br>U.S. Department of Justice<br>Chief, Public Integrity Section | TRINI E. ROSS<br>United States Attorney |
| BY: s/JORDAN DICKSON<br>Trial Attorney<br>Public Integrity Section<br>U.S. Department of Justice<br>Criminal Division<br>1301 New York Ave. NW, Ste. 1000<br>Washington, D.C. 20530<br>202-597-0508<br>jordan.dickson@usdoj.gov | BY: s/JOSEPH M. TRIPI<br>s/NICHOLAS T. COOPER<br>s/CASEY L. CHALBECK<br>Assistant United States Attorneys<br>United States Attorney's Office<br>Western District of New York<br>138 Delaware Avenue<br>Buffalo, New York 14202 |