IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                      19-CR-227-LJV

JOSEPH BONGIOVANNI,

        Defendant

## GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION IN *LIMINE* TO EXCLUDE DEFENDANT BONGIOVANNI'S PROPOSED FINANCIAL EXPERT

The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Corey R. Amundson, Chief of the Public Integrity Section, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, and Jordan Dickson, Trial Attorney, Public Integrity Section, of counsel, hereby files the following reply in support of its motion in *limine* to exclude Defendant Bongiovanni's proposed financial expert.

### 1. Pertinent Facts

### A. Forensic Accountant Stephanie Bifano's Testimony

In his response to the government's motion in *limine*, Mr. Bongiovanni made statements meriting clarification regarding the anticipated testimony of FBI Forensic Accountant Stephanie Bifano. *See, e.g.*, Def. Bongiovanni's Mem. in Opp. at 3, ECF No. 793, (dated Mar. 1, 2024) ("In [the reverse proffer], the government advised the defense that Ms. Bifano's financial analysis would be cabined to Mr. Bongiovanni's finances only and that she would not testify regarding her review of Lindsay Bongiovanni's accounts.").

By way of background, Ms. Bifano, who is testifying as a fact witness, has provided Mr. Bongiovanni's prior and current defense counsel two reverse financial proffers, most recently in December 2023. In both reverse proffers, Ms. Bifano discussed Lindsay Bongiovanni's finances, as well as tax returns jointly filed by Mr. and Mrs. Bongiovanni. In fact, as Ms. Bifano made clear during the December 2023 reverse proffer, Mrs. Bongiovanni's account activity is reflected in multiple summary exhibits that have since been supplied to defense counsel.

Only one summary exhibit—a "shortfall" exhibit displaying financial deficits in Mr. Bongiovanni's accounts after deducting $76,970 in cash deposits between 2012 and 2018—omits reference to Mrs. Bongiovanni's account activity. As Ms. Bifano explained during the reverse proffers, absent those cash deposits, Mr. Bongiovanni's accounts would have experienced a $73,358 shortfall. Not reflected in the Shortfall Exhibit are cash deposits discovered in Mrs. Bongiovanni's accounts. Nevertheless, as part of her presentation surrounding the Shortfall Exhibit, Ms. Bifano discussed the cash deposits—approximately $27,723 total—discovered in Mrs. Bongiovanni's bank accounts.

Though the Shortfall Exhibit focuses on the defendant's bank activity, following opening statements, the government clarified it would discuss cash deposits discovered in Mrs. Bongiovanni's accounts. Notwithstanding this clarification, the scope of the Shortfall Exhibit remains unchanged. And, to the extent Ms. Bifano testifies about the cash deposits in Mrs. Bongiovanni's accounts, the government anticipates her testimony will only briefly reference the relevant account activity.

### B. The Defense's Opening Statement

Mr. Bongiovanni identified Mr. Devereaux as a potential witness on November 17, 2023. Though he claims in his opposing papers that the defense "identified Mr. Devereaux as an *expert* retained by the defense as a consultant to act as a forensic accountant and, if necessary, to testify for the defense at trial," *id.* at 2, the word "expert" is conspicuously absent from Mr. Devereaux's witness description. At most, based on all the witness descriptions to date, the government anticipated that Mr. Devereaux might testify as a fact witness.

Counsel's reference during opening statements to Mr. Devereaux as an expert who would challenge Ms. Bifano's conclusions thus came as a surprise. Mr. Bongiovanni now appears to acknowledge that, should Mr. Devereaux testify, he will primarily serve as a fact witness in the same model as Ms. Bifano. *See id.* at 7 ("[I]t is the expectation of the defense that Mr. Devereaux will not testify as an expert witness.").

