

U.S. Department of Justice

Criminal Division

Public Integrity Section                                            Washington, D.C. 20530

March 30, 2024

The Honorable Lawrence J. Vilardo
United States District Judge
2 Niagara Square
Buffalo, New York 14202

**RE:** <u>United States v. Bongiovanni</u>
       19-CR-227-LJV

Dear Judge Vilardo:

The government respectfully requests an alteration of the Court's draft "Stream of Benefits" jury charge.[1] The theories of bribery known commonly as "stream of benefits" and "as opportunities arise" are at the heartland of this case. The government's requested alterations ensure that this jury charge accurately reflects the statutory language of 18 U.S.C. § 201 and binding Supreme Court and Second Circuit precedent.

Primarily, there are two principles underpinning the government's requested alterations. First, the "stream of benefits" and "as opportunities arise" theories stand for the proposition that the bribe payor and payee do not need to agree upon a specific "one for one" exchange—a specific official act or violation of duty that must be performed in exchange for a specifically identified payment. *See United States v. Rosen*, 716 F.3d 691, 700 (2d Cir. 2013) ("[T]he federal bribery and honest services fraud statutes . . . criminalize scheme[s] involving payments at regular intervals in exchange for specific official acts as the opportunities to commit those acts arise, even if the opportunity to undertake the requested act has not arisen, and even if the payment is not exchanged for a particular act but given with the expectation that the official will exercise particular kinds of influence."); *United States v. Ganim*, 510 F.3d 134, 147 (2nd Cir. 2007) (Sotomayor, J.) ("While it frequently will be true that particular bribes or extorted payments are linked at the time of the corrupt agreement to particular official acts, that will not always be the case—for example, because the opportunity to undertake the requested act has not arisen, or because the payment is one of a series to ensure an ongoing commitment to perform acts to further the payor's interests"). The Second Circuit has explained that the theories only require that bribe payor and payee agree that the

---

[1] The stream of benefits charge is currently on Page 150 of the Court's draft charge. The government's proposed alterations are contained in Exhibit A, which has been emailed to chambers and counsel.

payments are intended to influence official action (or violations of duty) on one or more particular questions or matters, but the theories do not require that the parties agree on and identify a specific official act that is being exchanged for a specific payment. *See United States v. Silver*, 948 F.3d 538, 551–53 (2d Cir. 2020) ("*Silver II*") ("*McDonnell*'s interpretation of the 'official act' requirement fits comfortably with—and provides a narrowing gloss on—*Ganim's* 'as the opportunities arise' theory. . . . But we agree that . . . a particular question or matter must be identified at the time the official makes a promise or accepts a payment."). As the Supreme Court has explained, it is not necessary for the public official to "specify the means that he will use to perform his end of the bargain." *McDonnell v. United States*, 579 U.S. 550, 572 (2016); *see also Ganim*, 510 F.3d at 147 ("[S]o long as the jury finds that an official accepted gifts in exchange for a promise to perform official acts for the giver, it need not find that the specific act to be performed was identified at the time of the promise[.]"). The government's requested alterations to this instruction reflect the Second Circuit's interpretation of "stream of benefits" and "as opportunities arise" theories of bribery while ensuring that the jury understands that the government does not need to prove a "one for one" exchange.

Second, portions of the government's proposed alterations are predicated on the statutory language of section 201. The Court's charge currently reads, in pertinent part, "THE RELEVANT POINT IN TIME IN A QUID PRO QUO BRIBERY SCHEME IS THE MOMENT WHEN THE PUBLIC OFFICIAL ACCEPTS THE PAYMENT." While that statement accurately reflects one way a public official can commit bribery, it leaves out the other means of committing bribery contemplated by the statute. Specifically, bribery does not actually require a thing of value to change hands. Rather, a public official can be guilty of bribery if he corruptly "demands, seeks, receives, accepts, or agrees to receive or accept anything of value" in exchange for violating his official duty or performing official acts. 18 U.S.C. § 201(b)(2). The government's proposed alterations reflect that the jury can consider not only whether the defendant accepted payment but also whether the defendant demanded, sought, or agreed to accept payment.

The government suspects the Court adopted the line quoted above from the Supreme Court's decision in *Evans v. United States*, 504 U.S. 255 (1992). In *United States v. Benjamin*, 95 F.4th 60 (2d Cir. 2024), the Second Circuit explained some of *Evans'* holding:

> The Supreme Court rejected the "criticism of the instruction" and concluded that the instruction "satisfies the quid pro quo requirement of [*McCormick v. United States*, 500 U.S. 257 (1991)] because the offense is completed at the time when the public official receives a payment in return for his agreement to perform specific official acts; fulfillment of the quid pro quo is not an element of the offense."

*Id*. at 70–71 (quoting *Evans*, 504 U.S. at 268). While *Benjamin* accurately reflects *Evans'* holding, *Evans* was factually limited to the issue of what it meant to corruptly accept a bribe. *See Evans*, 504 U.S. at 257. In other words, the portion of section 201 that explicitly states bribery can be committed by an official demanding, seeking, or agreeing to accept or receive bribes was not at issue in *Evans*. Thus, it would be more appropriate to instruct the jury on all the means section 201 says a public official can use to commit bribery.

The government intends to address other proposed alterations either in writing or orally at the Charge Conference. The government respectfully requests the Court alter its "Stream of Benefits" charge as reflected in Exhibit A.

Sincerely,

COREY R. AMUNDSON
Chief, Public Integrity Section

By: */s/ Jordan Dickson*

Jordan Dickson
Trial Attorney
Criminal Division, Public Integrity Section
U.S. Department of Justice
1301 New York Ave. NW
Washington, DC  20530