IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                    19-CR-227-LJV

JOSEPH BONGIOVANNI,

              Defendant.

## GOVERNMENT'S BRIEF IN RESPONSE TO PROPOSED JURY CHARGES

The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Corey R. Amundson, Chief of the Public Integrity Section, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, and Jordan Dickson, Trial Attorney, Public Integrity Section, of counsel, hereby files the government's brief in response to the Court's proposed jury charges.[1]

### I. Proposed "Unanimous Verdict — No Need to Agree on Basis for Reasonable Doubt" Instruction

The Court proposes the following charge regarding the unanimous verdict requirement and reasonable doubt:

> Although all members of the jury must agree unanimously on a verdict, it is not necessary that each juror have the same reason for voting a particular way. Thus, each juror is required to vote "not guilty" if the

---

[1] The government filed a proposed modification to the Court's proposed "Stream of Benefits" instruction on March 30, 2024. *See* Ltr., ECF No. 841, (dated Mar. 30, 2024). The government intends to propose additional modifications beyond the written requests contained in ECF No. 841 and the instant filing verbally at the charge conference.

> juror has a reasonable doubt. But it is not necessary for all jurors to have the same doubt or agree on what creates that reasonable doubt.[2]

Proposed Instructions at 249.

The government requests that this instruction be removed for three reasons. First, the proposed instruction does not appear in Judge Sand's model federal jury instructions and could confuse the jury as to the reasonable doubt instruction. Regarding the latter, the government unquestionably must prove beyond a reasonable doubt "each element of each offense charged." *United States v. Viafara-Rodriguez*, 729 F.2d 912, 913 (2d Cir. 1984) (emphasis added) (collecting cases); *accord* 1st Cir. Pattern Crim. Jury Instructions No. 3.02 ("[Defendant] has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential *element* of a crime charged against [him/her]." (emphasis added)); 3d Cir. Crim. Mod. Jury Instructions No. 1-13 (noting "that the government must prove each and every *element* of the offense(s) charged beyond a reasonable doubt" (emphasis added)); *see generally* 5th Cir. Crim. Pattern Jury Instructions No. 1-05; 6th Cir. Crim. Pattern Jury Instructions No. 1.03; 8th Cir. Crim. Pattern Jury Instructions No. 3-11; 9th Cir. Crim. Pattern Jury Instruction No. 6-5; 10th Cir. Crim. Pattern Jury Instructions No. 1-05; 11th Cir. Crim. Pattern Jury Instructions B3.

But the government need not prove beyond a reasonable doubt "each of the many subsidiary facts on which [it] may collectively rely to persuade the jury that a particular element has been established beyond a reasonable doubt." *Viafara-Rodriguez*, 729 F.2d at 913; *United States v. Zodhiates*, 235 F. Supp. 3d 439, 460 (W.D.N.Y. 2017) (same), *aff'd* 901 F.3d

---

[2] The Court circulated the same proposed instruction in *United States v. Lettieri*, 1:21-CR-20, (W.D.N.Y.), citing *McKoy v. North Carolina*, 494 U.S. 433, 449 n. 4 (1990) as the source of this proposed charge. Though the Court did not cite *McKoy* in the instructions it circulated to the instant parties, the government distinguishes *McKoy* from this case.

137 (2d Cir. 2018); *see, e.g.*, *United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) ("Indeed, the government did not have to prove beyond a reasonable doubt the subsidiary fact that [the defendant] did not use drugs.").

Because the government's burden of proof is clear, to charge beyond Judge Sand's model instruction could confuse the jury. *Cf. Levy v. United States*, 626 F. App'x 319, 322 (2d Cir. 2015) (unpublished) (affirming Judge Sand's reasonable doubt instruction); *see generally United States v. Scully*, 877 F.3d 464, 477 (2d Cir. 2017) (favorably citing "[t]he treatise on jury instructions authored by the late Leonard B. Sand, a wise and experienced trial judge, and his colleagues").

Second, the proposed charge's structure and wording confuses the unanimity requirement. Consider first the structure of the charge. The first sentence posits that jurors may have different reasons for voting a particular way. *See* Proposed Charge ("[I]t is not necessary that each juror have the same reason for voting a particular way."). Meanwhile, the second sentence proposes that "each juror is required to vote 'not guilty' if the juror has a reasonable doubt." The charge's use of the word "[t]hus" implies a logical relationship between the sentences and, by extension, the concepts they contain. So, read together, the instruction advises that because "it is not necessary that each juror have the same reason for voting a particular way[,] [ ] each juror is required to vote 'not guilty' if the juror has a reasonable doubt." This is wrong as a matter of law and injects unnecessary confusion into the unanimity requirement.

In addition, this confusing structure renders the second sentence ambiguous. The second sentence directs that "*each* juror" is "to vote 'not guilty' if *the* juror has a reasonable

doubt." (emphases added). Because the use of the word "the," a definite article, "suggests specificity," the second sentence would ordinarily—by itself—appear to posit that *the* individual juror who has a reasonable doubt must vote not guilty. *Noel Canning v. N.L.R.B.*, 705 F.3d 490, 500 (D.C. Cir. 2013).

