IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                            19-CR-227-LJV

JOSEPH BONGIOVANNI,

             Defendant.

## NOTICE OF MOTION AND MOTION TO SET A DATE FOR TRIAL

**PLEASE TAKE NOTICE** that the United States of America, by its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Joseph M. Tripi, Assistant United States Attorney, of counsel, hereby moves this Court to set a date for trial, such motion to be heard at a date and time to be determined by the Court.

On April 12, 2024, a jury rendered a partial verdict finding the defendant guilty of Counts 13 and 15 of a Redacted Indictment, and not guilty of Count 12. All other counts (1 through 11 and 14) remain unresolved ("Unresolved Counts").

Following the entry of the partial verdict, the Court declared a mistrial on the Unresolved Counts and the parties discussed scheduling a retrial with the Court. The government requested to retry the Unresolved Counts as soon as practicable, but counsel for the defendant requested to delay retrial in order to prepare and file a motion to dismiss the Unresolved Counts on speedy trial grounds.

The Court granted the defendant's request for time to file a speedy trial motion, established a schedule for the defendant to file his motion, and excluded Speedy Trial Act time. Pursuant to the schedule set by the Court, the defendant's motion is due by April 26, 2024; the government's response is due by May 10, 2024; and, the defendant's reply is due by May 17, 2024. The Court further indicated that oral argument would be scheduled in its discretion, if necessary. *See* ECF No. 867.

Due to the mistrial on the Unresolved Counts, 70 days remain on the Speedy Trial Act clock. *See* 18 U.S.C. § 3161(e); *see also United States v. Rivera*, 844 F.2d 916, 919 (2d Cir. 1988) ("the 'action occasioning the retrial' was the district court's grant of the mistrial motion").[1] Notwithstanding the fact that 70 days remain on the Speedy Trial Act clock, and applying the timeframes the Court set for the defendant's motion, government's response, defendant's reply, and the anticipated 30-day advisement period for the Court to decide the motion, the government respectfully requests a firm trial date on or about June 18, 2024.

The government respectfully submits that the Court should set a firm trial date now for several reasons: (1) the defendant has raised speedy trial issues; (2) there is significant public interest in resolving the Unresolved Counts; and, (3) judicial economy favors retrying the case promptly.

### The Defendant's Speedy Trial Claims

The government will respond to the defendant's speedy trial motion when it is filed.

---

[1] Prior to the initial trial, the government contends that there were no non-excludable delays attributable to the government and that 70 days remain on the Speedy Trial Act clock.

2

However, although it seems illogical for the defendant to request delay of his trial on the Unresolved Counts in order to file a speedy trial motion, the fact that the defendant has raised the specter of a speedy trial violation strongly supports the government's position that re-trial of the Unresolved Counts should proceed as soon as possible.

### The Public Interest

As the Court is aware, there has been substantial local and national media attention focused upon this case, and the public and witnesses have a substantial interest in having the Unresolved Counts promptly retried and resolved. As the Second Circuit has explained:

> It must be remembered that a speedy trial is not only viewed as necessary to preserve the rights of defendants. **Just as significant is the protection it accords to society's interest in bringing criminals to justice promptly. The trial of a criminal case should not be unreasonably delayed because a defendant might find it advantageous to play a waiting game hoping, for example, that government witnesses may disappear or become forgetful**. Thus, the public has a strong interest in prompt trials because it reduces the defendant's opportunity to manipulate the criminal justice system. Moreover, society has a vital concern that an accused be quickly brought to trial in order to reduce the large number of crimes committed by those on bail.

*United States v. Caparella*, 716 F.2d 976, 981 (2d Cir. 1983) (emphasis added).

### Judicial Economy

A prompt retrial will enable the court to use its time and resources efficiently. Having just presided over the trial, the factual and legal issues attendant in this case are fresh in the minds of the Court and the parties, and the witnesses are ready, available, and awaiting receipt of subpoenas to testify at the retrial.

The passage of time will lead to inefficiencies and waste the court's resources. Specifically, extended delay before retrial will cause memories to fade, incentivize relitigating over previously decided legal issues, and otherwise will waste judicial and public resources. Delaying retrial will require the parties (and the Court) to start from scratch and review a lengthy trial record, which would be avoided if retrial proceeds promptly.

Additionally, setting a firm date now will enable the government to subpoena its witnesses, minimize duplication of effort, and ultimately avoid wasting the judiciary's time and resources. It will also enable the Court to decide what, if any, cases to transfer in the event other criminal trials are on the calendar that would interfere with the Court's ability to promptly retry this case. *See United States v. Tigano*, 880 F.3d 602, 615 (2d Cir. 2018) ("Delays due to 'overcrowded courts,' are counted against the government.").

## **CONCLUSION**

Based upon the foregoing, and the record before the Court, the government respectfully requests a firm trial date, with trial to commence on or about June 18, 2024, or as soon thereafter as the Court decides the defendant's forthcoming Speedy Trial motion.

DATED: Buffalo, New York, April 16, 2024.

TRINI E. ROSS
United States Attorney

BY: s/JOSEPH M. TRIPI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5839
joseph.tripi@usdoj.gov

4