```
 1                    UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF NEW YORK
 2

 3   UNITED STATES OF AMERICA,      )
                                    ) Case No. 1:19-CR-00227
 4                                  )             (LJV)(MJR)
                  Plaintiff,        )
 5                                  )
     vs.                            ) April 29th, 2024
 6                                  ) 2:40 p.m.
     JOSEPH BONGIOVANNI,            )
 7                                  )
                  Defendant.        )
 8

 9                   TRANSCRIPT OF ORAL ARGUMENT
             BEFORE THE HONORABLE LAWRENCE J. VILARDO
10                 UNITED STATES DISTRICT JUDGE

11
     APPEARANCES:
12
     For the Plaintiff:     TRINI E. ROSS, ESQ.
13                          UNITED STATES ATTORNEY
                            BY:  CASEY CHALBECK, ESQ.
14                               JOSEPH TRIPI, ESQ.
                            ASSISTANT UNITED STATES ATTORNEYS
15                          138 Delaware Avenue
                            Buffalo, NY 14202
16
     For the Defendant:     PARKER ROY MACKAY, ESQ.
17                          3110 Delaware Avenue
                            Kenmore, NY 14217
18
                            SINGER LEGAL PLLC
19                          BY:  ROBERT CHARLES SINGER, ESQ.
                            80 East Spring Street
20                          Williamsville, NY 14221

21   Court Reporter:        MEGAN E. PELKA, RPR
                            Robert H. Jackson US Courthouse
22                          2 Niagara Square
                            Buffalo, NY 14202
23                          (716) 229-0880

24

25
```

1           THE CLERK:  All rise.

2           THE COURT:  Please be seated.

3           THE CLERK:  19-CR-227.  United States v. Joseph
4    Bongiovanni.  Assistant United States Attorney Joseph Tripi
5    and Casey Chalbeck and paralegal Karen Champoux appearing on
6    behalf of the government.  Attorneys Parker MacKay and Rob
7    Singer appearing with defendant.  Defendant is present.  This
8    is the date set for oral argument.

9           THE COURT:  Okay.  Good afternoon, everyone.

10          MR. TRIPI:  Good afternoon, Your Honor.

11          THE COURT:  So, I've read the government's papers.
12   They were submitted *ex parte*.  I've read the defendant's
13   response.  Is there anything either side would like to add?

14          MR. TRIPI:  No, Your Honor.  Unless the defense has
15   something, I'll defer to my papers.

16          THE COURT:  Okay.  So, go ahead.

17          MR. MACKAY:  I don't think we need to add anything
18   further, Judge.  I'm not sure what we can really argue, again,
19   without -- not knowing --

20          THE COURT:  And I understand that.  And, as you folks
21   know, I like to proceed carefully and slowly in things like
22   this.  Here's what we're going to do.  Based on the
23   government's *ex parte* sealed submission, I believe that there
24   are compelling state interests that justify the initial
25   inquiry of this juror being conducted *ex parte*, but I'm going

1   to amend my initial order to require that any such inquiry be
2   conducted *in camera* on the record in the presence of the
3   Court.
4       After that inquiry, I will re-evaluate whether the balance
5   of the parties' interests continues to justify the content of
6   that inquiry remaining *ex parte*, and whether any further
7   action is necessary, maybe that we're going to disclose it to
8   the defense at that point, but I want to make sure that we
9   take this one step at a time.
10      At this juncture, I think the balance of keeping the
11  government's motion and the inquiry of the juror *ex parte* is
12  necessary because of balancing everything.  But that may
13  change depending on what the inquiry reveals.  And I want to
14  make sure that the defense understands that I understand and I
15  am weighing very carefully Mr. Bongiovanni's interests against
16  the state interest the government has identified in its
17  motion.  I want to proceed carefully and one step at a time.
18  I've done this before in this case and others, and that's what
19  we're going to do here.  Just do it one step at a time.
20      So, in my presence, we'll do it on the record.  I don't
21  know where; whether it will be in the courtroom, whether it
22  will be in my chambers maybe, but we're going to do it one
23  step at a time.
24          MR. TRIPI:  And, Judge, just mechanically, if I may
25  ask a clarifying question?  Obviously, the juror doesn't know

1   that this is happening today.  We have had no contact as of --
2   in compliance with your stay order and all that.  We -- what I
3   envision doing after this appearance is ordering that
4   transcript, making sure I have your order crystal clear.  I
5   just heard it, I know what you said, but do I have permission
6   to at least have one of the trial team call the juror, explain
7   what you just ordered?  Because the jurors, they have not
8   heard from us.
9              THE COURT:  Yes.  And nothing else.
10             MR. TRIPI:  Explain what you just ordered and that we
11  would need to arrange a date to have us conduct inquiry in the
12  Court's presence.  It would just be the -- at this stage, the
13  government and the Court that would be conducting inquiry, is
14  that accurate?
15             THE COURT:  Yeah.  I'm wondering if maybe we should
16  reach out to the juror.  Maybe Colleen should reach out to the
17  juror.
18             MR. TRIPI:  Okay.
19             THE COURT:  I volunteer you for too many things.
20             THE CLERK:  It's okay.
21             THE COURT:  But I think it might be better to have
22  Colleen reach out to the juror.  You have his number, I
23  believe?
24             THE CLERK:  I do, Judge.
25             THE COURT:  And she will schedule something.  I'll

1    have Colleen coordinate with you, Mr. Tripi, for your schedule
2    as well.
3                MR. TRIPI:  Okay.
4                THE COURT:  And then we'll schedule something.
5                MR. TRIPI:  Somewhere in there, if you could just let
6    the juror know we weren't ignoring him.  That's all.  I don't
7    want the individual to believe we were ignoring him.
8                THE COURT:  Of course not.  No.  And, again, we'll
9    call him again and tell him that.
10               MR. TRIPI:  Okay.  Thank you.
11               THE COURT:  Okay.  And I think the defendant has
12   preserved its record on this.  I think we're proceeding the
13   right way.  I'm guided by the Second Circuit's decision in the
14   Logan case citing 2 F.2d 654.  I think that that suggests that
15   this is the way something like this should be done, because
16   there is a risk of talking to jurors.  But, I think, if the
17   Court is present, that risk goes down considerably, and I
18   think that's why -- the way I'm leaning.
19               MR. TRIPI:  Sounds good.
20               THE COURT:  Anything else?
21               MR. TRIPI:  No, Your Honor.
22               THE COURT:  Anything else from the defense?
23               MR. MACKAY:  No, Your Honor.
24               THE COURT:  Okay.  Thank you all very much.
25               MR. TRIPI:  Thank you very much.

1            THE CLERK:  All rise.

2    (Proceedings concluded at 2:46 p.m.)

```
 1                *    *    *    *    *    *    *

 2

 3              I certify that the foregoing is a

 4         correct transcription of the proceedings

 5         recorded by me in this matter.

 6

 7

 8

 9                              s/ Megan E. Pelka, RPR

10                              Official Court Reporter
```