IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                                                19-CR-227-LJV

JOSEPH BONGIOVANNI,

               Defendant.

_____

### GOVERNMENT'S MOTION IN LIMINE TO ADMIT GOVERNMENT WITNESS R.K.'s PRIOR SWORN TESTIMONY

The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, of counsel, hereby moves to introduce the prior sworn trial testimony of R.K.,[1] who is unavailable to the government due to his death. The prior sworn testimony is admissible pursuant to Federal Rule of Evidence Rule 804(b)(1).

### FACTUAL BACKGROUND

On or about February 20, 2024, during the initial trial in this matter, the government called R.K. as a witness against the defendant. *See* Doc. No. 769, Minute Entry February 20, 2024. R.K.'s testimony on direct examination established, in sum[2], the following:

---

[1] R.K. is a witness known to the parties and the Court. At the government's request, while R.K. was alive, the Court permitted R.K. to be referred to in the official court transcript by his initials.

[2] The transcript of R.K.'s trial testimony in its entirety is attached hereto as **Exhibit A**. This summary is not a verbatim account of his testimony and is intended only to refresh the Court's recollection.

- R.K. testified that in April 2013 he was arrested for a burglary and was referred to the DEA to work as a confidential informant for defendant Bongiovanni;

- R.K. identified defendant Bongiovanni in Court;

- R.K. knew Tom Sibbick to be working with Ron Serio to transport and distribute large amounts of marijuana and cocaine;

- R.K. was initially debriefed by defendant Bongiovanni and others at the DEA; R.K. provided information about Sibbick and Serio, and was signed up as a DEA confidential source ("CS");

- R.K. agreed to be a CS for a period of one year, from April 29, 2013, to April 29, 2014. Defendant Bongiovanni served as R.K.'s handling agent;

- R.K. had known Serio for two years at the time he began working as a CS and could have bought cocaine and marijuana from Serio in any amount;

- Defendant Bongiovanni never asked R.K. to purchase drugs from Serio;

- R.K. had been to Serio's house on Lebrun five or six times and had purchased pounds of marijuana from Serio at his residence;

- Defendant Bongoivanni never asked R.K. to wear a wire and record conversations with Serio;

- Defendant Bongiovanni ultimately utilized R.K. to make buys of heroin from Peter Militello, after which defendant Bongiovanni stopped contacting R.K.;

- Defendant Bongiovanni never advised R.K. about his status as a CS after the Militello buys. Nor did defendant Bongiovanni ask R.K. to initiate communication with members of the Serio drug trafficking organization, like Serio or Sibbick; and

- R.K. estimated that he worked for defendant Bongiovanni as a CS for approximately 3 weeks, even though he had signed up to be a CS for one year.

On or about May 14, 2024, R.K. was discovered dead by a civilian who alerted the Buffalo Police Department.

## ARGUMENT

### I. R.K.'s Prior Sworn Trial Testimony is Admissible.

R.K.'s prior testimony is admissible because he is (i) unavailable; (ii) the prior testimony was given at defendant Bongiovanni's first trial; and (iii) the testimony is being offered against defendant Bongiovanni, who had an opportunity and similar motive to interrogate it through cross-examination. Indeed, Federal Rule of Evidence 804(b) expressly contemplates an exception to the bar against hearsay for these precise circumstances.[3]

Specifically, Rule 804(b)(1) states, in pertinent part: "Testimony that: (A) was given at a trial . . . and (B) is now offered against a party who had . . . an opportunity and similar motive to develop it by direct, cross-, or re-direct examination" is admissible. In other words, Rule 804(b)(1) identifies a three-part test: after establishing the witness's unavailability, the proponent of the evidence must show that the testimony was given at a trial, hearing, or lawful deposition. Lastly, the proponent must show that the testimony is being offered against a party who had an opportunity and similar motive to develop it by cross-examination.

