UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                          **NOTICE OF MOTION**

                                                            Case No.: 19-CR-227

JOSEPH BONGIOVANNI,

PETER GERACE, JR.,

Defendants.

_____

UNITED STATES OF AMERICA,

v.

PETER GERACE, JR.,                                          Case No.: 23-CR-37


_____

      PLEASE TAKE NOTICE that upon the annexed declaration of Eric M. Soehnlein, Esq. and all other prior pleadings and docket entries in this case., Peter J. Gerace, Jr. respectfully requests the Court order: (1) adjourning any further submissions on Mr. Gerace's motion to dismiss and for other sanctions (Dkt. 996) until Mr. Gerace's motions for disclosure (Dkt. 1002 and 1036) are resolved; and (2) for such other and further relief as the Court deems just and proper.

Dated: July 1, 2024

| | |
|---|---|
| s/ Mark A. Foti, Esq. | s/ Eric M. Soehnlein, Esq. |
| Mark A. Foti, Esq. | Eric M. Soehnlein, Esq. |
| **The Foti Law Firm, P.C.** | **Soehnlein Law, PLLC** |
| 16 W Main Street, Suite 100 | 2100 Main Place Tower |
| Rochester, NY 14614 | 350 Main Street |
| (585) 461-1999 | Buffalo, NY 14202 |
| (585) 491-6512 | (716) 771-9092 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v. **ATTORNEY DECLARATION**

Case No.: 19-CR-227

JOSEPH BONGIOVANNI,

PETER GERACE, JR.,

Defendants.

_____

UNITED STATES OF AMERICA,

v.

PETER GERACE, JR., Case No.: 23-CR-37

_____

Eric M. Soehnlein, Esq., declares the following under penalty of perjury:

1. I am an attorney at law duly licensed to practice in the United States District Court for the Western District of New York. Together with Mark A. Foti, Esq., I am co-counsel to Peter Gerace, Jr., in the above matters. As such, I am familiar with the facts and circumstances of this matter.

2. I make this declaration in support of Mr. Gerace's motion to adjourn all further submissions on Mr. Gerace's motion to dismiss and for other sanctions (Dkt. 996) pending the resolution of Mr. Gerace's motions for disclosure (Dkt. 1002, 1036).

I. **Background**

3. After months of litigation regarding the government's first motion to disqualify Attorney Soehnlein (Dkt. 666), on April 25, 2024 the Court issued a decision denying the government's motion. Dkt. 825.

4. The parties appeared for a status conference on May 1, 2024. Dkt. 903. At the status conference, the Court asked whether the government felt a full *Curcio* colloquy was necessary regarding any remaining attorney conflict issues. The government indicated that it thought so, but would submit something, in writing, if it believed that anything other than the normal *Curcio* colloquy would be necessary. A date for a *Curcio* hearing was set for May 15, 2024. Dkt. 906.

5. On May 6, 2024 the government filed a second motion to disqualify Attorney Soehnlein, using the same factual predicate as the first motion, but arguing that it "analyz[ed] the facts through the actual and potential conflict rubric, as opposed to through a per se conflict rubric." Dkt. 925 at p. 2.

6. The filing was in stark contrast to what had been represented by the government as to its position on May 1. ("The Court agrees with Gerace, however, that he is entitled to additional time to respond in light of the government's again seeking disqualification of Attorney Soehnlein—rather than merely outlining a proposed *Curcio* inquiry as this Court and Gerace had anticipated."). Dkt. 934 (Text Order).

7. The defense responded to the government's second motion to disqualify on May 22, 2024. Dkt. 973.

8. On May 24, 2024 Mr. Gerace filed a motion to dismiss and for other sanctions. Dkt. 979. In relevant part the motion asserts the government acted in bad faith in subpoenaing and compelling disclosure from a defense investigator in disregard of the attorney-client privilege and in the means and manner in which it pursued the disqualification of Attorney Soehnlein.

9. On June 5, 2024, the government filed its reply in support of its second motion to disqualify Attorney Soehnlein. Dkt. 997. The government's primary arguments in reply, which were different than the arguments in its original moving papers, were couched in the assertion that Attorney Soehnlein could be called as a witness against Mr. Gerace. Id. a pp 3-27. The government explicitly and repeatedly asserted that the "crime-fraud exception applied" to Attorney Soehnlein and his communications with Mr. Gerace. Id. at p. 11.

10. As a result of the government's new assertion in reply, on June 11, 2024, the defense moved for "[d]isclosure of any and all ex parte applications by the government for a crime-fraud order that reference Peter Gerace or Eric Soehnlein, including any proceedings related thereto and the disposition the application(s)." Dkt. 1002.

11. At a status conference on June 12, 2024, the Court set a briefing schedule on the motion that contemplated government responses by June 20, 2024 and a *Curcio* hearing on June 21, 2024. Dkt. 1008.

