IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

          v.                                        19-CR-227-LJV

JOSEPH BONGIOVANNI,

            Defendant

―――――――――――――――――――――――――――――――

## GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE CROSS-EXAMINATION OF GOVERNMENT WITNESS JOSEPH KRYWALSKI ABOUT HIS INVOLVEMENT IN CIVIL LAWSUITS

The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, hereby moves to preclude defendant Joseph Bongiovanni from cross-examining New York State Police Sergeant Joseph Krywalski about his involvement in civil case number 1:21-CV-954.

## I.  FACTUAL BACKGROUND

On August 21, 2021, New York State Police Sergeant Joseph Krywalski was named in a civil complaint alleging, in pertinent part, that he participated in both an illegal search and seizure and a retaliatory arrest arising from the plaintiff's exercise of his First Amendment rights.  *See* Am. Compl., at 9–10, ¶¶ 64–68, 1:21-CV-954, ECF No. 24, (filed May 7, 2022) (Exhibit A).  In support of plaintiff's § 1983 claims against Sgt. Krywalski, he alleges that Krywalski and others made false accusations against the plaintiff, filed false declarations, and issued false criminal complaints.  *Id.* at 6 ¶ 41, 7 ¶¶ 47–49.  To date, the docket does not reflect

any substantiation of the plaintiff's allegations or any adverse credibility finding concerning Sgt. Krywalski.  *See* Docket Report (Exhibit B).

## II.   LEGAL FRAMEWORKS

### 1.   Federal Rule of Evidence 608(b)

Federal Rule of Evidence 608(b) governs the admission of "evidence of specific acts . . . to attack the witness's character for truthfulness[.]"  *United States v. Daniels*, 566 F. Supp. 3d 191, 194 (E.D.N.Y. 2021) (citing *United States v. Peterson*, 808 F.2d 969, 973-74 (2d Cir. 1987)).  The same rule permits a court, "in its discretion, [to] allow inquiry into specific instances of the conduct of a witness on cross-examination, but only if those acts are 'probative of truthfulness or untruthfulness.'"  *Id.* (citing FED. R. EVID. 608(b)).

"In addition to determining whether, on cross-examination, a particular prior act is probative of truthfulness and therefore permissible under Rule 608(b), the court still must be guided by [Federal Rules of Evidence] 611 and 403 in deciding whether to exercise its discretion to allow cross-examination pursuant to Rule 608(b)."  *Id.* (quoting *United States v. Brown*, No. 07-CR-874 (KAM), 2009 WL 497606, at *4 (E.D.N.Y. Feb. 26, 2009) (internal quotation removed)); *see also United States v. Devery*, 935 F. Supp. 393, 407-08 (S.D.N.Y. 1996) ("[C]ase law interpreting the express purpose of Rule 608(b) makes clear that not all prior bad acts are admissible to impeach a witness.  Such acts are only admissible insofar as they bear on a witness's propensity for truthfulness or untruthfulness, and, even if the prior act does concern the witness's character for truthfulness under Rule 608(b), its probative value must not be substantially outweighed by its unfairly prejudicial effect under Rule 403.").

### 2.   Courts within the Second Circuit routinely preclude cross-examination on alleged misconduct that has no bearing on truthfulness, bias, or other material issues in dispute in the case.

With respect to law enforcement witnesses, courts have precluded cross-examination concerning prior misconduct, or allegations of misconduct, that has no bearing on truthfulness, bias, or any other material issues in dispute in the case.  *See United States v. Lawes*, 292 F.3d 123, 131 (2d Cir. 2002) (finding that precluding cross-examination was proper where the misconduct had no relevance to credibility or motivation to lie); *United States v. Horsford*, 422 F. App'x 29, 2011 WL 1878747, at * 1 (2d Cir. 2011) (unpublished) (upholding trial court's preclusion of cross-examination regarding *substantiated* review-board allegations where the underlying conduct involved no dishonesty); *United States v. Lights*, 2016 WL 7098633, at *4 (S.D.N.Y. Dec. 5, 2016) (precluding cross-examination on a *substantiated* review-board complaint that "does not weigh towards [the witness]'s propensity for truthfulness"); *United States v. Polanco*, 2011 WL 1795293, at *4 (S.D.N.Y. May 3, 2011) (precluding cross examination of *substantiated* review-board complaints because there was no evidence that the review board found the witness to be not credible).

Likewise, civil lawsuits against government law enforcement witnesses that offer only unproven allegations or that have settled 'lacking any adverse findings' are not 'probative of the witness' truthfulness.'"  *United States v. Clanton*, No. 23-CR-00328 (KAM)(PK), 2024 WL 3443422, at *5 (E.D.N.Y. July 17, 2024) (quoting *United States v. Ahmed*, No. 14-CR-277 (DLI), 2016 WL 3647686, at *3 (E.D.N.Y. July 1, 2016)); *see also United States v. Jackson*, No. 19-CR-356 (ARR), 2020 WL 6558215, at *3 (E.D.N.Y. Nov. 9, 2020) (finding that because "[a]ll of the civil lawsuits brought against the government's witnesses are either currently pending or have already ended in settlement without any admission of wrongdoing by the defendant or adverse credibility finding by the court," there was "no reason to believe that the

underlying files are likely to contain material that is relevant to the credibility of the witnesses").

## III.   ARGUMENT

The Court should preclude cross-examination regarding the pending civil lawsuit against Sgt. Krywalski.  Here, because the civil suit against Sgt. Krywalski is pending "without the government's knowledge of any adverse credibility finding" against Sgt. Krywalski, it is "not 'probative of [his] truthfulness.'"  *Clanton*, 2024 WL 3443422, at *6 (quoting *Ahmed*, 2016 WL 3647686, at *3).  Indeed, even if the case were to settle, the absence of any adverse findings or admissions of wrongdoing unconnected to Sgt. Krywalski's truthfulness, place the mere existence of the civil complaint and its allegations beyond the reach of Rule 608 and, by extension, cross-examination.  *See Ahmed*, No. 14-CR-277 (DLI), 2016 WL 3647686, at *3 ("The Court does not consider the existence of a complaint containing unproven allegations or a settlement agreement lacking any adverse findings probative of the witness' truthfulness.").  Accordingly, the Court should preclude Mr. Bongiovanni from cross-examining Sgt. Krywalski about his status as a named defendant in the above-referenced civil complaint.

