UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

JOSEPH BONGIOVANNI,

PETER GERACE, JR.,

Defendants.

_____

UNITED STATES OF AMERICA,

v.

PETER GERACE, JR.,

_____

**MEMORANDUM IN RESPONSE**

Case No.: 19-CR-227

Case No.: 23-CR-37

Peter Gerace Jr., by and through counsel (Mark A. Foti, Esq. and Eric M. Soehnlein, Esq.) provides the following memorandum in response to the government's motion for a protective order regarding juror information (Dkt.# 1263).

   I.   **The Defense Defers to the Court**

The government has moved for a protective order regarding juror information based on the content of the protective order in *United States v. Wilson*, 19-cr-155.  The defense does not believe any order other than restrictions that were in place in the recent Bongiovanni trials are warranted.  However, as is set forth in the defense's email

1

to the government, the defense would not object to the content of the *Wilson* protective order in this case.

To be clear, the defense will abide by whatever terms and conditions the Court deems to be appropriate in this regard. However, the defense does have concerns about the content of the government's proposed changes.

The government has proposed four changes to the *Wilson* order. In the defense's view, the proposed changes merely reiterate rules that are well-settled by the Western District Jury Plan. They do not improve upon the language of the plan or the *Wilson* order in any way as it relates to jury selection or the safeguarding of juror information. But, by placing the proposed changes in the protective order, the language will provide the government with inappropriate leverage over defendant, defense counsel and the defense team to threaten motions for sanctions or contempt against defense counsel in the event the government feels the order has been violated. In a case where the government has made repeated, serious and meritless allegations against the defense team, the additional leverage that will be wielded by the government is inappropriate and threatens the integrity of the jury selection process.

For instance, in its first proposed change, the government proposes that defense counsel "return all electronic and paper copies of the jury list and completed questionnaires to the Court." Dkt. # 1263 at p.2. Putting aside the difficulty of defense

counsel "returning" electronic material to the Court (as opposed to certifying its destruction), the principle is already enshrined in the WDNY Jury Plan, which provides: "Following jury selection, the attorneys (or party) provided the jury list must return to the clerk the jury list and any copies made from the jury list provided to them and/or destroy them." WDNY Jury Plan at p. 9.  The government's proposed change in this regard does not add anything to the process of selecting a jury or provide additional safeguards to jury information; it does, however, provide the government with an additional means to threaten the defendant and defense counsel in the event the government believes there has been a violation of the order.

      That is also the case with respect to the government's fourth suggestion, which seeks an order that no member of the defense team or party be "permitted to conduct an extra-judicial interview of either a prospective juror or a prospective juror's family member, friend, or colleague." Id. at p. 4.  As the government concedes in its email to counsel, the conduct at issue is already prohibited under case law.  Id. at p. 14.  Once again, the government's proposed change would merely provide the government with an additional basis to seek sanctions against the defense team/the defendant in the event the government perceived a violation of the Court order.  In this case and in this context, that gives the government inappropriate leverage over the jury selection process.

## II.     Conclusion

The defense understands the importance of safeguarding juror information, and it ultimately defers to the Court on these issues. The defense will abide by any Order of the Court. However, in light of the government's repeated attacks on defense counsel in this case, the defense feels the proposed amendments made by the government go too far without accomplishing legitimate goals in any way that is not already accomplished through the WDNY Jury Plan and relevant case law.

**DATED:**     October 15, 2024

<div style="display: flex;">

s/ Mark A. Foti, Esq.

Mark A. Foti, Esq.
**The Foti Law Firm, P.C.**
16 W Main Street, Suite 100
Rochester, NY 14614
(585) 461-1999
(585) 491-6512

s/ Eric M. Soehnlein, Esq.

Eric M. Soehnlein, Esq.
**Soehnlein Law, PLLC**
2100 Main Place Tower
350 Main Street
Buffalo, NY 14202
(716) 771-9092

</div>