UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

                Plaintiff,

    v.                                              Case No. 19-CR-227-1-LJV

JOSEPH BONGIOVANNI,

                Defendant.
―――――――――――――――――――――――――――――

**DEFENDANT JOSEPH BONGIOVANNI'S MEMORANDUM OF LAW TO MOTION TO SEAL AND REDACT PARTS OF THE DEFENSE SENTENCING MEMORANDUM AND TO KEEP SEALED/REACTED AND UNSEAL/UNREDACT PARTS OF THE GOVERNMENT SENTENCING MEMORANDUM**

                                          **THE LAW OFFICE OF PARKER R. MACKAY**
                                          Parker R. MacKay, Esq.
                                          3110 Delaware Avenue
                                          Kenmore, NY 14217
                                          Ph: (716) 803-8166
                                          Fx: (716) 408-1651
                                          Em: Parker@MacKayLawOffice.com



Robert C. Singer, Esq.
80 East Spring Street
Williamsville, New York 14221
(716) 222-3288
rob@singerlegalpllc.com

*Attorneys for Joseph Bongiovanni*

**Preliminary Statement**

During sentencing in this matter, the government filed a redacted sentencing memorandum and certain exhibits under seal. The government made these filings in accordance with previous protective orders filed in this case. Today, the defense filed its sentencing memorandum and requested that Defense Exhibit D to the memorandum, arguments related to Defense Exhibit D, and Mr. Bongiovanni's protected health information be filed under seal and redacted. Recently, the Court inquired with the parties whether parts of the government's memorandum should be redacted in full or remain in place to some degree. The Court requested briefing from the parties regarding their respective positions. As set forth below, it is the position of the defense that certain matters should be public (because they already are public), but two matters should remain sealed.

**Argument**

A. Legal Standard.

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). "Applications to seal documents must therefore be 'carefully and skeptically review[ed] . . . to [e]nsure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 607 (S.D.N.Y. 2022) (quoting *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).

In deciding whether to seal or unseal filed materials, a court properly conducts a three-step inquiry:

> First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches. Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document. Third, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document and balance those factors against the weight properly accorded the presumption of access.

*Giuffre v. Maxwell*, 146 F.4th 165, 175 (2d Cir. 2025) (qouting *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69-70 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 1011, 218 L. Ed. 2d 175 (2024) (internal quotation marks and citations omitted)); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (discussing same three-step analysis).

"While most material filed on a federal court's docket in the ordinary course of litigation will consist of judicial documents giving rise to a presumption of public access, the conclusion does not necessarily apply to every paper or document filed with a court." *Giuffre v. Maxwell*, 146 F.4th 165, 176 (2d Cir. 2025). "To qualify as a 'judicial document' the materials at issue must be 'relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). "All that matters in identifying motion materials as judicial documents 'relevant to the performance of the judicial function' is that they 'would reasonably have the *tendency* to influence a district court's ruling on a motion.'" *Id.* at 178 (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original)).

"'Finding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access.'" *Samsung Elecs.*, 748 F. Supp. 3d at 259 (quoting *Fairstein*, 2023 U.S. Dist. LEXIS 168556, 2023 WL 6164293, at *1). "However, the right of public access is not absolute, and courts must balance competing considerations against the presumption of access." *Id.* (internal quotations and citations omitted). A "party moving to place documents under seal 'bears the burden of showing that higher values overcome the presumption of public access.'" *Kewazinga*

Page **2** of **6**

*Corp. v. Google LLC*, No. 20 Civ. 1106 (LGS), 2024 U.S. Dist. LEXIS 126167, 2024 WL 3442428, at *1 (S.D.N.Y. July 17, 2024) (quoting *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).

### B. The Court should seal and permit redactions when Mr. Bongiovanni's protected health information is discussed.

Mr. Bongiovanni concedes that his sentencing memorandum is a "judicial document." And while medical records and medical information conveyed in court filings are "judicial documents" and there is a presumption in favor of public access, courts in this Circuit regularly seal medical records at the third step of the three-part test by reason of the parties' countervailing privacy interests -- that is, the need to protect a person's privacy interest in his or her medical information outweighs the presumption of public access. *See Toolasprashad v. Toolasprashad*, 2021 U.S. Dist. LEXIS 205238, *6 (E.D.N.Y. Oct. 25, 2021) (collecting cases for the premise that "courts in this Circuit routinely seal medical records . . . to protect the plaintiffs privacy interest in those records"); *accord J.M. v. United Healthcare Ins.*, 2023 U.S. Dist. LEXIS 177253, at *4 (S.D.N.Y. Sept. 29, 2023) (granting motion to seal entire Administrative Record "which contains highly sensitive personal and medical information . . . ."); *Molina v. Brann*, 2022 U.S. Dist. LEXIS 226958, at *19 (S.D.N.Y. Dec. 16, 2022) (the sealing of Plaintiff's medical records "is necessary to protect Plaintiff's privacy interest in his medical information and that the sealing request is narrowly tailored to achieve that result").