However, that important qualification notwithstanding, Mr. Bongiovanni claims that Mr. Devereaux might be called on to challenge "certain assumptions" Ms. Bifano "indicated" she made concerning the Bongiovannis' tax returns. *Id.* Mr. Bongiovanni declines to identify which assumptions Ms. Bifano made, making it impossible for the government to assess whether, and to what extent, there is any "inconsistenc[y]" between Ms. Bifano's anticipated testimony and the "general practices used by forensic financial examiners." *Id.* Yet, owing to these purported assumptions, Mr. Bongiovanni seeks to reserve his right to call Mr. Devereaux as a limited expert.

2.  **Argument**

The Court should preclude Mr. Devereaux from providing any expert opinion testimony for two reasons.

*First*, Mr. Bongiovanni failed to disclose the bases of Mr. Devereaux's anticipated expert opinion testimony prior to trial, as contemplated by the federal rules. On this point, Mr. Bongiovanni counters that Rule 16's disclosure obligations are inapplicable where, as here, the government failed to demand an expert disclosure. To be sure, Rule 16(b)(1)(C) requires reciprocal disclosure upon request. But the government can hardly be faulted for failing to demand disclosures for an expert it did not—until the defense's opening—know existed. *Cf. United States v. Holmes*, 670 F.3d 586, 597 (4th Cir. 2012) (finding no abuse of discretion where "the district court granted the [g]overnment's motion to exclude [expert opinion] testimony" where there was nothing "in the federal prosecution up to that point to suggest that the [g]overnment should have anticipated that this type of expert testimony would be offered"). On that score, and despite Mr. Bongiovanni's characterization to the contrary, Mr. Devereaux was not identified as an expert in either of his witness descriptions.

*Second*, despite receiving the government's motion on February 18, 2024, Mr. Bongiovanni has still not disclosed "a complete statement of all opinions that [he] will elicit from [Mr. Devereaux]" and the "bases and reasons for them," as required by the rules. FED. R. CRIM. P. 16(b)(1)(C)(iii). Instead, Mr. Bongiovanni offers that Mr. Devereaux will, at most, provide expert opinion testimony countering unidentified "assumptions" that Ms. Bifano "indicated" she made concerning the Bongiovanni's taxes. Def. Bongiovanni's Mem. in Opp. at 7. These vague references fall far short of constituting a "written summary" of expected opinions, let alone satisfy Rule 16's recently amended "complete statement"

4

requirement. *See United States v. Kaur*, No. 3:23CR92, 2023 WL 8654914, at *6 (E.D. Va. Dec. 13, 2023) ("The letter makes clear the types of opinions that the expert will provide, but only nominally indicates their substance. This fails the Rule 16(b)(1)(C) analysis, and the expert testimony offered by Singh is excludable on that ground alone.").

At bottom, Mr. Bongiovanni's failure to provide adequate expert disclosure—even in the period since the government's motion—guarantees that any *Daubert* hearing will be conducted in the midst of trial, diverting resources from both the parties and the Court, and potentially engendering delay. As such, Mr. Bongiovanni's untimely identification of Mr. Devereaux as an expert merits precluding him from offering any expert opinion testimony.

## CONCLUSION

The government respectfully urges the Court to grant its motion.

DATED: Buffalo, New York, March 12, 2024.

| | |
|---|---|
| COREY R. AMUNDSON<br>Chief | TRINI E. ROSS<br>United States Attorney |

BY:    s/JORDAN DICKSON
Trial Attorney
Public Integrity Section
U.S. Department of Justice
Criminal Division
1301 New York Ave. NW, Suite 1000
Washington, D.C. 20530
202-597-0508
Jordan.Dickson@usdoj.gov

BY:    s/JOSEPH M. TRIPI
Assistant United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5839
Joseph.Tripi@usdoj.gov

BY:    s/ NICHOLAS T. COOPER

Assistant United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

716-843-5830
Nicholas.Cooper@usdoj.gov

BY: s/CASEY L. CHALBECK
Assistant United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5881
Casey.Chalbeck@usdoj.gov