But the surrounding "context," *Nielsen v. Preap*, 586 U.S. ----, 139 S. Ct. 954, 965 (2019), risks leading the jury to convert "the" into the indefinite article "a," which would imply "that the modified noun is but one of several of that kind," *Renz v. Grey Advert., Inc.*, 135 F.3d 217, 222 (2d Cir. 1997). Specifically, the first sentence announces the unanimity requirement and the third sentence—with its use of "all jurors"—echoes it. By sandwiching the second sentence in between two sentences invoking the unanimity principle, the instruction could lead the jury to conclude that each juror is required to vote not guilty if *a* juror has reasonable doubt.

Notably, no circuit appears to have incorporated the Court's proposed language in its respective pattern jury instructions. *See generally* 1st Cir. Pattern Crim. Jury Instructions Nos. 6-01, 6-03; 3d Cir. Crim. Mod. Jury Instructions No. 3-16; 5th Cir. Crim. Pattern Jury Instructions No. 1-26; 6th Cir. Crim. Pattern Jury Instructions No. 8-03; 7th Cir. Crim. Pattern Jury Instructions No. 7-03; 8th Cir. Pattern Jury Instructions No. 3-12; 9th Cir. Crim. Pattern Jury Instructions No. 6-19; 10th Cir. Crim. Pattern Jury Instructions 1-23; 11th Cir. Crim. Pattern Jury Instructions B11.

Third, and finally, the apparent source of this proposed charge considered a decidedly different issue. In *McKoy*, the Supreme Court considered the constitutionality of North Carolina's statutory capital sentencing scheme. There, the Court held that the sentencing

scheme's unanimity requirement violated the Eighth Amendment because it prevented the sentencer from considering all mitigating evidence. 494 U.S. at 435. The language proposed by the Court appears to be suggested only in a footnote to Justice Blackmun's concurring opinion ("Moreover, the jury's inability to agree as to an ultimate issue typically results in a deadlock or hung jury. Here the inability to agree requires the jury to proceed upon the assumption that a particular mitigating circumstance has been proved not to exist."). *Id*. at 450 n. 4.

In closing, the Second Circuit has repeatedly characterized Judge Sand's model instructions as the "leading treatise." *United States v. Jones*, 847 F. App'x 28, 30 (2d Cir. 2021); *United States v. Mends*, 412 F. App'x 370, 373 n. 4 (2d Cir. 2011); *United States v. Sabhnani*, 599 F.3d 215, 238 (2d Cir. 2010). The proposed language appears neither in Judge Sand's model instructions nor those of the circuit courts. To charge the jury beyond Judge Sand's model instructions on the issues of reasonable doubt and unanimity is both unnecessary and could inject confusion.

## II.     Proposed Accomplices Instruction

The Court also proposes the following "Accomplices" instruction:

> You have heard witnesses testify that they were actually involved in planning and carrying out the crimes charged in the Indictment. There has been a great deal said in the summations of counsel about these so-called accomplice witnesses and whether or not you should believe them.
>
> The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to testify about criminal behavior by others.
>
> For those very reasons, the law allows the use of accomplice testimony. In fact, it is the law in federal courts that the *testimony of accomplices may*

5

> *be enough for conviction*, if the jury finds that the testimony establishes a defendant's guilt beyond a reasonable doubt.

Proposed Jury Instructions at 223 (emphasis added).

The government objects to the proposed instruction because, as the Second Circuit has held, "even the testimony of a *single accomplice* witness is sufficient to sustain a conviction, provided it is not 'incredible on its face.'" *United States v. Truman*, 688 F.3d 129, 139 (2d Cir. 2012) (emphasis added); *United States v. Dugue*, 763 F. App'x 93, 96 (2d Cir. 2019) (unpublished) (same); *United States v. Mickens*, No. 20-258, 2021 WL 3136083, at *3 (2d Cir. July 26, 2021) (unpublished) (same).

Accordingly, the government proposes the following revision to the final paragraph of this instruction:

> For those very reasons, the law allows the use of accomplice testimony. In fact, it is the law in federal courts that the testimony of **a single accomplice witness is sufficient to sustain a conviction** if the jury finds that the testimony establishes a defendant's guilt beyond a reasonable doubt.

### III. Conclusion

For the reasons set forth above, the government respectfully requests that the Court strike the unanimity instruction on page 249 of the proposed instructions and modify the proposed accomplices instruction contained on page 223 of the proposed instructions.

Dated March 31, 2024.

| | |
|---|---|
| COREY R. AMUNDSON<br>Chief | TRINI E. ROSS<br>United States Attorney |
| BY: _/s/_____<br>JORDAN DICKSON | BY: _/s/_____<br>JOSEPH M. TRIPI |

Trial Attorney  
Public Integrity Section  
U.S. Department of Justice  
Criminal Division  
1301 New York Ave. NW, Ste. 1000  
Washington, D.C. 20530  
202-597-0508  
jordan.dickson@usdoj.gov

NICHOLAS T. COOPER  
CASEY L. CHALBECK  
Assistant United States Attorney  
United States Attorney's Office  
Western District of New York  
138 Delaware Avenue  
Buffalo, New York 14202  
716.843.5839  
Joseph.Tripi@usdoj.gov