Regarding the first element, a declarant is unavailable as a witness if the declarant cannot testify because of death. *See* FED. R. EVID. 804(a)(4). And regarding the third element, the Second Circuit has held that "in assessing similarity of motive under Rule 804(b)(1) must

---

[3] Federal Rule of Evidence 804(a) outlines criteria for unavailability.

consider whether the party resisting the offered testimony at a pending proceeding had at a prior proceeding an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue." *United States v. DiNapoli*, 8 F.3d 909, 914-15 (2d Cir. 1993). The Second Circuit went on to explain "the nature of the two proceedings – both what is at stake and the applicable burden of proof—and, to a lesser extent, the cross-examination at the prior proceeding—both what was undertaken and what was available but forgone—will be relevant though not conclusive on the ultimate issue of similarity of motive." *Id.* at 915. The Second Circuit further advised that "**[w]here both proceedings are trials and the same matter is seriously disputed at both trials, it will normally be the case that the side opposing the version of a witness at the first trial had a motive to develop that witness's testimony similar to the motive at the second trial**." *Id.* at 912 (emphasis added).

All of the elements are satisfied here, and R.K.'s prior sworn trial testimony, while hearsay, is admissible pursuant to FED. R. EVID. 804(b)(1) because it is testimony that was given at trial and is now offered against the defendant – a party who had an opportunity and similar motive to develop it by cross examination. For starters, R.K. is clearly unavailable because he is deceased. *See e.g.*, *Davis v. City of Rochester*, 2022 WL 6885334, at *6 (W.D.N.Y. October 12, 2022) (witness was "obviously unavailable" to testify because of death). The next element—that the testimony was given at a trial, hearing, or lawful deposition—is seemingly incontrovertible here.

So, too, is the final element—i.e., that defendant Bongiovanni had an opportunity and similar motive to challenge and develop R.K.'s testimony through cross-examination.

4

Turning first to opportunity, defendant Bongiovanni (quite extensively) cross-examined R.K. during his first trial. *See* **Exhibit A**, pgs. 21–63. In fact, the defendant's cross-examination of R.K. accounted for nearly 65% of the pages in R.K.'s transcript. Notwithstanding his counsel's robust cross-examination of R.K., any regret Bongiovanni might have regarding the scope and efficacy of his cross-examination *then* has no bearing on the admissibility of R.K.'s testimony *today*. That is because "[a] criminal defendant is entitled to 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *United States v. Salim*, 855 F.2d 944, 953–54 (2d Cir. 1988) (citing *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)).

Moreover, defendant Bongiovanni's motive for cross-examining R.K. at his first trial is identical to the motive he has for his second trial. The testimony is being offered against defendant Bongiovanni, the same defendant charged by the same Second Superseding Indictment as when R.K. testified at his prior trial. The identical nature of the charges essentially guarantees that the motive defendant Bongiovanni had to cross-examine R.K. during his first trial is the same one he possesses today, on the precipice of his second. In that regard, the facts here satisfy the "similarity of motive test" applied in this circuit, which "does not imply that the charges facing the defendant at the prior and current proceedings must be identical." *United States v. Carneglia*, 256 F.R.D. 366, 372 (E.D.N.Y. March 5, 2009).

In short, this Court should grant the government's motion because (1) R.K. is unavailable due to his death; (2) the testimony the government seeks to admit is R.K.'s prior

sworn testimony from a trial; and (3) the defendant most certainly had an opportunity and similarity of motive to cross-examine R.K. during his prior testimony.

### II. Transcript of R.K.'s Prior Testimony is Self-Authenticating.

Federal rule of Evidence 902(4) dictates that certified copies of public records are self-authenticating. Official court transcripts are certified copies of public records and, therefore, are self-authenticating. *See United States v. Lumumba*, 794 F.2d 806, 815 (2d Cir. 1986) (finding that trial transcript properly introduced into evidence at a contempt trial as a certified copy of a public record under Fed. R. Evid. 902(4)). Accordingly, R.K. is not needed to authenticate his prior trial testimony.

### CONCLUSION

The government respectfully requests that the Court permit the government to introduce R.K.'s prior sworn trial testimony (**Exhibit A**) as evidence against the defendant at trial.

DATED: Buffalo, New York, June 14, 2024

TRINI E. ROSS
United States Attorney

BY: s/JOSEPH M. TRIPI
s/NICHOLAS T. COOPER
s/CASEY L. CHALBECK
Assistant United States Attorneys
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202