12. On June 17, 2024, however, the government moved for an extension to respond to the defense motion, citing various circumstances. Dkt. 1014. In pertinent part, the government's motion stated: "In order to compose a response to the defendant's motion, the prosecutors on this case need to coordinate with AUSA Richard Resnick and other members of the United States Attorney's Office." Id. at p. 2, para.4. The government's response to the motion was adjourned until after the *Curcio* hearing. Dkt. 1016.

13. The day after the motion for the extension of time, the government's trial team filed a 12-page memorandum further arguing for the disclosure of Attorney Soehnlein's *ex parte* motion to withdraw, relying heavily on the assertion that the crime fraud exception applied. Dkt. 1018 (the first heading of the brief is: "The Court should disclose Mr. Soehnlein's Ex Parte and Sealed Motion to Withdraw Because there is a Factual Basis to Believe that the Crime-Fraud Exception Applies to Any Privilege Communications")[1].

---

[1] The government's brief repeatedly referred to the factual predicate of the motion to disqualify as the "orchestrated recusal" despite the fact that the government trial team that filed the brief takes the position they are not investigating the factual predicate of the motion to disqualify and are not in a position to state the allegation as fact.

14. On June 21, 2024, the Court held a lengthy *Curcio* inquiry. Throughout the inquiry, the government raised several potential conflicts, most of which were based on the possibility that Attorney Soehnlein could be compelled at some point to testify against Mr. Gerace. *See generally* Dkt. 1027. In seeking disqualification, the government also relied on the fact that there was a crime-fraud application that was pending and not decided by the Court. Id. at p. 50-55.

15. The Court accepted Mr. Gerace's waiver and instructed that it would have Mr. Gerace back to Court to conduct a further inquiry after Mr. Gerace had additional time to reflect on the potential conflicts and the possibility of Attorney Soehnlein being called as a witness in particular. Dkt. 1026 (Text Order) ("Since defendant just read certain sealed submissions today, additional time will be provided so he can meet with Attorney Spitler. Continuation of Curcio Hearing scheduled for 7/9/2024 at 12:30 PM").

16. Also at the June 21, 2024 hearing, the defense made clear that the government's position on the crime-fraud application and the content of the crime-fraud application weighed in on the defense's motion to dismiss and for other sanctions. The following colloquy occurred:

MR. FOTI: When we were here last time, we set a schedule for a number of submissions that included submissions related to the motion that the defense had made for disclosure of the crime fraud applications. The government moved for an extension of that, and for understandable reasons, you didn't have any objection to it. That's been pushed back. However, we still have a deadline

currently set for Monday for the reply on the motion to dismiss that we filed. In drafting that, we've discussed the fact that the government's response potentially factors into a number of issues that we may want to address in the reply. We don't have an argument date scheduled at this point, and I think we weren't really ultimately get to this issue until after we conclude these proceedings. I don't think it would effect anything if there were to be an extension, and so that would be our request. **I would like to put it out at least until we have an opportunity to know whether the government is in a position to disclose those applications**, or whether that's –

THE COURT: When's the government's due date for that?

MR. COOPER: Tuesday, June 25.

MR. FOTI: The 25th. And I think our reply date is July 1st. **But the way we left it last time, the government, after speaking to Mr. Rzeznik, was open to different possibilities of what their position would be at this point.**

THE COURT: Okay. So do you have any objection to my extending their time to reply from this Monday until after July -- or, June 25th?

MR. TRIPI: Maybe I just didn't understand a part what was Mr. Foti said, so I apologize. Did he say after seeking to Mr. Rzeznik as it relates to our motion to dismiss? I don't view those things as connected. I'm unaware of a conversation that Mr. Foti had with Mr. Rzeznik.

MR. FOTI: So, we haven't had a conversation with Mr. Rzeznik. When the government moved to extend the time to respond to the crime fraud application, in their submission to the Court they indicated part of the reason they needed the extension is Mr. Rzeznik is on trial currently.

MR. TRIPI: I misunderstood what he said.

MR. FOTI: So my understanding was they were going to engage in communications with Mr. Rzeznik, and depending on the result of that communication, they were going make a decision that could impact certain items.

THE COURT: So what you're asking is for me to extend your time from Monday to file whatever reply you were supposed to reply on Monday until after June 25.

MR. FOTI: Yes.

MR. TRIPI: That's fine.