## IV.   CONCLUSION

The government respectfully asks the Court to preclude any cross-examination regarding Sgt. Krywalski's status as a named defendant in a pending civil lawsuit.

DATED:  Buffalo, New York, August 22, 2024.

TRINI E. ROSS
United States Attorney


BY:        s/JOSEPH M. TRIPI

s/NICHOLAS T. COOPER
s/CASEY L. CHALBECK
Assistant United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716-843-5839
Joseph.Tripi@usdoj.gov

# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MYLES CARTER,

                Plaintiff,            **AMENDED**
                                    **COMPLAINT**

        -against-

THE CITY OF BUFFALO, BUFFALO POLICE    Plaintiff Demands a
OFFICER CHARLAN D. MITCHELL,          Trial By Jury
BUFFALO POLICE OFFICERS JOHN DOE #1,
JOHN DOE #2, JOHN DOE #3, JOHN DOE #4,
JOHN DOE #5 and JOHN DOE #6, NY STATE   1:21-cv-00954-WMS
POLICE SERGEANT JOSEPH H. KRYWALSKI,
NY STATE POLICE TROOPER MICHAEL D.
O'BRYAN, NY STATE POLICE TROOPER
DANIEL A. BURGESS, and NY STATE POLICE
LIEUTENANT DANIEL J. HOLLANDS,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of defendants,

alleges as follows, upon information and belief:

## **THE PARTIES**

      1.  That at all times herein mentioned, plaintiff was and is a United States citizen

and a resident of the Town of Tonawanda, County of Erie, State of New York.

      2.  That at all times herein mentioned, defendant The City of Buffalo (hereinafter

"the City") was and is a municipal corporation, organized and existing under and by virtue of the

laws of the State of New York.

      3.  That at all times herein mentioned, the City operated, managed, maintained,

and controlled the Buffalo Police Department (hereinafter "the BPD").

      4.  That at all times herein mentioned, the BPD was and is an agency of the City.

5.  That at all times herein mentioned, defendant Buffalo Police Officer Charlan D. Mitchell (hereinafter "Mitchell") was and is employed by the City as a police officer.

6.  That at all times herein mentioned, Mitchell was and is employed by the BPD as a police officer.

7.  That at all times herein mentioned, Mitchell was acting within the course and scope of his employment with the City and the BPD.

8.  That at all times herein mentioned, Mitchell was acting under color of state law.

9.  That at all times herein mentioned, defendants Buffalo Police Officers John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, and John Doe #6 (hereinafter collectively "the John Doe officers"), are fictitious names and are intended to designate Buffalo police officers whose identities are unknown to plaintiff.

10.  That at all times herein mentioned, the John Doe officers were and are employed by the City as police officers.

11.  That at all times herein mentioned, the John Doe officers were and are employed by the BPD as police officers.

12.  That at all times herein mentioned, the John Doe officers were acting within the course and scope of their employment with the City and the BPD.

13.  That at all times herein mentioned, the John Doe officers were acting under color of state law.

14.  That at all times herein mentioned, defendant NY State Police Sergeant Joseph H. Krywalski (hereinafter "Krywalski") was and is employed by the New York State Police (hereinafter "the State") as a sergeant.

15.  That at all times herein mentioned, Krywalski was acting within the course and scope of his employment with the State.

16.  That at all times herein mentioned, Krywalski was acting under color of state law.

17.  That at all times herein mentioned, defendant NY State Police Trooper Michael D. O'Bryan (hereinafter "O'Bryan") was and is employed by the State as a trooper.

18.  That at all times herein mentioned, O'Bryan was acting within the course and scope of his employment with the State.

19.  That at all times herein mentioned, O'Bryan was acting under color of state law.

20.  That at all times herein mentioned, defendant NY State Police Trooper Daniel A. Burgess (hereinafter "Burgess") was and is employed by the State as a trooper.

21.  That at all times herein mentioned, Burgess was acting within the course and scope of his employment with the State.

22.  That at all times herein mentioned, Burgess was acting under color of state law.

23.  That at all times herein mentioned, defendant NY State Police Lieutenant Daniel J. Hollands (hereinafter "Hollands") was and is employed by the State as a lieutenant.

24.  That at all times herein mentioned, Hollands was acting within the course and scope of his employment with the State.

25.  That at all times herein mentioned, Hollands was acting under color of state law.

## JURISDICTION and VENUE

26. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

27. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

28. That venue is proper in this district as the parties reside in the Western District of New York and the causes of action herein accrued in the Western District of New York.

29. That prior to the institution of this action and within ninety (90) days from the dates when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the City, Mitchell, and the John Doe officers on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the City, Mitchell, and the John Doe officers have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

## FACTS

30. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

31. That on June 1, 2020, plaintiff was lawfully standing at or near the intersection of Bailey Avenue and Weston Avenue, Buffalo, New York, attending a protest of police misconduct.

32. That during the course of the protest, plaintiff was being interviewed by a media outlet about issues relating to the protest.

33. That during the course of this interview, plaintiff had his arms extended vertically over his head and his hands open, an act commonly referred to as a "hands up" gesture and universally recognized as intended to indicate that the individual poses no threat of harm to others.

34. That while plaintiff was being interviewed by the media outlet with his hands up, the John Doe officers, together with Krywalski, O'Bryan, and Burgess, acting collectively and in concert with each other, violently tackled plaintiff from behind and threw plaintiff to the ground.

35. That after tackling plaintiff to the ground, the John Doe officers, together with Krywalski, O'Bryan, and Burgess, forcibly detained and kept plaintiff pinned to the ground (forcing plaintiff to ingest tear gas that had been discharged in the area) and forcibly applied zip ties to plaintiff's hands.

36. That after forcibly applying the zip ties to plaintiff, the John Doe officers continued to detain, confine, and imprison plaintiff against his will at various locations, including but not limited to a police vehicle and a police precinct.

37. That during the course of plaintiff's detention, the John Doe officers substituted metal handcuffs for the zip ties that initially were applied to restrain plaintiff.

38. That after plaintiff was physically detained by the John Doe officers, Mitchell formally placed plaintiff under arrest and continued the forcible detention, confinement, and imprisonment of plaintiff.

39.   That the aforementioned actions of Krywalski, O'Bryan, and Burgess were undertaken at the direction and under the orders of Lt. Hollands, who supervised Krywalski, O'Bryan, and Burgess.