Here, certain medical information conveyed in the sentencing memorandum has already become public as part of the litigation in this case. This information includes Mr. Bongiovanni's skin cancer diagnosis and treatment as well as his PTSD diagnosis. As a result, it is not redacted from the document. However, there are other details about his medical history that is redacted from public view. Disclosure of these conditions will be embarrassing. In addition, such

information is routinely not disclosed pursuant to the authorities above because it is protected under federal law and in general legal practice. As a result, the Court should conclude that permitting redaction of medical information in the sentencing memorandum is consistent with these authorities and outweighs the public's interest in disclosure.

### C. The Court should seal documents and arguments of the government and the defense involving the circumstances behind Government Exhibits A, B, and C and Defense Exhibit D.

The government filed this information under seal and in redacted form in its sentencing memorandum based on previous protective orders issued by this Court. The defense did the same. Based on the arguments below, the Court should keep this material sealed and redacted.

Once again, a sentencing memorandum is a "judicial document," so the first part of the test is met here. However, several factors counsel against the disclosure of this material. First, the allegations are disputed. Second, some of the allegations the government presented lack a police report and were never documented when made. Third, the incidents are dated and evidence that can be used to corroborate the allegations was not preserved and no longer exists. Fourth, the allegations are significant and embarrassing to the parties involved. Fifth, both the government and the defense have made their respective positions clear on this matter. There is no agreement about what narrative is accurate and there will not be moving into sentencing. Thus, resolving this dispute fairly will require the Court to order a *Fatico* hearing. If that is the course the Court directs, then the defense will require an adjournment of sentencing to prepare for the *Fatico* hearing as well as an order authorizing additional funding for a defense investigator to secure evidence and witnesses for this hearing.

It is the expectation of the defense that this particular matter will not be a determining factor in the Court's determination of the sentence. As a result, the Court likely will resolve this dispute pursuant to Rule 32(i)(3)(B) which allows the Court to determine that resolution

of this dispute is unnecessary "either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." This will deprive the parties of the ability to defend their respective positions. Thus, placing these allegations in the public sphere without affording a mechanism to dispute them would be unjust.

The Court considered previously whether it wanted to inject this collateral dispute into the trial of this case. The Court (rightly) decided against doing so because the matter was of limited relevance, potentially unfairly prejudicial, and may necessitate a mini-trial within a greater trial which is confusing and a waste of time. The same holds true at sentencing. And as this dispute may not affect sentencing or even be considered, the public's right to access information associated with this dispute is outweighed by the other considerations of "higher value" enumerated above. Consequently, the Court should keep this information redacted and under seal.

### D. The allegations levied by Cory Higgins in Government Exhibit D should be unredacted as it already is public information.

Prior to filing its sentencing memorandum, the defense contacted the government to discuss the Court's query about redactions. We discussed the redactions made and documents filed under seal relating to Mr. Higgins' allegations. We discussed how this was a matter that was testified about at trial by Mr. Higgins and, as a result, already is in the public sphere. We agreed that redaction of this information is not necessary. Thus, Mr. Bongiovanni has no objection to this

information being unreacted and unsealed.  That is why the defense did not redact its argument on this issue in its sentencing memorandum.

Dated:  January 12, 2026
        Williamsville, New York

| **THE LAW OFFICE OF PARKER R. MACKAY** | **SINGER LEGAL PLLC** |
|---|---|
| *Attorneys for Joseph Bongiovanni* | *Attorneys for Joseph Bongiovanni* |
| By:  s/Parker R. MacKay | By:  s/Robert C. Singer |
| Parker R. MacKay, Esq. | Robert C. Singer, Esq. |
| 3110 Delaware Avenue | 80 East Spring Street |
| Kenmore, NY 14217 | Williamsville, New York 14221 |
| Ph: (716) 803-8166 | (716) 222-3288 |
| Fx: (716) 408-1651 | rob@singerlegalpllc.com |
| Em: Parker@MacKayLawOffice.com | |