17. On June 26, 2024, the government filed its response in opposition to Mr. Gerace's motion for disclosure of the crime-fraud application. Dkt. 1030. The response makes a number of factual assertions that call into question prior representations the government made about the crime-fraud application, its knowledge of the crime-fraud application, and its communications with AUSA Resnick and other attorneys who were investigating the facts that led to the government's first motion to disqualify Attorney Soehnlein ("the investigative team").[2] *See, e.g.*, Dkt. 798 at p. 18, n. 6 (in its Supplement to the Revised and Superseding Motion to Disqualify Attorney Soehnlein, the trial team advised the Court that the investigative team told them of the existence of a crime-fraud application which the trial team cited in furtherance of the motion to disqualify); Dkt. 1030, p. 2 (the government asserts the crime-fraud application should be shielded by grand jury secrecy rules and was "not part of the Court's prior disclosure directive.").

18. On June 28, 2024, Mr. Gerace filed his reply in support of the motion for disclosure of the crime fraud application. Because the statements made in the government's response to that motion demonstrate the government did not follow the Court's December 8, 2024 disclosure directive, Mr. Gerace made a

---

[2] Although the government's adjournment request cited the need to consult with AUSA Resnick, the government's substantive submission makes no reference to any input provided by AUSA Resnick.

supplemental motion for disclosure of communications between the trial team and the investigative team. Dkt. 1035, 1036.

## II. The Court Should Adjourn Briefing on the Motion to Dismiss and for Other Sanctions Pending the Resolution of Mr. Gerace's Motions for Disclosure

19. The motions for disclosure encompass the factual predicate of the motion to dismiss. The defense believes any disclosure ordered by the Court will support Mr. Gerace's motion to dismiss because it will demonstrate: the trial team was in contact with the investigative team; the trial team did not share exculpatory information or other pertinent facts relating to disqualification with defense counsel as Ordered by the Court; and that once the government learned the investigator would provide testimony that was helpful and exculpatory to Attorney Soehnlein the government failed to interview the investigator, thereby prolonging the conflict and imperiling Mr. Gerace's Fifth and Sixth Amendment rights.[3]

20. The government's failure to share information that was potentially exculpatory to Attorney Soehnlein or take steps to learn facts relating to the allegations made by the trial team is particularly critical to the analysis on the motion to dismiss, as the Court has already criticized the government for failing to provide

---

[3] The Court has already noted that the conflict was one the government created and had the power to eliminate. Dkt. 825 at p. 3, n.2.

exculpatory information in connection with the original motion to disqualify. *See, e.g.*, Dkt. 825 at p. 25, n. 16 ("Moreover, this Court has serious concerns about the fact that in a brief accusing a well-respected member of the bar of a crime, no supervisor at the United States Attorney's Office noticed the omission of a legal provision that could absolve him.").

21. The government's obligation to bring a motion to disqualify under the *per se* conflict standard is triggered by credible evidence. *See, e.g., United States v. Fulton*, 5 F.3d 605 (2d Cir. 1993) (obligation triggered by statements from cooperating government trial witness); *United States v. Williams*, 372 F.3d 96 (2d Cir. 2004) (obligation triggered when defense counsel was indicted on various narcotic and firearms related offenses); *United States v. Lewis*, 850 F. App'x 81 (2d Cir. 2021) (obligation triggered when it was brought forward by government witness who corroborated the allegation with text messages and email communications.).

22. Here, the government made an allegation on "flimsy" evidence (Dkt. 825 at p. 33) and when it learned further inquiry into the source of that evidence would end the conflict, the government failed to take investigative measures.

23. As the Supreme Court and Courts in this district have noted:

Unfortunately for all concerned, a district court must pass on the issue whether or not to allow a waiver of a conflict of interest by a criminal defendant not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly.

The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials. *United States v. Sullivan*, 381 F. Supp. 2d 120, 124 (W.D.N.Y. 2005)(quoting *Wheat v. United States*, 486 U.S. 153, 164, 100 L. Ed. 2d 140, 108 S. Ct. 1692 (1988).

24. The record demonstrates the government strategically did what it could to keep the conflict issue "murky," failing to investigate the serious but wholly uncredible allegations it made.

25. As the Court knows, the defense was agreeable to a trial date in early October, and the trial date was ultimately set in this case for October 28, 2024 to provide the government with continuity of counsel. Dkt. 903.

26. There is no oral argument or hearing date set on Mr. Gerace's motion to dismiss and for other sanctions. Moreover, a brief adjournment of the briefing schedule will not have an impact on the trial date, which is several months away.

27. Further, while the disclosure of the crime fraud application is clearly relevant to issues discussed within Mr. Gerace's motion to dismiss, the government has been granted a sur-reply as it relates to the disclosure of the crime-fraud application. Dkt. 1043. The government has ample opportunity to respond to these issues.

28. Accordingly, Mr. Gerace respectfully requests an Order adjourning any further submissions on Mr. Gerace's motion to dismiss and for other sanctions until the motions for disclosure are resolved.

Dated: July 1, 2024                                     ___*s/Eric M. Soehnlein*___