40.   That following plaintiff's arrest, Mitchell and the John Doe officers, together with Hollands, Krywalski, O'Bryan, and Burgess, initiated and/or caused to be initiated a criminal prosecution of plaintiff, in which plaintiff was charged with crimes of which he was innocent and of which Mitchell, the John Doe officers, Hollands, Krywalski, O'Bryan, and Burgess knew plaintiff to be innocent.

41.   That in support of the aforementioned prosecution, Mitchell, the John Doe officers, Hollands, Krywalski, O'Bryan, and Burgess knowingly made false accusations against plaintiff to fellow officers and to prosecutors.

42.   That in support of the aforementioned criminal prosecution, Mitchell authored and signed Criminal Court Complaints that contained allegations of criminal conduct against plaintiff that were false and that Mitchell knew to be false.

43.   That as a result of the criminal prosecution, plaintiff was required to appear in court to defend against the criminal charges, and was otherwise deprived of his liberty.

44.   That on or about July 17, 2020, all criminal charges against plaintiff were dismissed on the merits, and the criminal proceeding terminated favorably to plaintiff.

45.   That at all times herein mentioned, Mitchell, the John Doe officers, Hollands, Krywalski, O'Bryan, and Burgess lacked probable cause or even reasonable suspicion to believe that plaintiff had committed or was about to commit any crime or criminal violation.

46.   That on or about July 24, 2020, just one week after the dismissal of the criminal charges against plaintiff, Mitchell, Hollands, Krywalski, O'Bryan, and Burgess initiated

and/or caused to be initiated an additional criminal prosecution of plaintiff arising out of the same June 1, 2020 incident, in which plaintiff again was charged with crimes of which he was innocent and of which Hollands, Krywalski, O'Bryan, and Burgess knew plaintiff to be innocent.

47.   That in support of the aforementioned prosecution, Mitchell, Hollands, Krywalski, O'Bryan, and Burgess knowingly made false accusations against plaintiff to fellow officers and to prosecutors.

48.   That in support of the aforementioned criminal prosecution, Krywalski, O'Bryan, and Burgess signed supporting depositions that contained allegations of criminal conduct against plaintiff that were false and that Krywalski, O'Bryan, and Burgess knew to be false.

49.   That in support of the aforementioned criminal prosecution, Krywalski also signed a Criminal Court Complaint that contained allegations of criminal conduct against plaintiff that were false and that Krywalski knew to be false.

50.   That as a result of the criminal prosecution, plaintiff again was required to appear in court on numerous occasions over a nearly two-year period to defend against the criminal charges, and was otherwise deprived of his liberty.

51.   That on or about March 7, 2022, after a bench trial before the Hon. Diane Y. Wray in the Buffalo City Court, all criminal charges against plaintiff were dismissed on the merits, and the criminal proceeding terminated favorably to plaintiff.

52.   That the force used against plaintiff by the John Doe officers, Krywalski, O'Bryan, and Burgess during the June 1, 2020 incident was unreasonable, excessive, and not justified under the circumstances.

53. That the force used against plaintiff resulted in difficulty breathing, bruising and cuts to both wrists, an injury to plaintiff's lower back which prevented plaintiff from engaging in certain physical activities for an extended period of time after the date of the arrest, and anxiety.

54. That the aforementioned actions of Mitchell, the John Doe officers, Hollands, Krywalski, O'Bryan, and Burgess were intentional and malicious in nature.

55. That the aforementioned actions of Mitchell, the John Doe officers, Hollands, Krywalski, O'Bryan, and Burgess were motivated, in part, by a desire to punish plaintiff for the exercise of his First Amendment rights of free speech and assembly, and his right to petition the government for redress of grievances.

56. That each of the defendants herein observed aspects of the illegal conduct of his fellow law enforcement officials, had a duty and reasonable opportunity to intervene to prevent and/or stop that illegal conduct, and deliberately failed and refused to do so.

57. That as a result of the aforesaid actions of the defendants, plaintiff sustained physical and emotional injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, suffered a deprivation of liberty, incurred attorney's fees in defense of the criminal charges, incurred other economic loss, and has been otherwise damaged.

### FIRST CAUSE OF ACTION AGAINST
### THE CITY and THE JOHN DOE OFFICERS
(State Law Claim for Assault and Battery)

58. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

59.  That the aforementioned actions of the John Doe officers constitute and resulted in an assault and battery of plaintiff, for which the John Doe officers are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

**SECOND CAUSE OF ACTION AGAINST**
**THE CITY, THE JOHN DOE OFFICERS and MITCHELL**
(State Law Claim for False Arrest/Imprisonment)

60.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

61.  That the aforementioned actions of the John Doe officers and Mitchell constitute and resulted in a false arrest and false imprisonment of plaintiff, for which the John Doe officers and Mitchell are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

**THIRD CAUSE OF ACTION AGAINST**
**THE CITY, THE JOHN DOE OFFICERS and MITCHELL**
(State Law Claim for Malicious Prosecution)

62.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

63.  That the aforementioned actions of the John Doe officers and Mitchell constitute and resulted in malicious prosecutions of plaintiff, for which the John Doe officers and Mitchell are liable under New York state law and for which the City is vicariously liable under the doctrine of respondeat superior.

**FOURTH CAUSE OF ACTION AGAINST**
**THE JOHN DOE OFFICERS, MITCHELL,**
**HOLLANDS, KRYWALSKI, O'BRYAN and BURGESS**
(42 U.S.C. § 1983: Fourth and Fourteenth Amendment Claims)

64.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

65. That the aforesaid actions by the John Doe officers, Mitchell, Hollands, Krywalski, O'Bryan, and Burgess constitute illegal searches and seizures, deprivations of liberty, arbitrary and capricious abuses of authority, a violation of due process, and a violation of plaintiff's personal and bodily integrity, all in violation of rights guaranteed to plaintiff under the Fourth Amendment and Fourteenth Amendment to the U.S. Constitution, and entitle plaintiff to recover damages from the John Doe officers, Mitchell, Hollands, Krywalski, O'Bryan, and Burgess under 42 U.S.C. §1983.

### FIFTH CAUSE OF ACTION AGAINST THE JOHN DOE OFFICERS, MITCHELL HOLLANDS, KRYWALSKI, O'BRYAN and BURGESS
(42 U.S.C. § 1983: First Amendment Claim)

66. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

67. That the aforesaid actions by the John Doe Officers, Mitchell, Hollands, Krywalski, O'Bryan, and Burgess were undertaken in retaliation or retribution for plaintiff having exercised his right of free speech, his right of free assembly, and his right to petition the government for redress of grievances, guaranteed by the First Amendment to the Constitution, and entitle plaintiff to recover damages from the John Doe officers, Mitchell, Hollands, Krywalski, O'Bryan, and Burgess under 42 U.S.C. § 1983.

68. That all of the foregoing causes of action fall within one or more of the exceptions set forth in Article 16 of New York's Civil Practice Law & Rules with respect to joint and several liability.

**WHEREFORE**, plaintiff demands judgment against defendants, and each of them, for compensatory damages in the amount of Three Million ($3,000,000.00) Dollars, and punitive damages in the amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars, and

plaintiff demands attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and

disbursements of this action.

Dated: New York, New York
May 7, 2022

Yours, etc.
Sivin, Miller & Roche LLP

By s/ Edward Sivin
Edward Sivin
Attorneys for plaintiff
20 Vesey St., Suite 1400
New York, NY 10007
(212) 349-0300

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of New York

| | |
|---|---|
| MYLES CARTER | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. 1:21-cv-00954 |
| POLICE SERGEANT JOSEPH H. KRYWALSKI, | ) |
| NY STATE POLICE TROOPER MICHAEL D. | ) |
| O'BRYAN, NY STATE POLICE TROOPER | ) |
| DANIEL A. BURGESS, and NY STATE POLICE | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  NY State Police Lieutenant Daniel J. Hollands: c/o New York State Police, 8555
Boston State Rd., Boston, NY 14025

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:  Sivin, Miller & Roche LLP
20 Vesey St., Suite 1400
New York, NY 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                    _____
                                                              _Signature of Clerk or Deputy Clerk_

Exhibit B



**User Name:** Casey Chalbeck

**Date and Time:** Thursday, August 22, 2024 4:05:00PM EDT

**Job Number:** 231797179

## Document (1)

1. _1:21cv954, Carter V. The City Of Buffalo Et Al_

   **Client/Matter:** -None-

   **Search Terms:** (plaintiff-litigant(joseph h. krywalski) or defendant-litigant(joseph h. krywalski) or others-litigant(joseph h. krywalski))

   **Search Type:** Terms and Connectors

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Dockets | Case Status: Open,Unknown,Closed |

## *1:21cv954, Carter V. The City Of Buffalo Et Al*

US District Court Docket

United States District Court, New York Western

(Buffalo)

**This case was retrieved on 07/15/2024**

## Header

**Case Number:** 1:21cv954
**Date Filed:** 08/23/2021
**Assigned To:** Honorable William M. Skretny
**Referred To:** Honorable Leslie G. Foschio
**Nature of Suit:** Prisoner - Other (550)
**Cause:** Civil Rights Act
**Lead Docket:** None
**Other Docket:** None
**Jurisdiction:** Federal Question

**Class Code:** Open
**Statute:** 42:1983
**Jury Demand:** Defendant
**Demand Amount:** $0
**NOS Description:** Prisoner - Other

## Participants

| Litigants | Attorneys |
|---|---|
| Myles Carter<br>**Plaintiff** | Edward Sivin<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Sivin, Miller & Roche, LLP<br>20 Vesey Street Suite 1400<br>New York, NY  10007<br>USA<br>212-349-0300 Fax: 212-406-9462<br>Email:Esivin@sivinandmiller.Com<br><br>Clyde M. Rastetter<br><br>[Terminated: 07/27/2023]<br>Kopke Christiana & Rastetter LLP<br>199 Cook Street, Suite 308<br>Brooklyn, NY  11206<br>USA<br>917-451-9525 Fax: 347-315-9815 Email:Clyde@kcrllp.Com<br><br>David Thomas Roche<br>ATTORNEY TO BE NOTICED<br>Sivin, Miller & Roche, LLP<br>20 Vesey Street Ste 1400<br>New York, NY  10007<br>USA<br>212-349-0300 Fax: 212-406-9462<br>Email:Droche@sivinandmiller.Com<br><br>Glenn David Miller<br>ATTORNEY TO BE NOTICED |

Casey Chalbeck

1:21cv954, Carter V. The City Of Buffalo Et Al

| Litigants | Attorneys |
|---|---|
| | Sivin & Miller, LLP<br>20 Vesey Street Suite 1400<br>New York, NY  10007<br>USA<br>212-349-0300 Fax: 212-406-9462<br>Email:Gmiller@sivinandmiller.Com |
| The City of Buffalo<br>**Defendant** | Anthony Columba Duddy<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>City of Buffalo Law Department<br>1100 City Hall 65 Niagara Street, Room 1134 14202, Ste 1134<br>Buffalo, NY  14202<br>USA<br>716-851-4203 Email:Aduddy@buffalony.Gov |
| | David M. Lee<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Corporation Counsel<br>The City Of Buffalo 1100 City Hall 65 Niagara Square<br>Buffalo, NY  14202<br>USA<br>716-851-9691 Fax: 716-851-4105 Email:Dlee@city-Buffalo.Com |
| | Robert Emmet Quinn<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Buffalo Public Schools<br>65 Niagara Square Ste 713 City Hall<br>Buffalo, NY  14202<br>USA<br>716-816-3102 Email:Rquinn@city-Buffalo.Com |
| Buffalo Police Offic  Charlan D. Mitchell<br>**Defendant** | David M. Lee<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Corporation Counsel<br>The City Of Buffalo 1100 City Hall 65 Niagara Square<br>Buffalo, NY  14202<br>USA<br>716-851-9691 Fax: 716-851-4105 Email:Dlee@city-Buffalo.Com |
| | Robert Emmet Quinn<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Buffalo Public Schools<br>65 Niagara Square Ste 713 City Hall<br>Buffalo, NY  14202<br>USA<br>716-816-3102 Email:Rquinn@city-Buffalo.Com |
| John Doe #1-6<br>Buffalo Police Officers |<br>**Defendant** | David M. Lee<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Corporation Counsel<br>The City Of Buffalo 1100 City Hall 65 Niagara Square<br>Buffalo, NY  14202<br>USA<br>716-851-9691 Fax: 716-851-4105 Email:Dlee@city-Buffalo.Com |
| | Robert Emmet Quinn<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Buffalo Public Schools |

1:21cv954, Carter V. The City Of Buffalo Et Al

## Litigants

## Attorneys

|  | 65 Niagara Square Ste 713 City Hall |
|---|---|
|  | Buffalo, NY  14202 |
|  | USA |
|  | 716-816-3102 Email:Rquinn@city-Buffalo.Com |
| NY State Police Sgt. **_Joseph H. Krywalski_**<br>**Defendant** | Michael J. Murphy<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Barclay Damon, LLP<br>80 State Street<br>Albany, NY  12207<br>USA<br>518-429-4209 Fax: 518-427-3474<br>Email:Mjmurphy@barclaydamon.Com |
| NY State Police Tpr.  Michael D. O'Bryan<br>**Defendant** | Michael J. Murphy<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Barclay Damon, LLP<br>80 State Street<br>Albany, NY  12207<br>USA<br>518-429-4209 Fax: 518-427-3474<br>Email:Mjmurphy@barclaydamon.Com |
| NY State Police Tpr.  Daniel A. Burgess<br>**Defendant** | Michael J. Murphy<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Barclay Damon, LLP<br>80 State Street<br>Albany, NY  12207<br>USA<br>518-429-4209 Fax: 518-427-3474<br>Email:Mjmurphy@barclaydamon.Com |
| NY State Police Lt.  Daniel J. Hollands<br>**Defendant** |  |
| Nicole Santiago<br>Buffalo Police Lieutenant \|<br>**Consol Defendant** | Robert Emmet Quinn<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Buffalo Public Schools<br>Office Of Labor Relations 65 Niagara Square Ste 713 City Hall<br>Buffalo, NY  14202<br>USA<br>716-816-3102 Email:Rquinn@city-Buffalo.Com |
| Richard Arcangel<br>N.Y. State Trooper \|<br>**Consol Defendant** | Michael J. Murphy<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Barclay Damon, LLP<br>80 State Street<br>Albany, NY  12207<br>USA<br>518-429-4209 Fax: 518-427-3474<br>Email:Mjmurphy@barclaydamon.Com |
| Adam Hyde<br>N.Y. State Trooper \|<br>**Counter Defendant** | Michael J. Murphy<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Barclay Damon, LLP<br>80 State Street<br>Albany, NY  12207<br>USA<br>518-429-4209 Fax: 518-427-3474<br>Email:Mjmurphy@barclaydamon.Com |

## Proceedings

1:21cv954, Carter V. The City Of Buffalo Et Al

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 1 | 08/23/2021 | COMPLAINT against Daniel A. Burgess, John Doe, Joseph H. Krywalski, Charlan D. Mitchell, Michael D. O'Bryan, The City of Buffalo $ 402 receipt number 0209-4339877, filed by Myles Carter. (Attachments: # 1 Civil Cover Sheet, # 2 Summons to The City of Buffalo, # 3 Summons to Mitchell, # 4 Summons to John Doe ##1-6, # 5 Summons to Krywalski, # 6 Summons to O'Bryan, # 7 Summons to Burgess)(Sivin, Edward) (Entered: 08/23/2021) | |
| | 08/24/2021 | Case Assigned to Hon. William M. Skretny. Notification to Chambers of on-line civil case opening. (TMK) (Entered: 08/24/2021) | |
| | 08/24/2021 | AUTOMATIC REFERRAL to Mediation The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution.(TMK) (Entered: 08/24/2021) | |
| | 08/24/2021 | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. (TMK) (Entered: 08/24/2021) | |
| 2 | 08/24/2021 | Summons Issued as to Daniel A. Burgess, Joseph H. Krywalski, Charlan D. Mitchell, Michael D. O'Bryan, The City of Buffalo. (TMK) (Entered: 08/24/2021) | |
| 3 | 09/10/2021 | AFFIDAVIT of Service for Summons & Complaint served on Daniel A. Burgess on September 2, 2021, filed by Myles Carter. (Sivin, Edward) (Entered: 09/10/2021) | |
| 4 | 09/10/2021 | AFFIDAVIT of Service for Summons & Complaint served on City of Buffalo on September 2, 2021, filed by Myles Carter. (Sivin, Edward) (Entered: 09/10/2021) | |
| 5 | 09/10/2021 | AFFIDAVIT of Service for Summons & Complaint served on Joseph H. Krywalski on September 2, 2021, filed by Myles Carter. (Sivin, Edward) (Entered: 09/10/2021) | |
| 6 | 09/10/2021 | AFFIDAVIT of Service for Summons & Complaint served on Michael D. O'Bryan on September 2, 2021, filed by Myles Carter. (Sivin, Edward) (Entered: 09/10/2021) | |
| 7 | 09/20/2021 | ANSWER to 1 Complaint, by John Doe #1-6, Charlan D. Mitchell, The City of Buffalo. (Attachments: # 1 Certificate of Service)(Quinn, Robert) (Entered: 09/20/2021) | |
| | 09/21/2021 | ADR Plan electronically forwarded to attorneys. The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution.(CGJ) (Entered: 09/21/2021) | |
| 8 | 09/21/2021 | TEXT REFERRAL ORDER. Hon. Leslie G. Foschio, United States Magistrate Judge, is hereby designated to act in this case as follows: Pursuant to 28 U.S.C. 636(b)(1)(A), all pre-trial matters in this case are referred to the above-named United States Magistrate Judge, including but not limited to: (1) conduct of a scheduling conference and entry of a scheduling order pursuant to Fed. R. Civ. P. 16, (2) hearing and disposition of all non-dispositive motions or applications, (3) supervision of discovery, and (4) supervision of all procedural matters involving the aforementioned or involving the preparation of the case or any matter therein for consideration by the District Judge. The Magistrate Judge shall not hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. 636(b)(1)(B) and (C), unless further ordered by this Court. All motions or applications shall be filed with the Clerk and made returnable before the Magistrate Judge. The parties are encouraged to consider the provisions of 28 U.S.C. 636(c) | |

1:21cv954, Carter V. The City Of Buffalo Et Al

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | governing consent to either partial or complete disposition of the case, including trial if necessary, by the Magistrate Judge. Consent forms are available from the office of the Magistrate Judge or the office of the Clerk of Court. SO ORDERED. Issued by William M. Skretny, United States District Judge on 9/21/2021. (JCM) (Entered: 09/21/2021) | |
| 9 | 10/10/2021 | STIPULATION that the deadline for defendants Michael O'Bryan, Daniel Burgess, and Joseph Krywalski to answer or otherwise move in this action be October 29, 2021 by Myles Carter. (Sivin, Edward) (Entered: 10/10/2021) | |
| 10 | 10/12/2021 | TEXT ORDER approving Stipulation filed 10/10/2021 9 . Answer due date updated as to Daniel A. Burgess answer due 10/29/2021; Joseph H. Krywalski answer due 10/29/2021; Michael D. O'Bryan answer due 10/29/2021 Issued by Hon. Leslie G. Foschio on 10/12/2021. (SDW) (Entered: 10/12/2021) | |
| 11 | 10/29/2021 | ORDER. Scheduling TeleConference set for 12/21/2021 02:30 PM before Hon. Leslie G. Foschio. Signed by Hon. Leslie G. Foschio on 10/29/2021. (SDW)(Copies of Order and teleconference instructions mailed to Pro Se Defendants Krywalski, O'Bryan, and Burgess at NY State Police, 8555 Boston State Road, Boston, New York, 14025) (Entered: 10/29/2021) | |
| 12 | 12/17/2021 | NOTICE of Appearance by Michael J. Murphy on behalf of Daniel A. Burgess, Joseph H. Krywalski, Michael D. O'Bryan (Murphy, Michael) (Entered: 12/17/2021) | |
| 13 | 12/21/2021 | Letter filed by Michael D. O'Bryan, Daniel A. Burgess, Joseph H. Krywalski as to Michael D. O'Bryan, John Doe #1-6, Charlan D. Mitchell, Daniel A. Burgess, The City of Buffalo, Joseph H. Krywalski . (Murphy, Michael) (Entered: 12/21/2021) | |
| 14 | 12/21/2021 | TEXT ORDER granting letter request for adjournment of Scheduling Conference (Dkt. 13). Scheduling Teleconference set for 2/1/2022 03:00 PM before Hon. Leslie G. Foschio, adjourned from 12/21/2021. Issued by Hon. Leslie G. Foschio on 12/21/2021. (SDW) (Entered: 12/21/2021) | |
| 15 | 01/10/2022 | ANSWER to Complaint  by Daniel A. Burgess, Joseph H. Krywalski, Michael D. O'Bryan.(Murphy, Michael) (Entered: 01/10/2022) | |
| 16 | 01/28/2022 | Proposed Pretrial Order  by Daniel A. Burgess, Joseph H. Krywalski, Michael D. O'Bryan. (Attachments: # 1 Text of Proposed Order)(Murphy, Michael) (Entered: 01/28/2022) | |
| 17 | 02/01/2022 | Minute Entry for proceedings held before Hon. Leslie G. Foschio: Scheduling Conference held on 2/1/2022. Case management order discussed, same to be filed by the court. Appearances: Pltf-Edward Sivin, Esq. / Dft City-Robert Quinn, Esq. / Dft NYS Troopers- Michael Murphy, Esq. (Court Reporter AT&T Teleconference Service.) (SDW) (Entered: 02/01/2022) | |
| 18 | 02/01/2022 | SCHEDULING ORDER (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) Mandatory Disclosures due by 2/21/2022. Stipulation of Selection of Mediator due by 3/1/2022. Motions to Join Parties/Amend Pleadings due by 3/31/2022. First Mediation Session due by 4/26/2022. Motions to Compel Discovery due by 11/30/2022. Discovery completed by 12/30/2022. Plaintiff Expert Witness ID due by 1/31/2023. Defendant Expert Witness ID due by 2/28/2023. Dispositive Motions due by 4/28/2023. Mediation To End by 5/31/2023. Final Pretrial Conference set for 6/6/2023 02:30 PM before Hon. Leslie G. Foschio.. Signed by Hon. Leslie G. Foschio on 2/1/2022. (SDW) (Entered: 02/01/2022) | |

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| 19 | 02/28/2022 | NOTICE of Appearance by David M. Lee on behalf of John Doe #1-6, Charlan D. Mitchell, The City of Buffalo (Lee, David) (Entered: 02/28/2022) | |
| 20 | 03/01/2022 | Stipulation-Selection of Mediator by John Doe #1-6, Charlan D. Mitchell, The City of Buffalo(Lee, David) (Entered: 03/01/2022) | |
| 21 | 04/18/2022 | Letter filed by Myles Carter as to Michael D. O'Bryan, Charlan D. Mitchell, Daniel A. Burgess, The City of Buffalo, John Doe #1-6, Joseph H. Krywalski . (Sivin, Edward) (Entered: 04/18/2022) | |
| 22 | 04/18/2022 | TEXT ORDER granting parties' request 21 for an extension of time for initial mediation session. First Mediation Session due by 7/25/2022. Issued by Hon. Leslie G. Foschio on 4/18/2022. (SDW) (Entered: 04/18/2022) | |
| 23 | 05/07/2022 | STIPULATION to Amended Complaint by Myles Carter. (Sivin, Edward) (Entered: 05/07/2022) | |
| 24 | 05/07/2022 | AMENDED COMPLAINT  against Daniel A. Burgess, John Doe #1-6, Joseph H. Krywalski, Charlan D. Mitchell, Michael D. O'Bryan, The City of Buffalo, Daniel J. Hollands, filed by Myles Carter. (Attachments: # 1 Summons to Hollands)(Sivin, Edward) (Entered: 05/07/2022) | |
| 25 | 05/09/2022 | Summons Issued as to Daniel J. Hollands. (JLV) (Entered: 05/09/2022) | |
| 26 | 06/09/2022 | AFFIDAVIT of Service for Summons & Amended Complaint served on NYS Police Lt. Daniel J. Hollands on June 1, 2022, filed by Myles Carter. (Sivin, Edward) (Entered: 06/09/2022) | |
| 27 | 06/10/2022 | ANSWER to 24 Amended Complaint,  by John Doe #1-6, Charlan D. Mitchell, The City of Buffalo.(Lee, David) (Entered: 06/10/2022) | |
| 28 | 08/03/2022 | AMENDED ANSWER to Amended Complaint with Jury Demand by Daniel A. Burgess, Daniel J. Hollands, Joseph H. Krywalski, Michael D. O'Bryan. (Murphy, Michael) (Entered: 08/03/2022) | |
| 29 | 08/03/2022 | NOTICE to Take Deposition of Plaintiff, Myles Carter by Daniel A. Burgess, Daniel J. Hollands, Joseph H. Krywalski, Michael D. O'Bryan.(Murphy, Michael) (Entered: 08/03/2022) | |
| 30 | 09/02/2022 | NOTICE of Appearance by Clyde M. Rastetter on behalf of Myles Carter (Rastetter, Clyde) (Entered: 09/02/2022) | |
| 31 | 09/02/2022 | NOTICE of Appearance by Glenn David Miller on behalf of Myles Carter (Miller, Glenn) (Entered: 09/02/2022) | |
| 32 | 09/06/2022 | NOTICE of Appearance by David Thomas Roche on behalf of Myles Carter (Roche, David) (Entered: 09/06/2022) | |
| 33 | 12/14/2022 | Letter filed by Daniel J. Hollands, Michael D. O'Bryan, Charlan D. Mitchell, Daniel A. Burgess, Joseph H. Krywalski as to Daniel J. Hollands, Michael D. O'Bryan, Charlan D. Mitchell, Daniel A. Burgess, The City of Buffalo, John Doe #1-6, Joseph H. Krywalski . (Attachments: # 1 Exhibit Stipulation of Confidentiality and Protective Order)(Murphy, Michael) (Entered: 12/14/2022) | |
| 34 | 12/15/2022 | STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER. Signed by Hon. Leslie G. Foschio on 12/15/2022. (SDW) (Entered: 12/15/2022) | |
| 35 | 01/13/2023 | First MOTION to Amend/Correct 18 Scheduling Order,,,  by Myles Carter.(Roche, David) (Entered: 01/13/2023) | |
| 36 | 01/17/2023 | TEXT ORDER granting 35 Motion to Amend or Correct. Amended Scheduling Order to be filed separately. Issued by Hon. Leslie G. Foschio on 1/17/2023. (SDW) (Entered: 01/17/2023) | |
| 37 | 01/17/2023 | AMENDED SCHEDULING ORDER (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) Motions to Compel Discovery due by 1/31/2023. Discovery completed by 2/28/2023. Plaintiff Expert | |

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | Witness ID due by 3/31/2023. Defendant Expert Witness ID due by 4/30/2023. Dispositive Motions due by 6/27/2023. Mediation ends 7/31/2023. Final Pretrial Conference set for 8/8/2023 03:00 PM in via telephone conference before Hon. Leslie G. Foschio.. Signed by Hon. Leslie G. Foschio on 1/17/2023. (SDW) (Entered: 01/17/2023) | |
| 38 | 02/21/2023 | Second MOTION to Amend/Correct Scheduling Order by Myles Carter.(Roche, David) (Entered: 02/21/2023) | |
| 39 | 02/21/2023 | TEXT ORDER granting 38 Motion to Amend or Correct. Second Amended Scheduling Order to be filed separately. Issued by Hon. Leslie G. Foschio on 2/21/2023. (SDW) (Entered: 02/21/2023) | |
| 40 | 02/21/2023 | SECOND AMENDED SCHEDULING ORDER (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) Discovery completed by 3/31/2023. Plaintiff Expert Witness ID due by 3/31/2023. Defendant Expert Witness ID due by 4/30/2023. Dispositive Motions due by 6/27/2023. Mediation ends 7/31/2023. Final Pretrial Conference set for 8/8/2023 03:00 PM in via video conference before Hon. Leslie G. Foschio.. Signed by Hon. Leslie G. Foschio on 2/21/2023. (SDW) (Entered: 02/21/2023) | |
| 41 | 03/29/2023 | Third MOTION to Amend/Correct to extend fact discovery deadline by Myles Carter.(Roche, David) (Entered: 03/29/2023) | |
| 42 | 03/31/2023 | TEXT ORDER granting 41 Motion to Amend or Correct. Third Amended Scheduling Order to be filed separately. Issued by Hon. Leslie G. Foschio on 3/31/2023. (SDW) (Entered: 03/31/2023) | |
| 43 | 03/31/2023 | THIRD AMENDED SCHEDULING ORDER (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) Discovery completed by 4/30/2023. Plaintiff Expert Witness ID due by 3/31/2023. Defendant Expert Witness ID due by 4/30/2023. Dispositive Motions due by 6/27/2023. Mediation ends 7/31/2023. Final Pretrial Conference set for 8/8/2023 03:00 PM in via telephone conference before Hon. Leslie G. Foschio.. Signed by Hon. Leslie G. Foschio on 3/31/2023. (SDW) (Entered: 03/31/2023) | |
| 44 | 04/04/2023 | NOTICE of Appearance by Anthony Columba Duddy on behalf of The City of Buffalo (Duddy, Anthony) (Entered: 04/04/2023) | |
| 45 | 04/25/2023 | First MOTION Conference to discuss depositions by Myles Carter.(Roche, David) (Entered: 04/25/2023) | |
| 46 | 04/27/2023 | TEXT ORDER. Treating Plaintiff's motion as an unopposed motion to amend the scheduling order, based on the difficulties scheduling depositions, the motion is granted. A Fourth Amended Scheduling Order will be filed separately. Issued by Hon. Leslie G. Foschio on 4/27/2023. (SDW) (Entered: 04/27/2023) | |
| 47 | 04/27/2023 | FOURTH AMENDED SCHEDULING ORDER (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) Plaintiff Expert Witness ID due by 6/29/2023. Discovery completed by 7/31/2023. Defendant Expert Witness ID due by 7/31/2023. Dispositive Motions due by 9/19/2023. Mediation ends 10/30/2023. Status report due 10/31/2023. Signed by Hon. Leslie G. Foschio on 4/27/2023. (SDW) (Entered: 04/27/2023) | |
| 48 | 07/27/2023 | NOTICE of Withdrawal of Attorney: Clyde Rastetter no longer | |

1:21cv954, Carter V. The City Of Buffalo Et Al

| # | Date | Proceeding Text | Source |
|---|------|----------------|--------|
| | | appearing for Plaintiff Myles Carter. CLERK TO FOLLOW UP. (Sivin, Edward) (Entered: 07/27/2023) | |
| 49 | 09/15/2023 | STIPULATION to Consolidate with 23-cv-467 by Myles Carter. (Roche, David) (Entered: 09/15/2023) | |
| 50 | 09/15/2023 | Fourth MOTION to Amend/Correct scheduling order by Myles Carter.(Roche, David) (Entered: 09/15/2023) | |
| 51 | 09/18/2023 | TEXT ORDER -- IT HEREBY IS ORDERED, that counsel for the parties must file a memorandum of law in support of their 49 stipulation by September 29, 2023, so that this Court can independently assess whether consolidation is appropriate under Rule 42 (a)(2) of the Federal Rules of Civil Procedure. SO ORDERED. Issued by William M. Skretny, United States District Judge on 9/18/2023. (JCM) (Entered: 09/18/2023) | |
| 52 | 09/29/2023 | MEMORANDUM IN SUPPORT re 51 Text Order, 49 Stipulation for Consolidation of Cases byMyles Carter. (Attachments: # 1 Exhibit 1: Excerpts of EBT Transcript of Defendant OBryan, # 2 Exhibit 2: Excerpts of EBT Transcript of Defendant Mitchell)(Sivin, Edward) (Entered: 09/29/2023) | |
| 53 | 10/12/2023 | CONSOLIDATION ORDER -- Signed by William M. Skretny, United States District Judge on 10/12/2023. (JCM)Clerk to Follow up (Entered: 10/12/2023) | |
| 54 | 10/20/2023 | TEXT ORDER granting 50 Motion to Amend or Correct. Fifth Amended Scheduling Order to be filed separately. Issued by Hon. Leslie G. Foschio on 10/20/2023. (SDW) (Entered: 10/20/2023) | |
| 55 | 10/20/2023 | FIFTH AMENDED SCHEDULING ORDER (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) Dispositive Motions due by 1/18/2024. Mediation ends 2/20/2024. Status report due 1/31/2024. Signed by Hon. Leslie G. Foschio on 10/20/2023. (SDW) (Entered: 10/20/2023) | |
| 56 | 01/31/2024 | STATUS REPORT by Myles Carter. (Roche, David) (Entered: 01/31/2024) | |
| 57 | 02/07/2024 | ORDER that the case is referred for alternative dispute resolution. Signed by Hon. William M. Skretny on 2/7/2024. (JLV) (Entered: 02/07/2024) | |
| 58 | 04/25/2024 | TEXT ORDER On February 7, 2024, this Court issued an 57 Order directing the parties to participate in alternative dispute resolution and to explore consent to proceeding before a magistrate judge pursuant to 28 U.S.C. 636 (c). This Court further directed the parties to file a joint written notice concerning the status of mediation and consent by April 22, 2024. To date, there is no indication on the docket that the parties have engaged in mediation nor did the parties file a joint written notice as ordered. IT HEREBY IS ORDERED, that the parties must file a joint written notice concerning the status of mediation and consent by May 2, 2024.SO ORDERED.Issued by William M. Skretny, United States District Judge on 4/25/2024. (JCM) (Entered: 04/25/2024) | |
| 59 | 05/02/2024 | Stipulation-Selection of Mediator by The City of Buffalo(Duddy, Anthony) (Entered: 05/02/2024) | |
| 60 | 05/07/2024 | TEXT ORDER This Court has 57 58 twice ordered the parties to file a joint written notice addressing the status of their mediation efforts and whether there is mutual consent to proceeding before a magistrate judge pursuant to 28 U.S.C. 636 (c). The parties have twice failed to comply with these orders. Instead, the parties have now filed a 59 Stipulation-Selection of Mediator, which indicates that a mediator has been selected and an initial mediation session has been scheduled for May 29, 2024, but does | |

1:21cv954, Carter V. The City Of Buffalo Et Al

| # | Date | Proceeding Text | Source |
|---|------|-----------------|--------|
| | | not address consent. IT HEREBY IS ORDERED, that the parties must file a joint written notice concerning the status of mediation and consent by June 12, 2024. FURTHER, that failure to comply with this Order could lead to further proceedings.  SO ORDERED.Issued by William M. Skretny, United States District Judge on 5/7/2024. (JCM) (Entered: 05/07/2024) | |
| 61 | 05/29/2024 | Mediation Certification by Michael Menard. The case has not settled mediation will continue on 6/28/2024.(Menard, Michael) (Entered: 05/29/2024) | |
| 62 | 06/11/2024 | Letter filed by Daniel J. Hollands, Michael D. O'Bryan, Daniel A. Burgess, Joseph H. Krywalski . (Murphy, Michael) (Entered: 06/11/2024) | |
| 63 | 06/13/2024 | TEXT ORDER -- IT HEREBY IS ORDERED, that having reviewed the parties' 62 joint status report, the parties will be afforded additional time to engage in mediation. The parties must file a further joint status report by August 12, 2024. SO ORDERED. Issued by William M. Skretny, United States District Judge on 6/13/2024. (JCM) (Entered: 06/13/2024) | |
| 64 | 06/14/2024 | Letter filed by Myles Carter requesting extension of discovery. (Roche, David) (Entered: 06/14/2024) | |
| 65 | 06/14/2024 | TEXT ORDER re 64 Letter filed by Plaintiff Myles Carter. The parties' joint request to reopen discovery for a period of ninety (90) days is GRANTED. Discovery is to conclude by Friday, September 13, 2024. SO ORDERED. Entered by Hon. Leslie G. Foschio on 06/14/2024. (TAH) (Entered: 06/14/2024) | |
| 66 | 06/27/2024 | Mediation Certification by Michael Menard. Mediation session has been adjourned to 9/27/2024.(Menard, Michael) (Entered: 06/27/2024) | |
| 67 | 08/19/2024 | TEXT ORDER On June 13, 2024, this Court 63 ordered the parties to file a joint status report concerning mediation by August 12, 2024. Thereafter, the magistrate judge 65 reopened discovery for a 90-day period at the parties' request, and the mediator 66 adjourned the parties' planned mediation session to September 27, 2024. The parties failed to file their joint status report by August 12, 2024, as ordered. This is the third time that the parties have inexplicably failed to comply with such an order. Nonetheless, in light of the developments noted above, this Court will extend the deadline for the parties to file a joint status report to October 4, 2024. Should the parties again fail to timely file a written status report, this Court will schedule a status conference at which all counsel will be required to appear in person to report on the status of this case.  IT HEREBY IS ORDERED, that the parties must file a joint status report by October 4, 2024. SO ORDERED.Issued by William M. Skretny, United States District Judge on 8/19/2024. (JCM) (Entered: 08/19/2024) | Events since last full update |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**